IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY, INC., UNIT PARTS COMPANY, and WORLDWIDE AUTOMOTIVE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-785-*** |
| CIF LICENSING, LLC, D/B/A GE LICENSING, WELLS MANUFACTURING CORP., TADITEL US, INC., and WETHERILL ASSOCIATES, INC., | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF WETHERILL ASSOCIATES, INC.**

Defendant, Wetherill Associates, Inc. (hereinafter called "WAI"), responds to the consecutively numbered paragraphs of the complaint as follows:

1. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

2. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

3. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

4. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

5. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

6. WAI is without knowledge or information sufficient to form a belief as to the truth of this allegation which is therefore denied.

7. Admitted.

8. Admitted that subject matter jurisdiction exists for such claims, but denied that the claims are artfully pleaded sufficient to invoke the jurisdiction of the Court.

9. Denied.

10-17. No answer by WAI is required to these allegations which are expressly asserted against other defendants and not WAI.

18-21. No answer by WAI is required to these assertions which are expressly asserted against other defendants and not WAI.

22-25. No answer by WAI is required to these assertions which are expressly asserted against other defendants and not WAI.

26. Admitted that WAI provided, pursuant to one or more purchase orders, certain regulators. Without knowledge and therefore denied that these regulators are in fact among those regulators accused of infringement in the original Texas suit.

27. Denied.

28. Admitted that WAI was eventually notified of certain assertions of infringement. The remaining allegations of this paragraph are denied.

29. Denied.

**AFFIRMATIVE DEFENSES**

1. <u>Failure to State Legally Sufficient Claim</u>. Count IV, the only claim alleged against WAI, is so vague and ambiguous that it is legally insufficient. First, the Complaint does not identify the voltage regulators which are the subject of the claim for

indemnification, even though Remy acknowledges that the parties have had an extensive course of dealing between them.  Second, the Complaint only generically alleges the existence of "agreements" between the parties without specifying the specific agreements underlying the claim or their relevant dates or their terms sufficient to identify which "agreements" have given rise to the claim for indemnity.  Third, the Complaint makes only a generic assertion of the applicability of the Uniform Commercial Code without identifying the state (or states) whose Code provision is invoked.  Fourth, the Complaint refers to "accused products" without specifying the products that are accused of infringement, even as plaintiff acknowledges that the accused products only "contain parts supplied by WAI."  As a result, any infringement accusations made by GE could well relate to patent claims that do not encompass the structure of the WAI-manufactured products.  It is well settled that UCC § 2-312, unless modified in some unique way in a particular state, does not encompass liability for non-infringing components used in an infringing device. Finally, Count IV seeks indemnification for "any charge of infringement with respect to the accused products" (Paragraph 29) without bothering to separate between non-infringing components and infringing devices.  Under these circumstances, the Complaint is wholly deficient, even under notice pleading concepts, and should be dismissed under Rule 12(b)(6), Fed. R .Civ. P.

       2.    <u>Lack of Agreement for Indemnification</u>.  WAI specifically disputes any agreement or agreements between the parties for indemnification or, alternatively, alleges that the terms and conditions of any such agreements do not encompass the scope of the indemnification claimed in Count IV.

3. <u>Notice of Claim</u>.  WAI alleges, on information and belief, that a timely notification and opportunity to defend the Texas suit was not provided to WAI and that, as a result, it has been unfairly prejudiced.

4. <u>Scope of Indemnity</u>.  WAI alleges, on information and belief, that the voltage regulators supplied to UPC lacked certain limitations required by the '159 Patent and that, as a consequence, any liability to which UPC or Remy may be exposed arises from the use of the regulators in an unforeseeably infringing combination of devices.

5. <u>Lack of Venue</u>.  On information and belief, venue does not lie in the District of Delaware.

6. <u>Breach of Contract</u>.  WAI alleges, on information and belief, that UPC or Remy or both have breached one or more of the agreements on which indemnity is claimed and that, as a consequence, WAI has no obligation to provide indemnity or is entitled to a set-off or other relief for breach of contract.

WHEREFORE, Defendant, Wetherill Associates, Inc., hereby prays for dismissal of the action or the entry of judgment in its favor and against Plaintiffs; an award to WAI of its costs and expenses including attorneys' fees; and an award to WAI of such further relief as the Court deems just.

## **JURY TRIAL DEMANDED**

Defendant, Wetherill Associates, Inc., demands trial by jury on all issues so triable.

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ Thomas C. Grimm*

                          _____
                          Thomas C. Grimm (#1098)
                          1201 N. Market Street
                          P.O. Box 1347
                          Wilmington, DE  19899-1347
                          (302) 658-9200
                          *Attorneys for Defendant Wetherill Associates, Inc.*

OF COUNSEL:

Stephen D. Milbrath
Robert H. Thornburg
ALLEN, DYER, DOPPELT,
  MILBRATH & CHRIST, P.A.
255 South Orange Avenue, Suite 1401
P.O. Box 3791
Orlando, FL  32802
(407) 841-2330

February 20, 2007
745702

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Donald J. Detweiler
> GREENBERG TRAURIG, LLP
>
> Steven J. Balick
> ASHBY & GEDDES

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 20, 2007, upon the following individuals in the manner indicated:

**BY HAND**

> Donald J. Detweiler
> GREENBERG TRAURIG, LLP
> 1007 North Orange Street, Suite 1200
> Wilmington, DE  19801
>
> Steven J. Balick
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE  19801

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

745702