UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY, INC.,<br>UNIT PARTS COMPANY, and<br>WORLDWIDE AUTOMOTIVE, LLC,<br><br>    Plaintiffs,<br><br>              v.<br><br>CIF LICENSING, LLC, D/B/A GE LICENSING,<br>WELLS MANUFACTURING CORP.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-785-*** |
| WELLS MANUFACTURING CORP.,<br><br>    Counterclaimant,<br><br>              v.<br><br>REMY, INC.,<br><br>    Counterdefendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| WELLS MANUFACTURING CORP.,<br><br>    Third-Party Plaintiff,<br><br>             v.<br><br>STMICROELECTRONICS, INC.,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**WELLS MANUFACTURING CORP.'S ANSWER,
COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT**

1

Defendant Wells Manufacturing Corp. ("Wells") hereby answers the Complaint of Plaintiffs Remy, Inc. ("Remy"), Unit Parts Company ("UPC"), and Worldwide Automotive, LLC ("Worldwide") as follows:

## ANSWER

## PARTIES, JURISDICTION AND VENUE

1. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

2. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

3. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

4. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

5. ADMITTED.

6. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

7. Wells is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the same are therefore DENIED.

8. Wells admits that 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201(a), and 2202 apply to give this Court subject matter jurisdiction over the claims of this action. Wells is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the same are therefore DENIED.

9. Wells does not contest venue in this District. Wells is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the same are therefore DENIED.

### Count One: All Plaintiffs v. GE Licensing for Declaratory Judgment

Paragraphs 10-17 are not directed to Wells, and therefore, no response is required.

### Count Two: Remy v. Wells for Indemnity

18. DENIED.

19. DENIED.

20. DENIED.

21. This is not an allegation; therefore, no response is required.

### Count Three: Remy, UPC, and Worldwide v. Taditel for Indemnity

Paragraphs 22-25 are not directed to Wells, and therefore, no response is required.

### Count Four: UPC v. WAI for Indemnity

Paragraphs 26-29 are not directed to Wells, and therefore, no response is required.

### FIRST AFFIRMATIVE DEFENSE

1. Remy's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Remy comes to this Court with unclean hands and/or acted in bad faith and therefore is not entitled to legal or equitable relief.

### THIRD AFFIRMATIVE DEFENSE

3. Remy's claims are barred in whole or in part because it failed to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

4.  On information and belief, Remy knew of U.S. Patent No. 4,733,159 (hereinafter "the '159 Patent") and induced Wells to become part of the supply chain for the voltage regulator part.  Because Remy did not exercise reasonable care in communicating the existence of the '159 Patent or the existence of a claim against Remy by GE concerning the '159 Patent to Wells, Wells has suffered loss by justifiably relying on Remy's specifications and silence regarding any possible patent difficulties with the same.  Remy therefore has unclean hands and/or acted in bad faith and is not entitled to legal or equitable relief.

## FIFTH AFFIRMATIVE DEFENSE

5.  Remy's Purchase Order does not govern the rights and remedies of the parties because it is ambiguous, unintelligible, unconscionable, and unenforceable as against public policy.

## SIXTH AFFIRMATIVE DEFENSE

6.  The Uniform Commercial Code applies to require Remy to hold Wells harmless for any infringement claim arising out of compliance with Remy's specifications.  Remy is therefore not entitled to legal or equitable relief from Wells.

## SEVENTH AFFIRMATIVE DEFENSE

7.  Remy did not inform Wells of GE Licensing's claim in a timely fashion to permit Wells to avoid damages and/or further alleged infringement.  Remy did not tender the indemnity claim for 8 months after receiving the cease and desist notice from GE, and Wells relied to its detriment on this failure.  Remy therefore has unclean hands and/or acted in bad faith.  It is inequitable for Remy to recover on its indemnity claim prior to its tender of the GE defense to Wells.  Wells had no ability to cure or mitigate damages prior to Remy's tender.

