IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY, INC., UNIT PARTS COMPANY, and WORLDWIDE AUTOMOTIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CIF LICENSING, LLC, D/B/A GE LICENSING, WELLS MANUFACTURING CORP., TADITEL US, INC., and WETHERILL ASSOCIATES, INC., <br><br> Defendants. | C.A. No. 06-785-*** |

**AMENDED ANSWER, COUNTERCLAIMS, AND DEMAND**
**FOR JURY TRIAL OF DEFENDANT GE LICENSING**

Defendant CIF Licensing, LLC, d/b/a GE Licensing ("GE"), answers the complaint for declaratory judgment of Remy, Inc. ("Remy"), Unit Parts Company ("Unit Parts"), and World-Wide Automotive, LLC ("WorldWide") (sometimes collectively referred to herein as "Plaintiffs") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Admitted.

2. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies the same.

3. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies the same.

4. Admitted.

5. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies the same.

6. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies the same.

7. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies the same.

8. Admitted.

9. GE admits that it resides in this district and venue is proper with respect to GE with respect to this litigation only. GE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and on that basis denies the same.

## CAUSES OF ACTION

### Count One: All Plaintiffs vs. GE Licensing for Declaratory Judgment

10. Admitted.

11. Admitted.

12. Admitted.

13. GE lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies the same.

14. GE admits the allegations of this paragraph with respect to Remy, Inc. GE lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the same.

15. Denied.

16. Denied.

17. No response from GE is required.

### Counts Two through Four

18-29.    No answer by GE is required to the allegations of ¶¶ 18-29.

### GE's COUNTERCLAIMS

Defendant GE, for its Counterclaims against Remy, Unit Parts, and WorldWide, states as follows:

### Jurisdiction

1.    This Counterclaim arises under the United States patent laws. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

### Factual Background

2.    GE is the owner of all right, title, and interest in and to United States patent No. 4,733,159 ("the '159 patent") (D.I. 1 at Exhibit A thereto) by assignment, with the right to recover damages for all past infringement of the patent. The '159 patent was duly and legally issued March 22, 1988.

3.    Remy is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and home office at 2902 Enterprise Drive, Anderson, Indiana 46013.

4.    Unit Parts is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and home office at 4600 SW 59th Street, Oklahoma City, Oklahoma 73135.

5.    WorldWide is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business and home office at 300 West Brooke Road, Winchester, VA 22603.

6. Remy operates as a manufacturer and re-manufacturer of original equipment and aftermarket electrical components for automobiles, light trucks, medium and heavy duty trucks and other heavy duty vehicles, including alternators containing voltage regulator units. Remy sells such components to original equipment manufacturers and dealers, automotive retail chains and warehouse distributors in North America, Europe, Latin America, and the Asia-Pacific region.

7. Unit Parts operates as a manufacturer or premium automotive alternators and starters, including alternators containing voltage regulator units. Unit Parts sells such components to original equipment manufacturers and dealers, automotive retail chains and warehouse distributors in North America, Europe, Latin America, and the Asia-Pacific region.

8. WorldWide operates as a manufacturer of engine electrical and electronic equipment, specializing in automotive alternators, including alternators containing voltage regulator units. WorldWide sells such components to original equipment manufacturers and dealers, automotive retail chains and warehouse distributors in North America, Europe, Latin America, and the Asia-Pacific region.

**COUNT I (Patent Infringement -- Remy)**

9. On information and belief, the above-mentioned activities by Remy have amounted to infringement, directly, by inducement, and/or by contributing to the infringement of the '159 patent.

10. On information and belief, Remy is infringing the '159 patent willfully and with knowledge. On information and belief, Remy will continue to infringe the '159 patent unless enjoined by this Court.

11. As a result of Remy's infringing conduct, GE has been damaged and will continue to suffer irreparable harm without the issuance of an injunction by this Court.

12.     Remy's willful infringement of the '159 patent and other conduct make this an exceptional case under 35 U.S.C. § 285.

## COUNT II (Patent Infringement -- Unit Parts)

13.     On information and belief, the above-mentioned activities by Unit Parts have amounted to infringement, directly, by inducement, and/or by contributing to the infringement of the '159 patent.

14.     On information and belief, Unit Parts is infringing the '159 patent willfully and with knowledge. On information and belief, Unit Parts will continue to infringe the '159 patent unless enjoined by this Court.

15.     As a result of Unit Parts' infringing conduct, GE has been damaged and will continue to suffer irreparable harm without issuance of an injunction by this Court.

16.     Unit Parts' willful infringement of the '159 patent and other conduct make this an exceptional case under 35 U.S.C. § 285.

## COUNT III (Patent Infringement -- WorldWide)

17.     On information and belief, the above-mentioned activities by WorldWide have amounted to infringement, directly, by inducement, and/or by contributing to the infringement of the '159 patent.

18.     On information and belief, WorldWide is infringing the '159 patent willfully and with knowledge. On information and belief, WorldWide will continue to infringe the '159 patent unless enjoined by this Court.

19.     As a result of WorldWide's infringing conduct, GE has been damaged and will continue to suffer irreparable harm without issuance of an injunction by this Court.

20.     WorldWide's willful infringement of the '159 patent and other conduct make this an exceptional case under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

GE hereby respectfully requests a trial by jury on all issues triable to a jury.

## REQUESTED RELIEF

WHEREFORE, GE respectfully requests the following relief:

A. the entry of judgment on the Complaint in favor of GE, and against Plaintifffs;

B. the entry of judgment on GE's Counterclaims that Plaintiffs have infringed, induced others to infringe and/or committed acts of contributory infringement of the '159 patent under 35 U.S.C. § 271;

C. the entry of judgment on GE's Counterclaims awarding GE damages in an amount that adequately compensates GE for Plaintiffs' infringement, including lost profits (and/or a reasonable royalty), treble damages, court costs, pre-judgment interest, post-judgment interest, and attorney's fees under 35 U.S.C. §§ 284 and 285;

D. the entry of a permanent injunction preventing Plaintiffs and their subsidiaries, agents, officers, and employees, and all others acting in concert with them, from infringing, inducing infringement, and/or contributing to the infringement of the '159 patent; and

E. such other and further relief as the Court deems just and proper under the circumstances.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendant*
*CIF Licensing, LLC, d/b/a/ GE Licensing*

*Of Counsel:*

Bradford Lyerla
Jeffrey H. Dean
Scott Sanderson
MARSHALL GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606-6357
(312) 474-6300

Dated:  June 5, 2007
181242.1