IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY INC.,<br>UNIT PARTS COMPANY, and.<br>WORLDWIDE AUTOMOTIVE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CIF LICENSING, LLC D/B/A GE LICENSING,<br>WELLS MANUFACTURING CORP.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:06-cv-00785*** |

## PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF GE LICENSING

Plaintiffs Remy Inc., Unit Parts Co. And Worldwide Automotive, LLC ("Plaintiffs") and file this Answer and Affirmative Defenses to the Counterclaims of CIF Licensing, LLC d/b/a GE Licensing ("GE Licensing") filed on June 5, 2007 (Docket No. 35):

### I.    Response to Counterclaims

1.    Plaintiffs admit this Court has subject matter jurisdiction over the counterclaim.

2.    Plaintiffs deny that the '159 Patent was duly and legally issued. Plaintiffs are without sufficient knowledge to admit or deny the remaining allegation in Paragraph 2 of GE Licensing's Counterclaims and therefore denies the same.

3.    Plaintiffs admit the allegations in Paragraph 3 of GE Licensing's Counterclaims.

4.    Plaintiffs admit the allegations in Paragraph 4 of GE Licensing's Counterclaims.

5.    Plaintiffs admit the allegations in Paragraph 5 of GE Licensing's Counterclaims.

6.    Plaintiffs admit that Remy Inc. sells alternators containing voltage regulator units to OEMs. Plaintiffs deny the remaining allegations in Paragraph 6 of GE Licensing's Counterclaims.

7.    Plaintiffs admit that Unit Parts Company sells alternators containing voltage regulator units to the automotive aftermarket. Plaintiffs deny the remaining allegations of Paragraph 7 of GE Licensing's Counterclaims.

8.    Plaintiffs admit that Worldwide Automotive sells alternators containing voltage regulator units to the automotive aftermarket. Plaintiffs deny the remaining allegations of Paragraph 8 of GE Licensing's Counterclaims.

9.    Plaintiffs deny the allegations of Paragraph 9 of GE Licensing's Counterclaims.

10.    Plaintiffs deny the allegations in Paragraph 10 of GE Licensing's Counterclaims.

11.    Plaintiffs deny the allegations in Paragraph 11 of GE Licensing's Counterclaims.

12.    Plaintiffs deny the allegations in Paragraph 12 of GE Licensing's Counterclaims.

13.    Plaintiffs deny the allegations of Paragraph 13 of GE Licensing's Counterclaims.

14.    Plaintiffs deny the allegations in Paragraph 14 of GE Licensing's Counterclaims.

15.    Plaintiffs deny the allegations in Paragraph 15 of GE Licensing's Counterclaims.

16.    Plaintiffs deny the allegations in Paragraph 16 of GE Licensing's Counterclaims.

17.    Plaintiffs deny the allegations in Paragraph 17 of GE Licensing's Counterclaims.

18.    Plaintiffs deny the allegations in Paragraph 18 of GE Licensing's Counterclaims.

19.    Plaintiffs deny the allegations in Paragraph 19 of GE Licensing's Counterclaims.

20.    Plaintiffs deny the allegations in Paragraph 20 of GE Licensing's Counterclaims.

21.    Plaintiffs deny that GE is entitled to any of the relief sought in its Requested Relief.

## II.    Affirmative Defenses

22.    Plaintiffs allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

23.    Plaintiffs do not and have not infringed any valid and enforceable claim of the patent-in-suit, either directly or indirectly, or either literally or under the doctrine of equivalents.

24.    The claims of the patent-in-suit are invalid or unenforceable for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 or 112.

25.    GE Licensing's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

26.    GE Licensing's claims for relief are barred in whole or in part by the doctrine of laches.

27.    GE Licensing's claims for relief are barred in whole or in part by the doctrine of unclean hands.

29.    GE Licensing is estopped from construing any valid claim of the patents-in-suit to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by any Plaintiff in view of the prior art or because of admissions, disclaimers, and statements made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the patents-in-suit, because of disclosure or language in the specifications of the patents-in-suit, or because of limitations in the claims of the patents-in-suit.

30.     Plaintiffs reserve the right to assert any additional defenses to GE Licensing's

claims as they become known and to adopt and rely upon any defenses asserted by other parties

in this proceeding.

### III.     Prayer for Relief

For the foregoing reasons, Plaintiffs request that the Court enter judgment denying all

causes of action raised, and relief sought, in GE Licensing's Counterclaims, for a declaratory

judgment as requested in Plaintiffs' Complaint, and for such other and further relief to which

Plaintiffs are justly entitled.

Dated: June 19, 2007

GREENBERG TRAURIG, LLP


Donald J. Detweiler (#3087)
Titania R. Mack (#4120)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
(302) 661-7000

Of Counsel:

Christopher M. Joe
Brian Carpenter
Russell DePalma
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201
Telephone:  (214) 665-3604
Fax:     (214) 665-5904

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June 2007, the foregoing was served upon the following in the manner indicated:

| VIA HAND DELIVERY: | VIA U.S. MAIL: |
|---|---|
| Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for CIF Licensing, LLC, d/b/a GE Licensing* | Bradford Lyerla<br>Jeffrey Dean<br>Scott Sanderson<br>Marshall Gerstein & Broun LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>*Attorneys for CIF Licensing, LLC, d/b/a GE Licensing* |
| Jeffrey Bove<br>Dana Kathryn Hammond<br>Connolly, Bove, Lodge & Hutz<br>1007 North Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Wells Manufacturing* | Holiday Banta<br>Woodard Emhardt Moriarty McNett & Henry LLP<br>111 Monument Circle<br>Suite 3700<br>Indianapolis IN 46204<br>*Attorneys for Wells Manufacturing* |
| David Ellis Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>Wilmington, DE 19801<br>*Attorneys for Taditel* | Stephen Milbrath<br>Allen Dyer Dopplet Milbrath & Christ, PA<br>255 South Orange Avenue, Suite 1401<br>Orlando FL 32802<br>*Attorneys for Wetherill Associates* |
| Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Wetherill Associates* | |
| Monte Terrell Squire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>*Attorneys for Stmicroelectronics, Inc.* | |

Donald J. Detweiler (No. 3087)