IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY INC., UNIT PARTS COMPANY, and WORLDWIDE AUTOMOTIVE, LLC <br><br> Plaintiffs, <br><br> v. <br><br> CIF LICENSING, LLC D/B/A GE LICENSING, WELLS MANUFACTURING CORP., TADITEL US, INC., and WETHERILL ASSOCIATES, INC. <br><br> Defendants, | Civil Action No. 1:06-cv-00785*** |

## REMY INC.'S ANSWER TO COUNTERCLAIM OF WELLS MANUFACTURING

Remy Inc. ("Remy") and files this its Answer and Affirmative Defenses to the Counterclaims of Wells Manufacturing Corporation and would show the Court as follows:

### I.    Response to Counterclaims

1.  Remy admits the allegation in Paragraph 1 in Wells' Counterclaims.

2.  Remy denies that service of process is necessary because Remy is a party to this lawsuit and the purpose of such service is to notify it of claims against it. The filing of Wells' Counterclaims suffices for this purpose. Remy admits the remaining allegations contained in Paragraph 2 of Wells' Counterclaims.

3.  Remy admits this Court has subject matter jurisdiction over Wells' Counterclaims.

4.  Remy admits venue is proper in this Court.

5.  Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 5 of Wells' Counterclaims to the extent they are inconsistent with the Complaint.

6. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 6 of Wells' Counterclaims to the extent they are inconsistent with the Complaint.

7. Remy lacks sufficient information to admit or deny the allegations in Paragraph 7 of Wells' Counterclaims, therefore they are denied.

8. Remy denies the allegations in Paragraph 8 of Wells' Counterclaims.

9. Paragraph 9 of Wells' Counterclaims contains only legal assertions which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 9 of Wells' Counterclaims.

10. Remy denies the allegations in Paragraph 10 of Wells' Counterclaims.

11. Paragraph 11 of Wells' Counterclaims contains only legal argument and summaries of Wells' claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 11 of Wells' Counterclaims.

12. Remy admits the allegations of Paragraph 12 of Wells' Counterclaims.

13. Remy denies the allegations in Paragraph 13 of Wells' Counterclaims.

14. Remy denies the allegations in Paragraph 14 of Wells' Counterclaims.

15. Remy denies the allegations in Paragraph 15 of Wells' Counterclaims.

16. Remy denies the allegations in Paragraph 16 of Wells' Counterclaims.

17. Remy incorporates by reference its prior responses.

18. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 18 of Wells' Counterclaims to the extent they are inconsistent with the Complaint.

19. Remy admits the allegations contained in Paragraph 19 of Wells' Counterclaims.

20. "Remy's Purchase Order" as defined in Wells' Counterclaims speaks for itself. Remy denies the allegations in Paragraph 20 of Wells' Counterclaims to the extent they are

inconsistent with the document allegedly being quoted.

21. "Remy's Purchase Order" as defined in Wells' Counterclaim speaks for itself. Remy denies the allegations in Paragraph 21 of Wells' Counterclaims to the extent they are inconsistent with the document allegedly being quoted.

22. Remy denies the allegations of Paragraph 22 of Wells' Counterclaims.

23. Paragraph 23 of Wells' Counterclaims contains only legal argument which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 23 of Wells' Counterclaims.

24. Paragraph 24 of Wells' Counterclaims is not an allegation or affirmative factual statement relating to a Wells cause of action. Instead, it is an assertion of an affirmative defense (void against public policy) to Remy's causes of action against Wells. However, to the extent that Paragraph 24 contains any factual allegations, Remy denies the allegations in Paragraph 24 of Wells' Counterclaims.

25. Paragraph 25 of Wells' Counterclaims is not an allegation nor affirmative factual statement relating to a Wells cause of action. Instead, it is an assertion of an affirmative defense (unconscionability) to Remy's causes of action against Wells. However, to the extent that Paragraph 24 contains any factual allegations, Remy denies the allegations in Paragraph 25 of Wells' Counterclaims.

26. Remy admits the allegations in Paragraph 26 of Wells' Counterclaims.

27. Remy denies the allegations in Paragraph 27 of Wells' Counterclaims.

28. Remy denies the allegations in Paragraph 28 of Wells' Counterclaims.

29. Remy denies the allegations in Paragraph 29 of Wells' Counterclaims.

30. Remy denies the allegations in Paragraph 30 of Wells' Counterclaims.

31. Remy denies that Wells in entitled to any of the relief sought in its Prayer for

Relief.

## II.     Affirmative Defenses

1. Wells' Counterclaims are improper, because Wells merely filed a declaratory judgment counterclaim as a vehicle to obtain attorneys' fees and there is no issue in the counterclaim that does not arise under, and would not be determined by, a final judgment either for or against Remy on the causes of action it raises against Wells in the Complaint.

2. Wells' Counterclaims fail to state a claim upon which relief can be granted because they merely mirror the Complaint and therefore do not seek any new, additional or viable remedies.

## III.     Prayer for Relief

For the foregoing reasons, Remy requests that the Court enter judgment denying all causes of action raised, and relief sought, in Wells' Counterclaims, granting the relief sought by Remy in its Complaint, and for such other and further relief to which Remy is justly entitled.

Dated: June 19, 2007

GREENBERG TRAURIG, LLP

_____
Donald J. Detweiler (#3087)
Titania R. Mack (#4120)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
(302) 661-7000

Of Counsel:

Christopher M. Joe
Brian Carpenter
Russell DePalma
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201
Telephone:  (214) 665-3604
Fax:     (214) 665-5904

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June 2007, the foregoing was served upon the following in the manner indicated:

| VIA HAND DELIVERY: | VIA U.S. MAIL: |
|---|---|
| Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for CIF Licensing, LLC, d/b/a GE Licensing* | Bradford Lyerla<br>Jeffrey Dean<br>Scott Sanderson<br>Marshall Gerstein & Broun LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>*Attorneys for CIF Licensing, LLC, d/b/a GE Licensing* |
| Jeffrey Bove<br>Dana Kathryn Hammond<br>Connolly, Bove, Lodge & Hutz<br>1007 North Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Wells Manufacturing* | Holiday Banta<br>Woodard Emhardt Moriarty McNett & Henry LLP<br>111 Monument Circle<br>Suite 3700<br>Indianapolis IN 46204<br>*Attorneys for Wells Manufacturing* |
| David Ellis Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>Wilmington, DE 19801<br>*Attorneys for Taditel* | Stephen Milbrath<br>Allen Dyer Dopplet Milbrath & Christ, PA<br>255 South Orange Avenue, Suite 1401<br>Orlando FL 32802<br>*Attorneys for Wetherill Associates* |
| Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Wetherill Associates* | |
| Monte Terrell Squire<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>*Attorneys for Stmicroelectronics, Inc.* | |

Donald J. Detweiler (No. 3087)