IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY INC., UNIT PARTS COMPANY, and. WORLDWIDE AUTOMOTIVE, LLC <br><br> Plaintiffs, <br><br> v. <br><br> CIF LICENSING, LLC D/B/A GE LICENSING, TADITEL MANUFACTURING CORP., TADITEL US, INC., and WETHERILL ASSOCIATES, INC. <br><br> Defendants, | Civil Action No. 1:06-cv-00785*** |

### REMY INC.'S ANSWER TO COUNTERCLAIMS OF TADITEL US, INC.

Remy Inc. ("Remy") files this Answer and Affirmative Defenses to the Counterclaims (Docket No. 43) of Taditel US, Inc. ("Taditel") and would show the Court as follows:

#### I.    Response to Counterclaim

1. Remy admits the allegations in Paragraph 1 of Taditel's Counterclaims.

2. Remy admits the allegations contained in Paragraph 2 of Taditel's Counterclaims.

3. Taditel's Counterclaims do not contain a Paragraph 3.[1]

4. Taditel's Counterclaims do not contain a Paragraph 4.

5. Remy admits this Court has subject matter jurisdiction over Taditel's Counterclaims as alleged in Paragraph 5 of Taditel's Counterclaims.

6. Remy admits venue is proper in this Court as alleged in Paragraph 6 of Taditel's Counterclaims.

---

[1] Taditel's Counterclaims are numbered such that paragraphs 3 and 4 are skipped. *See* Docket. No. 43 at 5.

7. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 7 of Taditel's Counterclaims to the extent they are inconsistent with the Complaint.

8. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 8 of Taditel's Counterclaims to the extent they are inconsistent with the Complaint.

9. Remy lacks sufficient information to admit or deny the allegations in Paragraph 9 of Taditel's Counterclaims. Therefore, they are denied.

10. Remy denies the allegations in Paragraph 10 of Taditel's Counterclaims.

11. Paragraph 11 of Taditel's Counterclaims contains only legal assertions which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 11 of Taditel's Counterclaims.

12. Paragraph 12 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 12 of Taditel's Counterclaims.

13. Remy admits the allegations in Paragraph 13 of Taditel's Counterclaims.

14. Paragraph 14 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 14 of Taditel's Counterclaims.

15. Paragraph 15 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 15 of Taditel's Counterclaims.

16. Paragraph 16 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 16 of Taditel's Counterclaims.

17. Paragraph 17 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contain any factual allegations, Remy denies the allegations in Paragraph 17 of Taditel's Counterclaims.

18. Remy incorporates by reference its prior responses to Taditel's Counterclaims contained in paragraphs 1 through 17 above.

19. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 19 of Taditel's Counterclaims to the extent they are inconsistent with the Complaint.

20. Remy's Complaint speaks for itself. Remy denies the allegations in Paragraph 20 of Taditel' Counterclaims to the extent they are inconsistent with the Complaint.

21. "Remy's Purchase Order" as defined in Taditel's Counterclaims speaks for itself. Remy denies the allegations in Paragraph 21 of Taditel's Counterclaims to the extent they are inconsistent with the document allegedly being quoted.

22. "Remy's Purchase Order" as defined in Taditel's Counterclaims speaks for itself. Remy denies the allegations in Paragraph 22 of Taditel's Counterclaims to the extent they are inconsistent with the document allegedly being quoted.

23. Remy denies the allegations of Paragraph 23 of Taditel's Counterclaims.

24. Paragraph 24 of Taditel's Counterclaims contains only legal argument which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy

denies the allegations in Paragraph 24 of Taditel's Counterclaims.

25. Paragraph 25 of Taditel's Counterclaims is not an allegation or affirmative factual statement relating to any Taditel cause of action. Instead, it is an assertion of an affirmative defense (void against public policy) to Remy's causes of action against Taditel. However, to the extent that Paragraph 25 contains any factual allegations, Remy denies the allegations in Paragraph 25 of Taditel's Counterclaims.

26. Paragraph 26 of Taditel's Counterclaims is not an allegation nor affirmative factual statement relating to any Taditel cause of action. Instead, it is an assertion of an affirmative defense (unconscionability) to Remy's causes of action against Taditel. However, to the extent that Paragraph 26 contains any factual allegations, Remy denies the allegations in Paragraph 26 of Taditel's Counterclaims.

27. Remy admits the allegations in Paragraph 27 of Taditel's Counterclaims.

28. Paragraph 28 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 28 of Taditel's Counterclaims.

29. Paragraph 29 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 29 of Taditel's Counterclaims.

30. Paragraph 30 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 30 of Taditel's

Counterclaims.

31. Paragraph 31 of Taditel's Counterclaims contains only legal argument and summaries of Taditel's claims which need not be admitted or denied. However, to the extent it contains any factual allegations, Remy denies the allegations in Paragraph 31 of Taditel's Counterclaims.

32. Remy denies that Taditel is entitled to any of the relief sought in its final unnumbered paragraph titled "Prayer for Relief."

## II. Affirmative Defenses

1. Taditel's Counterclaims are improper, because Taditel merely filed declaratory judgment counterclaims as a vehicle to obtain attorneys' fees, and there is no issue in the Counterclaims that does not arise under, and would not be determined by, a final judgment either for or against Remy on the causes of action it raises against Taditel in the Complaint.

2. Taditel's Counterclaims fail to state a claim upon which relief can be granted because they merely mirror Remy's Complaint and therefore do not seek any new, additional, or viable remedies.

## III. Prayer for Relief

For the foregoing reasons, Remy requests that the Court enter judgment denying all causes of action raised, and relief sought, in Taditel's Counterclaim; granting the relief sought by Remy in its Complaint; and granting such other and further relief to which Remy is justly entitled.

Dated: July 25, 2007

                                              **GREENBERG TRAURIG, LLP**

                                              Donald J. Detweiler (#3087)
                                              Titania R. Mack (#4120)
                                              The Nemours Building
                                              1007 North Orange Street, Suite 1200
                                              Wilmington, DE 19801
                                              (302) 661-7000

Of Counsel:
Christopher M. Joe
Brian Carpenter
Russell DePalma
W. Ashton Randall III
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600
Fax: (214) 665-3601

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July 2007, the foregoing was served upon the following counsel of record via Hand Delivery upon Local Counsel and First Class, U.S. Mail upon the remaining parties.

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for GE Licensing* | Bradford Lyerla<br>Jeffrey Dean<br>Scott Sanderson<br>Marshall Gerstein & Broun LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>*Attorneys for GE Licensing* |
| Jeffrey Bove<br>Dana Kathryn Hammond<br>Connolly, Bove, Lodge & Hutz<br>1007 North Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Wells Manufacturing* | Holiday Banta<br>Woodard Emhardt Moriarty McNett & Henry LLP<br>111 Monument Circle<br>Suite 3700<br>Indianapolis IN 46204<br>*Attorneys for Wells Manufacturing* |
| David Ellis Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>Wilmington, DE 19801<br>*Attorneys for Taditel* | John D. Ritchison<br>Ritchison Law Offices, PC<br>115 East Ninth Street, Suite A<br>Anderson, IN 46016-1509<br>*Attorneys for Taditel* |
| Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Wetherill Associates* | Stephen Milbrath<br>Robert Thornburg<br>Allen Dyer Dopplet Milbrath & Christ, PA<br>255 South Orange Avenue, Suite 1401<br>Orlando FL 32802<br>*Attorneys for Wetherill Associates* |
| Monte Terrell Squire<br>Adam Poff<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>*Attorneys for STmicroelectronics, Inc.* | |

Donald J. Detweiler (No. 3087)