## EIGHTH AFFIRMATIVE DEFENSE

8.  Remy's claims asserted in the Complaint are barred by the doctrines of laches, acquiescence, and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

9.  Remy's claims are subject to indemnity and setoff.

**TENTH AFFIRMATIVE DEFENSE**

10. Remy's claims are properly directed to STMicroelectronics, Inc. with which Remy has a contractual relationship and which is responsible for manufacturing and selling the allegedly infringing part to Remy via Wells. Remy is therefore entitled to no relief from Wells.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Wells reserves the right to assert any additional applicable factual and legal defenses following discovery and further investigation of this matter.

WHEREFORE, Remy should take nothing from its Complaint, Remy should be denied all injunctive and other equitable relief in this action, Remy's Complaint should be dismissed with prejudice, and Wells should be compensated by Remy for the attorneys' fees, expenses, and costs that Wells has incurred as a result of this action.

**COUNTERCLAIMS: WELLS V. REMY**

1.  Counterclaimant Wells Manufacturing Corp. is a Wisconsin corporation and has its principal place of business at 26 South Brooke Street, Fond du Lac, Wisconsin 54936.

2.  Upon information and belief, Counterdefendant Remy, Inc. is a Delaware corporation and has its principal place of business at 2902 Enterprise Drive, Anderson, Indiana

46013. Remy may be served with citation through its registered agent for service of process Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. This Court has subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 2201(a), 2202, 1332(a), and 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Counterdefendant resides in this District.

## COUNT I:  DECLARATORY JUDGMENT OF NO DUTY TO INDEMNIFY

5. Remy has asserted that Wells provided Remy with the voltage regulator for certain automobile alternator products that GE Licensing has accused of infringing U.S. Patent No. 4,733,159, which voltage regulator is manufactured by STMicroelectronics, Inc.

6. Remy has asserted that Wells is obligated to defend Remy and to indemnify Remy for any judgment entered against it with respect to the accused products that contain parts supplied by Wells but manufactured by STMicroelectronics pursuant to instructions and specifications provided by Remy.

7. Wells obtains the accused voltage regulators from STMicroelectronics and adds protection circuitry thereto pursuant to specifications provided by Remy.  The circuitry added by Wells pursuant to Remy's design specifications is not relevant to any claim of infringement made by GE Licensing against Remy.

8. Remy failed to tender its defense timely to Wells, waiting over eight months to inform Wells of GE Licensing's claims against Remy.

9. Remy's Purchase Order terms do not apply to entitle Remy to indemnification from Wells because the Purchase Order terms are ambiguous, unintelligible, and void.

10. The Uniform Commercial Code does not apply to permit Remy to receive indemnification from Wells because Remy is obligated to indemnify and hold Wells harmless for any infringement claim arising out of compliance with Remy's specifications.

11. For at least these reasons, Wells denies that it is obligated to defend Remy or to indemnify Remy for any judgment entered against it with respect to the accused products that contain parts supplied by Wells but manufactured by STMicroelectronics pursuant to instructions and specifications provided by Remy.

12. Accordingly, there is a justiciable controversy between Wells and Remy.

13. Wells is therefore entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Wells is not obligated to defend Remy or to indemnify Remy for any judgment entered against Remy with respect to the accused products that contain parts supplied by Wells.

14. Wells is entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Wells is not liable for any judgment against Remy with respect to the accused products.

15. Wells is also entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Remy is not entitled to an award of attorneys' fees, costs, or any other relief requested by Remy against Wells.

16. Wells is entitled to an award of its attorneys' fees, expenses, and costs that Wells has incurred as a result of this action.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF REMY'S PURCHASE ORDER**

17. Counterclaimant Wells incorporates by reference into Count II of its Counterclaim the averments contained in paragraphs 1 through 16 of this Counterclaim.

18. Remy has asserted that, pursuant to the agreements between the parties, Wells is obligated to defend Remy and to indemnify Remy for any judgment entered against it with respect to the accused products that contain parts supplied by Wells but manufactured by STMicroelectronics pursuant to instructions and specifications provided by Remy.

19. Upon information and belief, the agreement between the parties that Remy is asserting applies to obligate Wells to indemnify Remy for the claims made against Remy by GE Licensing is Remy's Purchase Order Terms and Conditions for the Wells ASVR product (hereinafter "Remy's Purchase Order").

20. Paragraph 14. Intellectual Property from Remy's Purchase Order states as follows:

> Seller agress [sic]; (a) to defend, hold harmless and indemnify Buyer, its successors and customers against all claims [sic] demands, losses, suits, damages, liability and expenses (including reasonable attorney fees) arising out of any suit, claim or action for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States of [sic] foreign patent, trademark, copyright or mask work right by reason of the manufacture, use or sale of the goods or services ordered, including infringement arising out of compliance with specifications furnished by Buyer, or for actual or alleged misuse or misappropriation of a trade secret resulting directly or indirectly from Seller's actions; (b) to waive any claim against Buyer under the Uniform Commercial Code or otherwise, including any hold harmless or similar claim, in any way related to a claim asserted against Seller or Buyer for patent, trademark, copyright or mask work right infringement or the like, including claims arising out of compliance with specifications furnished by Buyer, and (c) to grant to Buyer a worlwide [sic], nonexclusive, royalty-free, irrevocable license to repair and have repaired, to reconstruct and have reconstructed the goods ordered hereunder. Seller assings [sic] to Buyer all right, title and interest in and to all trademarks, copyrights and mask work rights in any material created for Buyer under this order.

21. Paragraph 16. Indemnification from Remy's Purchase Order states in relevant part as follows:

* * *

In additions, [sic] Seller shall indemnify and hold Buyer harmless from and against any liability, claims, demands or expenses (including reasonable attorneys fees) arising out of or relating to (i) any actual or alleged deficiencies or defects in the goods, whether latent or patent, (ii) violation by Seller, the goods or the manufacture, possession, use or sale thereof, of any law, rule, regulation or governmental or administrative order, or (iii) any act or omission of Seller.

22. Remy's Purchase Order is vague, ambiguous, and unintelligible.

23. Remy's Purchase Order, if enforced as Remy requests, would permit Remy to specify parts that it knew may infringe intellectual property rights of others, and with knowledge of a claim of infringement, with no risk to Remy if the intellectual property owners decided to enforce their rights against Remy.

24. Remy's attempt to collect for a liability incurred as the result of intentional and bad faith conduct is void as against public policy.

25. The relevant provisions of Remy's Purchase Order are unconscionable and therefore the Court should decline to enforce Remy's Purchase Order against Wells pursuant to Indiana Code ("IC") 26-1-2-302.

26. Accordingly, there is a justiciable controversy between Wells and Remy.

27. Wells is entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Remy's Purchase Order is not enforceable against Wells.

28. Wells is entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Wells is not liable for any judgment against Remy with respect to the accused products.

29. Wells is also entitled to a judgment from the Court pursuant to 28 U.S.C. §§ 2201(a) and 2202 declaring that Remy is not entitled to an award of attorneys' fees, costs, or any other relief requested by Remy against Wells.

30. Wells is also entitled to an award of its attorneys' fees, expenses, and costs that Wells has incurred as a result of this action.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant requests that this Court enter:

A. A declaratory judgment that Wells is not obligated to defend Remy or to indemnify Remy for any judgment entered against Remy with respect to the accused products that contain parts supplied by Wells;

B. A declaratory judgment that Wells is not liable for any judgment against Remy with respect to the accused products;

C. A declaratory judgment that Remy is not entitled to an award of attorneys' fees, costs, or any other relief requested by Remy against Wells;

D. A declaratory judgment that Remy's Purchase Order is not enforceable against Wells;

E. An award of Wells's attorneys' fees, expenses, and costs that Wells has incurred as a result of this action; and

F. An award of such other and further relief as this Court may deem proper.

## THIRD-PARTY COMPLAINT: WELLS v. STMICROELECTRONICS

1.      Third-Party Plaintiff Wells Manufacturing Corp. is a Wisconsin corporation and has its principal place of business at 26 South Brooke Street, Fond du Lac, Wisconsin 54936.

2.      Upon information and belief, Third-Party Defendant STMicroelectronics, Inc. ("ST") is a Delaware corporation and has its principal place of business at 1310 Electronics Drive, Carrollton, Texas 75006.  ST may be served with citation through its registered agent for service of process The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3.      This Court has subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 1332(a) and 1367(a).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because ST resides in this District.

## COUNT I:  INDEMNIFICATION

5.      Remy has asserted that Wells provided Remy with the voltage regulator for certain automobile alternator products that GE Licensing has accused of infringing U.S. Patent No. 4,733,159, which voltage regulator is manufactured by ST.

6.      ST and Remy worked together to develop the accused voltage regulator prior to involving Wells in the supply chain for the accused voltage regulator.

7.      Wells obtains the accused voltage regulators from ST and adds protection circuitry thereto pursuant to specifications provided by Remy.  The circuitry added by Wells pursuant to Remy's design specifications is not relevant to any claim of infringement made by GE Licensing against Remy.

8.Wells's Purchase Order Terms and Conditions (hereinafter "Wells's Purchase Order") and the Uniform Commercial Code provisions govern the relationship between Wells and ST. A true and accurate copy of Wells's Purchase Order is attached hereto as Exhibit A.

9.Paragraph 2. of Wells's Purchase Order confirms the manner in which ST may accept Wells's terms and the consequences of doing so:

> This order is not binding until accepted by Buyer. The acceptance of this order will occur when an acknowledged copy of said order is executed by the Seller and has been returned and received by the Buyer. Seller shall not make any changes in the terms, conditions, prices and delivery dates of this order without first obtaining Buyer's written consent. Buyer shall have the right to schedule the dates of delivery for the parts and materials that are subject to this order. Buyer shall also have the right to make reasonable changes relating to the number of parts and materials subject to this order depending upon the manufacturing requirements of Buyer.
>
> In the event that Seller fails to give a written acknowledgment of this order as so provided above, any delivery made pursuant to this order shall constitute an acceptance of all the provisions of this order.

10.Paragraph 14. from Wells's Purchase Order states as follows:

> Seller warrants that the articles described herein and the sale or use of them will not infringe any United States patent, trademark and copyright: the Seller covenants he will at Seller's own expense defend any suit which will be brought against Buyer, their successors and assigns or those using or selling Buyer's products for any alleged infringement of any patent [sic] trademark, and copyright by reason of the sale or use of any such article or material. Seller agrees that he will pay all judgments or costs recovered in any suits and will also reimburse Buyer for all expenses and losses incurred by Buyer as a result of said suit or legal action.

11.Paragraph 19. from Wells's Purchase Order states in relevant part as follows:

> Seller warrants that it is currently in compliance with and will continue to comply with any and all applicable federal, state, and local laws and regulations which could impose liability upon Buyer as a result of any non-compliance on Seller's part.

12.Thus, ST is obligated to defend Wells and to indemnify Wells for any judgment entered against Wells with respect to the accused products that contain parts supplied by ST.

13. Wells tendered its defense to and demanded indemnification from ST concerning Remy's demand for indemnification for GE Licensing's claims against Remy.

14. Pursuant to IC 26-1-2-607, Wells tendered its defense to ST and gave ST the opportunity to control any litigation that might ensue.

15. ST has thus far refused to indemnify Wells for Remy's indemnity claim against Wells or to provide a defense for Wells concerning the same.

16. ST instead filed a declaratory judgment action in Texas State District Court, 134th Judicial District, Dallas County, Texas, Cause No. 06-11257, on November 1, 2006, against Wells, Kimball International, Inc., Kimball Electronics, Inc., and, later, Wetherill Associates, Inc. This declaratory judgment action seeks a judgment that ST is not obligated to indemnify or defend any of the named defendants from claims arising from the infringement claims made by GE Licensing against Remy. All parties to that Texas action except Wetherill Associates, Inc. have answered and exchanged initial disclosures in that case, but no substantive actions have yet taken place.

17. Wells is therefore entitled to an order from the Court requiring ST to defend Wells against any charge of infringement or indemnity claim with respect to the accused products.

18. Wells is also entitled to an order from the Court declaring that ST is liable for any judgment against Wells with respect to the accused products.

19. The Court should award Wells its attorneys' fees and costs incurred as a result of this action.

## COUNT II: BREACH OF CONTRACT

13

20. Third-Party Plaintiff Wells incorporates by reference into Count II of its third-party Complaint the averments contained in paragraphs 1 through 19 of this third-party Complaint.

21. In the event that the '159 Patent is held to be valid and infringed by Remy, then ST has breached the contract terms of Wells's Purchase Order by violating ST's warranty of no infringement made in paragraph 14.

22. In the event that the '159 Patent is held to be valid and infringed by Remy, then ST has breached the contract terms of Wells's Purchase Order by violating ST's warranty that it is in compliance with all federal laws pursuant to paragraph 19.

23. ST has breached the contract terms of Wells's Purchase Order by refusing to indemnify Wells as it agreed in paragraph 14.

24. As a direct and proximate result of ST's breach(es) of Wells's Purchase Order, Wells has suffered and continues to suffer damage.

25. Upon information and belief, ST's activities were performed willfully, with full knowledge of the '159 Patent and its implications to the accused products, and with knowledge of the damage that would come to Wells as a result of its involvement with ST and Remy concerning the accused products.

26. Wells is therefore entitled to an award of damages for its losses suffered as a direct and proximate result of ST's breach of Wells's Purchase Order terms and conditions.

27. Wells is also entitled to an order from the Court requiring specific performance of ST's indemnification obligations to defend Wells against any charge of infringement or indemnity claim with respect to the accused products.

28.     The Court should award Wells its attorneys' fees and costs incurred as a result of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff Wells requests that this Court enter:

A.     A judgment requiring ST to defend Wells against any charge of infringement or indemnity claim with respect to the accused products;

B.     An order declaring that ST is liable for any judgment against Wells with respect to the accused products.

C.     An order requiring specific performance of ST's indemnification obligations to defend Wells against any charge of infringement or indemnity claim with respect to the accused products.

D.     An award of damages to compensate Wells for its losses suffered as a direct and proximate result of ST's breach of Wells's Purchase Order terms and conditions;

E.     An award of Wells's attorneys' fees, expenses, and costs that Wells has incurred as a result of this action; and

F.     An award of such other and further relief as this Court may deem proper.

Respectfully submitted,

By: /s/ Jeffrey B. Bove

| OF COUNSEL: | Jeffrey B. Bove, Esquire (#998) |
| Holiday W. Banta | Dana K. Hammond (#4869) |
| WOODARD, EMHARDT, MORIARTY, | CONNOLLY BOVE LODGE & HUTZ, LLP |
| MCNETT & HENRY LLP | 1007 North Orange Street |
| 111 Monument Circle, Suite 3700 | P.O. Box 2207 |
| Indianapolis, IN 46204-5137 | Wilmington, DE 19899 |
| 317-634-3456 | 302-658-9141 |

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wells Manufacturing Corp.*

DATED: April 30, 2007

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2007, I electronically filed the foregoing WELLS MANUFACTURING CORP.'S ANSWER, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT with the Clerk of the Court using CM/ECF to be served upon the below listed in the manner indicated:

**Via Hand Delivery**
Donald J. Detweiler
Titania R. Mack
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
districtcourtdel@gtlaw.com

**Via Hand Delivery**
Steven J. Balick
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**Via Hand Delivery**
Thomas C. Grimm
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tcgefiling@mnat.com

OF COUNSEL:
Holiday W. Banta
WOODARD, EMHARDT, MORIARTY,
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
317-634-3456

By: /s/ Jeffrey B. Bove
Jeffrey B. Bove, Esquire (#998)
Dana K. Hammond (#4869)
CONNOLLY BOVE LODGE & HUTZ, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
302-658-9141

*Attorneys for Defendant, Counterclaimant, and Third-Party Plaintiff Wells Manufacturing Corp.*

DATED: April 30, 2007
536075

**TERMS AND CONDITIONS GOVERNING PURCHASE ORDERS**

1. The Buyer hereinafter referred to is Wells Manufacturing, L.P. and the Seller is the other party who has affixed its signature to this document.

2. This order is not binding until accepted by Buyer. The acceptance of this order will occur when an acknowledged copy of said order is executed by the Seller and has been returned and received by the Buyer. Seller shall not make any changes in the terms, conditions, prices and delivery dates of this order without first obtaining Buyer's written consent. Buyer shall have the right to schedule the dates of delivery for the parts and materials that are subject to this order. Buyer shall also have the right to make reasonable changes relating to the number of parts and materials subject to this order depending upon the manufacturing requirements of Buyer.

In the event that Seller fails to give a written acknowledgement of this order as so provided above, any delivery made pursuant to this order shall constitute an acceptance of all the provisions of this order.

3. By accepting this purchase order, Seller agrees that the prices, terms and conditions of this order are at least as favorable to Buyer as are those prices, terms and conditions given by Seller to other purchasers of the same quality and quantity of Seller's product. If Buyer is able to purchase goods of comparable quality from another seller at a lower delivered cost than as specified in this purchase order, the Buyer may give to Seller written notice of same and unless within fifteen days from the date of said notice, Seller does not reduce its prices to an amount equal to the price offered by the other seller, Buyer may purchase said goods from other seller. All goods so purchased shall be deducted from the remaining balance of goods to be purchased by Buyer from Seller. All other terms and conditions of this purchase order shall remain in full force and effect.

4. The Seller will not be responsible for delays or defaults in deliveries, nor the Buyer, for failure to receive or accept shipments if occasioned by wars, fires, insurrections, transportation difficulties or Act of God.

5. The title to all dies, tools and patterns supplied by Buyer or amortized by the Seller under agreement with the Buyer shall remain vested in the Buyer. All of said dies, tools and patterns shall be returned to Buyer or to Buyer's designee upon demand of Buyer.

6. Seller agrees to use all dies, tools, patterns, or material to manufacture exclusively for Buyer and not to deliver any material or parts substantially complying the Buyer's specifications to any other person, firm or corporation and Seller agrees to pay the Buyer liquidated damages for nonperformance of the terms of this contract for each person, firm or corporation to whom the same is sold or delivered. Selling or delivering such material or parts as set forth in this paragraph shall be considered a violation of the terms and conditions of this contract and Buyer may forthwith, without notice, take possession of all property title to which has been retained by the Buyer.

7. The Buyer shall have the right by written order to make changes from time to time in the work to be performed by Seller hereunder. If such changes cause an increase or decrease in the amount due under this order or in the time required for Seller to perform hereunder because of said changes, this order by agreement shall be modified in writing accordingly.

8. Buyer may change shipping schedules or defer shipment of this order or any part thereof if for any reason its production is changed, delayed or curtailed, or any contingencies interfere with the receipt, handling or stocking of the items ordered herein. Failure to deliver goods of the quality and quantity and within the time or times specified by this contract shall, at the option of the Buyer, relieve it of any obligation to accept and pay for such goods as well as any undelivered shipments if there be any, and charge the Seller with any increased cost or other loss incurred thereon, unless deferred shipment be agreed to by the Buyer in writing. Any failure by the Buyer to exercise its option with respect to any shipment of goods shall not be deemed to constitute a waiver with respect to subsequent shipments.

9. Buyer shall have the right to inspect all material and parts and the same shall be manufactured as specified and shall be of a standard quality as understood and accepted by the trade. Inspection of each shipment may be made by Buyer after delivery. Prior payment or acceptance of shipments shall not be considered as waiving such right of inspection. The Buyer may reject and return at the risk and expense of Seller all rejected material or parts and shall be given full credit for same.

10. The Buyer shall be given full credit for all material and parts rejected because of defect or the failure to meet specifications without invalidating the remainder of the order. Rejected material and parts may be held for Seller's inspection without cost or liability to Buyer and shall be removed at the expense of the Seller within five days after written notification. Buyer shall not be required to pay for any material or parts rejected after inspection.

11. The Seller expressly warrants that all the material and work covered by this order will conform to the specifications, drawings, samples or other description furnished or adopted by the Buyer and will be fit and sufficient for the purpose intended, merchantable, of good materials and workmanship and free from defect.

12. The Buyer will conduct an inspection as to the quality of the goods received from Seller. Said inspection will be at Buyer's expense if after conducting such an inspection, the percentage of defective material or parts warrants (in the judgment of the Buyer) a 100% inspection, the Buyer reserves the right to either reject the material in total or to conduct a 100% inspection. Buyer and Seller shall agree to the reasonable amount to be charged to Seller for said inspection. Any discount date or due date will be calculated from the completed inspection date.

13. In the event Seller becomes insolvent or commits an act of bankruptcy or manufacturing is retarded by reason of a strike or an assignment is made by Seller for the benefit of creditors or if Seller fails to comply with the terms of this order or schedule, this contract may be canceled by Buyer and Buyer may without notice take possession of all dies, tools, patterns and all processed or unprocessed material and parts.

14. Seller warrants that the articles described herein and the sale or use of them will not infringe any United States patent, trademark and copyright: the Seller covenants he will at Seller's own expense defend any suit which will be brought against Buyer, their successors and assigns or those using or selling Buyer's products for any alleged infringement of any patent trademark, and copyright by reason of the sale or use of any such article or material. Seller agrees that he will pay all judgments or costs recovered in any suits and will also reimburse Buyer for all expenses and losses incurred by Buyer as a result of said suit or legal action.

15. Buyer reserves the right to cancel this order or any portion of same if delivery is not made when and as specified, time being of the essence of this order and charge Seller for any loss entailed.

16. In the event of cancellation, Wells Manufacturing, L.P. will be responsible for only the labor and material expended thereon during the normal lead time required to meet the stated delivery date or dates.

17. No material shall be acquired by the Seller in excess of that which may be necessary to meet Buyer's released delivery schedule. If Seller acquires any such excess material and thereafter this contract is canceled or terminated, such material shall be the property of Seller, and Buyer shall in no way be liable therefore.

Title to all materials supplied by Buyer to Seller shall remain vested in Buyer. The Seller agrees to pay for all materials furnished by Buyer that may be spoiled or that is not otherwise satisfactorily accounted for or delivered to the Buyer.

18. The Seller will be required to invoice the Buyer immediately upon shipment and if the invoices are not in the hands of the Buyer on or before the 4th day of the month succeeding shipment, said invoices will be considered as invoices of the succeeding month for accounting and discount purposes.

19. Seller warrants that it is currently in compliance with and will continue to comply with any and all applicable federal, state, and local laws and regulations which could impose liability upon Buyer as a result of any non-compliance on Seller's part. Seller further warrants that all goods and services covered by this order have been produced or furnished in compliance with the requirements of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219, Executive Order 11246, Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793, Section 2012 of the Vietnam Era Veterans Readjustment Act of 1974, 38 U.S.C. §§ 2011, 2012, and Executive Order 11625 together with the rules, regulations and relevant orders promulgated thereunder, to the extent such laws, rules or regulations are applicable to this order.

20. This purchase order constitutes the sole agreement between the parties and supercedes any and all agreements or understandings, bids or offers written or otherwise respecting the same.