## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY INC.,<br>UNIT PARTS COMPANY, and.<br>WORLDWIDE AUTOMOTIVE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CIF LICENSING, LLC D/B/A GE LICENSING,<br>TADITEL MANUFACTURING CORP.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 06 - 00785***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REMY INC.'S RESPONSE IN OPPOSITION TO GE LICENSING'S
## MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY

Plaintiffs file this Response in Opposition to GE Licensing's ("GE") Motion to Dismiss, or in the Alternative Stay (the "Motion") (Dkt. No. 47) and would show the Court as follows:

### I.    Summary of Argument and Central Issue

GE's Motion is an attempt to re-litigate the concurrent jurisdition issue once again given that GE is unhappy with the decision by Judge Folsom in the Eastern District of Texas to stay the Texas patent infringement action (the "Texas Action") in deference to the declaratory judgment patent suit filed in this Court (the "Delaware Action"). GE filed multiple briefs opposing the stay of the Texas Action urging repeatedly that the Texas Action was the first filed case and that the first-to-file rule carried the day in its favor.[1] Nonetheless, Judge Folsom stayed the Texas

---

[1] Remy International opposed GE's motion and argued that the Delaware Action was the first filed suit, that the Texas Action should be dismissed or stayed, and that the Delaware Action should be permitted to move forward as the first filed case.

Action leaving Delaware the only active forum for this patent dispute. Now, GE has essentially copied its prior Texas briefing and filed it in this Court.

The central issue is whether or not GE, as the movant, provides a compelling basis to dismiss or stay the Deleware Action under the following operative facts: (1) the Eastern District of Texas has already heard GE's first-to-file argument yet stayed the Texas Action in deference to the Delaware Action; (2) the Delaware Action is months ahead of the now stayed Texas Action; (3) the interests of justice, judicial ecomony, and the "special circumstances" of the Delaware Action make GE's first-to-file argument irrelevant; (4) all defendants, including the suppliers who are obligated to indemnify Plaintiffs, have appeared in this suit and have consented to jurisdiction in Delaware; (5) two of the suppliers have filed counterclaims in the Delaware Action against Plaintiffs and these counterclaims can not be dismissed and or stayed under GE's first-to-file theory; and (6) GE's continued efforts to litigate in Texas at all costs constitutes nothing more than forum shopping given that Texas bears no significant relationship to GE, its patent claims, Plaintiffs, or any other party to this dispute. GE cannot meet its burden of proof on these motions and the operative facts above combine with the interests of justice, judicial economy, and other "special circumstances" making Delaware the preferred forum for all parties and this litigation. Therefore, GE's Motion should be denied.

## II.    Argument and Authority

### A.    Allegations of Plaintiffs' Alleged Deceit Are False and Irrelevant

Whether it is a tactical attempt to sling mud at Plaintiffs, to vilify Remy's counsel, or simply to assert an unsupportable argument which failed in GE's previous Texas briefing, GE reargues here that "Remy International concealed the fact that its subsidiaries were the correct defendants . . . raising the issue only when its subsidiaries were poised to simultaneously ambush GE with a declaratory judgment complaint in Delaware." *See* Dkt. 47 at 5. GE's assertion that

Remy's counsel somehow "hid the ball" and prevented GE from discovering which subsidiaries sold the accused products is simply false.

Remy International's website clearly identifies each of the Plaintiffs as the entities who sell the accused products. *See* Exhibits A, B, and C. This information has always been available to GE and its counsel and requires only the simple ability to navigate the internet and Remy International's website. If GE's counsel was not aware of Remy International's corporate and sales structure, it was a result of its own failure to conduct even a cursory investigation into Plaintiffs and their business prior to filing suit. GE's failure to conduct the obligatory Rule 11 investigation before filing suit in a forum (Texas) that did not possess personal jurisdiction over Remy International may deserve many adjectives, but it is certainly not a situation "where a potential defendant misled [GE] into thinking that another party should be sued," as GE argues. *See* Dkt. No. 47 at 5. These unfounded and false allegations failed when GE asserted them in Texas, and they should fail here. They are false and irrelevant to the Court's analysis of GE's Motion.

**B.    The Eastern District of Texas Heard GE's First-to-file Argument Yet Stayed the Texas Action in Deference to Delaware**

GE and Remy already filed many pages of briefing and exhibits and participated in an oral hearing in the Eastern District of Texas over this exact issue – whether the Texas Action should proceed or be stayed in favor of the Delaware Action. *See* Exhibit D. The proceedural facts of both the Texas and Delaware Actions and the applicable law regarding federal comity principles were extensively briefed by both sides and considered by the Eastern District of Texas. The Eastern District of Texas had the first oportunity to rule that Texas enjoyed priority jurisdiction over this dispute, and GE repeatedly urged and Judge Folsom heard its first-to-file

arguments. Nevertheless, the Eastern District of Texas refused to make such a finding and chose to stay the Texas Action in deference to the Delaware Action. *See* Dkt. No. 47, Ex. C at page 5.

Such a finding was within the Eastern District of Texas' power to decide, but Judge Folsom elected to stay the Texas Action, thereby allowing Delaware to continue as the only forum with personal and subject matter jurisidiction over all eight parties, all claims, counterclaims, third party claims, indemnification issues, and upcoming discovery. With the Texas Action stayed, the Delaware Action continues to progress unabated as the only active forum for this dispute. GE provides no legal or equitable basis justifying the dismissal or a stay of the Delaware Action under these circumstances, and GE's Motion should be denied as it has not met its burden of proof.

### C.    The Delaware Action Is the First Filed Suit

While GE alleges that the Texas Action is first-filed, under these circumstances it is unequivocal that the Delaware Action is indeed the first-filed suit. Delaware is the first venue to aquire jurisdiction over all eight parties and their claims, counterclaims, and third party claims. GE did not name Remy Inc., Unit Parts Company, and Worldwide Automotive as defendants in the Texas Action until July 10, 2007. *See* Dkt. No. 47, Ex. D. Those entities, however, filed this Delaware Action on December 21, 2006, seven months before they were named as defendants in the Texas Action. *See* Dkt. No. 1. GE filed its patent infringement counterclaims against Plaintiffs in the Delaware Action on May 30, 2007, two months before naming them as defendants in the Texas action. *See* Dkt. No. 25. Furthermore, the Delware Action also names all potential suppliers and indemnitors as defendants or third party defendants – Taditel, Wells Manufacturing, Wetherill and STMicroelectronics – while the Texas Action does not name them at all. Simply put, the Delaware Action is months ahead of the stayed Texas Action and was the first to acquire jurisdiction over all claims and parties necessary to resolve this dispute.

Despite the fact that the Eastern District of Texas refused to recognize GE's Texas Action as the first filed suit and stayed that suit in favor of the Delaware Action, GE now asks the Delware Court to ignore Judge Folsom's ruling, the potential prejudice to all parties, and the inefficiency of duplicative litigation in two different forums and seeks a stay and or dismissal of the Delaware Action based solely upon its recycled first-to-file argument.

### D. The "Special Circumstances" of the Delaware Action Render GE's First-to-file Argument Irrelevant

GE further fails to acknowledge that the first-to-file doctrine is not the sole factor that determines which suit should proceed. As shown below, under this circuit's totality of the circumstances analysis, GE's one-prong, first-to-file argument becomes irrelevant when so many factors favor Delaware as the preferred forum, particularly where one forum (Texas) has already entered a stay and the remaining forum (Delaware) has personal and subject matter jurisdiction over multiple parties and their claims and is months ahead proceeding towards discovery.

GE moves to dismiss or stay only the patent infringement claims pending between GE and Plaintiffs here in Delaware in hopes that the Eastern District of Texas would then reconsider its stay in the Texas Action. GE's Motion does not address the indemnity claims and counterclaims and third party claims also pending between Plaintiffs and the other supplier defendants in the Delaware Action. Significantly, GE's Motion does not request and cannot effectuate the dismissal of those claims. If successful, GE's proposal would result in two concurrent lawsuits: (1) GE vs. Remy Inc., Unit Parts Company, and Worldwide Automotive in Texas, and (2) Plaintiffs vs. the supplier defendants as well as Wells Manufacturing vs. STMicroelectronics in Delaware. This inefficient and nonsensical result is disfavored by the interests of justice and judicial economy and would greatly prejudice all parties now present in Delaware.

GE's Motion is based on a rigid and oversimplified reading of the "first-to-file" rule, asserting it is the only factor to be considered in this instance. *See* Dkt. No. 47 at 3-5. However, GE's one-prong, first-to-file argument failed in Texas, has failed previously in this district and should fail here now based on an analysis of the totality of the circumstances. *See Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship*, 882 F. Supp. 359, 364 (D. Del. 1994) (looking beyond the first-to-file rule when denying a defendant's motion to stay plaintiff's declaratory judgment action to determine invalidity and non-infringement and relying instead on a "balance of conveniences" and a totality of the circumstances analysis to deny the motion to stay).

In *Tuff*, this Court denied a defendant's motion to stay a Delaware filed declaratory judgment action even when the defendant previously filed a patent infringement action in another district. *See Tuff Torq Corp.*, 882 F. Supp. at 364. Recognizing the limited applicability of the first-to-file rule in special circumstances, the *Tuff* court noted this doctrine "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *See Tuff Torq Corp.*, 882 F. Supp. at 364. *Tuff* confirmed that the first-to-file rule was not the sole dispositive factor stating, "[f]undamental fairness dictates the need for fashioning a flexible response to the issue of concurrent jurisdiction...[and] under this standard a court must act with regard to <u>what is right and equitable under the circumstances</u> and the law, and directed by the reason and conscience of the judge to a just result." *Id.* at 365 (emphasis added).

*Tuff* held that district courts have always had discretion given appropriate circumstances. *Id.* at 365. Notably, even when it was undisputed that the Delaware declaratory judgment action was the second filed suit, the *Tuff* court rebuffed the defendant's first-to-file argument stating, "the Third Circuit has rejected defendant's argument that a district court must stay the second

filed action <u>without regard to the circumstances of the case</u>." *Id.* at 365 (emphasis added). Ultimately, *Tuff* reasoned that the "first-to-file rule normally serves a purpose of promoting efficiency well and should not be disregarded lightly . . . [but] <u>circumstances and modern judicial reality</u>, however, may demand that we follow a different approach from time to time. . . ." *Id.* at 365 (citing *Church of Scientology of California v. U. S. Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1980)).

Similar circumstances exist in this case justifying the denial of GE's Motion regardless of whether the Delaware Action should be considered the first or second filed suit.[2] A recognized reason to depart from the first-to-file rule exists when the second filed case has developed more rapidly than the first. *See Tuff Torq Corporation*, 882 F. Supp. at 365 (citing *Church of Scientology of California,* 611 F.2d at 749-750 and *Orthmann v. Apple River Campground,* 765 F.2d 119 (8th Cir. 1985)). *Tuff* found that it was "fundamentally unfair to stay litigation that had proceeded further than another previously filed action." *Id.* at 365. Even taking GE's "best case" position that the stayed Texas Action was the first filed, the case at bar should still move forward unabated because the Delaware Action is many months ahead progressing into discovery and toward trial, while the Texas Action remains stayed. Under these facts, there is no concurrent jurisdiction conflict because the Eastern District of Texas has already deferred to the Delaware Court, and there is no justification for a dismissal or a stay under these circumstances.

In this situation, "there are [ample] other factors of substance which indicate that the balance of conveniences supports proceeding first in [Delaware]." *Id.* at 365. Thus, just as *Tuff*

---

[2] Although Remy urges that the Delaware Action is the first filed suit, the totality of the circumstances analysis would nonetheless be dispositive even if the Court were to find that the Delaware Action was the second filed suit.

ultimately held, "the interests of justice require this Court to consider the special circumstances of this case and decline to stay . . . [the Delaware declaratory judgment] suit." *Id.* at 365.

**E.    Delaware Has Cited To *Orthmann* When Departing From the First-to-file Rule**

*Tuff* recognized one reason to depart from the first-to-file rule exists when the second filed case has developed more rapidly than the first. *See Tuff Torq Corp.*, 882 F. Supp. at 365 (citing *Orthmann v. Apple River Campground*, 765 F.2d 119 (8th Cir. 1985)). *Orthmann,* an Eighth Circuit decision, while not directly on point, is nevertheless instructive in situations where one forum has progressed ahead of another, such as here, with the Texas Action stayed and the Delaware Action continuing unabated with all parties present.

In *Orthmann,* concurrent proceedings were filed in federal district courts in Wisconsin and Minnesota. *Orthmann*, 765 F.2d 119. While there was no question of personal jurisdiction in Wisconsin (the second-filed forum), there was a dispute regarding whether Minnesota (the first-filed forum) had personal jurisdiction over the defendants. *Id.* at 120-21. The first-filed Minnesota court dismissed the plaintiff's action for lack of personal jurisdiction, prompting an appeal to the Eighth Circuit. *Id.* at 120. In this situation, the Eighth Circuit upheld the dismissal of the first-filed suit allowing the second-filed suit to move forward, stating:

> [W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case . . . [but] the purpose of this rule is to <u>promote efficient use of judicial resources</u> . . . the rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner <u>serving sound judicial administration</u>.

*Id.* at 121 (emphasis added). Notably, the Eighth Circuit found the second-filed Wisconsin case was "further developed" and proceeding along with no question over personal jurisdiction, while "the parties vigorously dispute[d] whether there [was] personal jurisdiction over the defendants in Minnesota." *Id.* As such, the court declined to rule on the personal jurisdiction issue and

dismissed the appeal from the Minnesota district court, leaving the plaintiff to proceed on identical claims in the second-filed Wisconsin matter. *Id.* The court ultimately concluded that "the federal comity doctrine [was] best served in [that] case by dismissing [plaintiff's] action in Minnesota district court." *Id.*

The same reasoning is applicable here. Federal comity justifies the continued stay of GE's Texas Action and highlights the futility of GE's request for the dismissal and or stay of the Delaware Action. Should GE's Motion be granted and should GE be permitted to lift the stay in Texas, Remy and the remaining Delaware supplier defendants would be severely prejudiced by being forced to litigate or re-litigate virtually identical patent issues in two different forums. Given that all factors support the Delaware Action as the preferred forum and the most efficient venue for the swift and efficient adjudication of this entire matter, there is no logical or legal basis supporting the dismissal or a stay of the Delaware Action.

The District of Delaware is the first court with jurisdiction over all the parties and claims, and the Delaware Action is further developed than the litigation in the stayed Texas Action. Proceeding in Delaware will not prejudice GE – after all, it is a Delaware Corporation. GE has filed its patent infringement claims against Plaintiffs in Delaware. All other parties are present and have not contested jurisdiction in Delaware. Thus, the preferred forum for the efficient resolution of this matter is the one with clear jurisdiction over all parties and claims and the one that is also moving along without delay – all these factors favor Delaware.

**F.     Proceeding in Delaware Will Promote Justice and Judicial Economy and Will Prevent Undue Prejudice to Remy and the Other Defendants**

The Eastern District of Texas' decision to stay the Texas Action in deference to the Delaware Action is analogous to the body of caselaw in which federal courts decide venue disputes on the basis of the interests of justice and judicial economy – the paramount goal in any

concurrent jurisdiction analysis. Denial of GE's Motion will save all parties countless thousands of dollars and will allow the Delaware Action to continue without further distraction. GE's first-to-file arguments become irrelevant in these circumstances as they are overshadowed by the interests of justice and judicial economy.

Specifically, in concurrent jurisdiction conflicts, numerous federal courts, like *Orthmann*, have found that the first-to-file doctrine was outweighed by other pertinent factors when attempting to resolve potential venue conflicts. *See, e.g., Serco Servs. Co. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). The paramount goals are "the considerations of judicial and litigant economy, and the just and effective disposition of disputes," and these factors overshadow the first-to-file rule in many cases. *Id.* at 1039. "The trial court's discretion tempers the preference for the first-filed suit, when such preference should <u>yield to the forum in which all interests are best served</u>." *Id.* (emphasis added) (internal citations omitted) (dismissing the first-filed suit because multiple factors favored the second-filed forum). In order to meet these judicial economy interests, district courts have frequently transferred matters to later-filed venues:[3]

> *Ricoh Co. LTD v. Honeywell, Inc.*, 817 F.Supp 473, 487 (D.N.J. 1993) (the court transferred a previously filed patent infringement suit in New Jersey to a concurrent, later-filed declaratory judgment action in Minnesota based on the balance of justice).
>
> *Bristol-Meyers Squibb Co. v. Andrx Pharms.*, LLC, C.A. No. 03 Civ. 2503, 2003 WL 22888804 (S.D.N.Y. 2003) (transferring the first-filed action to the forum of the second-filed action stating the case "should be transferred, both for the convenience of the parties and in the interest of justice.").
>
> *KPMG Consulting, Inc. v. LSQ II, LLC.*, C.A. No. 01 Civ. 11422, 2002 WL 1543907 (S.D.N.Y. 2002) (the court was faced with a motion to dismiss for lack of personal jurisdiction and an alternative motion to transfer, and elected to

---

[3] While GE has not filed a motion to transfer, these analogous cases support the proposition that the interests of justice and judicial economy are of paramount importance when considering the first-to-file rule.

transfer the first-filed matter to the forum of the second-filed matter because of the interests of judicial economy and the second-filed action was proceeding without waiting on the first-filed forum).

*Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (stating that federal comity favored the second-filed action, which had no personal jurisdiction issues and was further along).

In addition to the cases cited above, numerous factors establish Delaware as the preferred forum in this case. Justice and judicial economy favor the denial of GE's Motions because the Texas Action has been stayed and there is already an appropriate forum and identical patent actions and indemnity issues pending between all the parties in Delaware.

GE argues that Plaintiffs' indemnity claims against their suppliers are premature and therefore should be ignored for purposes of deciding GE's Motion. Dkt. No. 47 at 5-6. GE is wrong on a number of levels. Plaintiffs' indemnity claims are not premature. Plaintiffs have been accused of and sued for patent infringement and that triggered the suppliers' duties to defend and indemnify. When the suppliers denied Plaintiffs' indemnity demands, Plaintiff chose to sue them in this lawsuit for indemnity contemporaneously with the litigation of the patent infringement claims. Contrary to GE's argument, this is completely proper. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 209-10 (Tex. 1999) ("[W]e have held that an indemnitee may bring a claim against an indemnitor before the judgment is assigned against the indemnitee. . . . We allow such claims to be brought, in the interest of judicial economy, as an exception to the accrual rule for indemnity claims."); *Rust-Oleum Corp. v. Fitz*, 801 N.E.2d 754, 757 (Ind. Ct. App. 2004) ("although obligation to indemnify does not arise until the party seeking indemnity suffers loss or damages, T.R. 14 permits a claim for indemnity to be litigated contemporaneously with injured party's claim") (citing *TLB Plastics Corp., Inc. v. Procter & Gamble Paper Prod. Co.*, 542 N.E.2d 1373 (Ind. Ct. App. 1989)); *Mendelson v. Delaware River & Bay Auth.*, 112 F. Supp. 2d 386, 396 (D. Del. 2000) (even though a court may have yet to

enter a judgment which clearly establishes liability, such a final ruling is not necessary to establish a justiciable case or controversy for indemnification claims). Further, none of the supplier-indemnity defendants have moved to dismiss the indemnity causes of action brought against them on the basis that they are somehow premature, and GE has no standing to request that those claims be dismissed on that basis. Those claims are going to proceed in this Court and cannot simply be ignored as GE asserts.

Remy Inc., Unit Parts Company, and Worldwide Automotive will be prejudiced greatly by the granting of GE's Motion, while GE will not be prejudiced by a denial of its Motion. Plaintiffs have already spent substantial time and expense finding a forum – Delaware – that has jurisdiction over all the relevant parties – GE and Plaintiffs' supplier-indemnitors. GE is a Delaware corporation and thus cannot complain about litigating in the state of its incorporation. Moreover, GE cannot complain that Delaware is an inappropriate forum given that it has already filed patent infringement counterclaims against Plaintiffs in Delaware and did so months before it named those entities as defendants in the Texas Action. If the Court grants GE's Motions, then there will likely be two federal district courts litigating related issues surrounding virtually the same patent claims.

## G.    GE's Improper Attempts to Forum Shop

GE's relentless efforts to litigate this matter in Texas constitutes nothing more than forum shopping. Texas bears no significant relationship to GE, its patent claims, Plaintiffs, or any other party to this dispute. A plaintiff's choice of forum will be accorded less weight where plaintiff has chosen a forum, which is neither his home nor the place where the cause of action arose. *See, e.g., Fontana v. E.A.R., a Div. of Cabot Corp., Inc.*, 849 F. Supp. 212, 215 (S.D.N.Y. 1994) (emphasis added). "[T]he emphasis that a court places on plaintiff's choice of forum diminishes

where . . . the facts giving rise to the litigation bear little material connection to the chosen forum." *Fontana*, 849 F. Supp. at 215. These factors also favor Delaware and the denial of GE's Motion.

### H.    GE's Cited Authority Is Distinguishable and Is Not Authoritative in These Circumstances

The "first filed rule" and "relation back" cases cited in GE's Motion are distinguishable from the facts and procedural history at hand and are not authoritative in the circumstances of this case. None of GE's cited cases deal with a concurrent jurisdiction conflict where one court previously entered a stay making the first-to-file analysis irrelevant. The majority of GE's cases attempt to justify its relation back theory, but do not address the impact of the stay in the Texas Action or the pending prejudice to the other parties in the Delaware Action. As shown above, GE's rigid, over simplified reliance on the first-to-file rule is misplaced and does not provide a basis to dismiss or stay Remy's Delaware Action under the circumstances presented.

GE cites *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189 (S.D.N.Y. 2000), as "involving nearly identical circumstances" as the case at hand, however, the circumstances are in fact very dissimilar. First, the *Aerotel* court was ruling on a motion to transfer venue under the first filed rule and forum non convenience, not a motion to dismiss or stay. There, Sprint sought to have the New York case transferred to Kansas. *Id.* at 195.

Second, GE alleges that the Sprint subsidiaries in *Aerotel* "rushed into a more preferred forum and sued the patentee for declaratory judgment." Dkt. No. 47 at 4. This is dead wrong. Aerotel sued Sprint Corporation in New York in November 1999. *Id.* at 190. On December 8, 1999, "Sprint Corporation filed a declaratory judgment action against Aerotel" in Kansas. *Id.* Nothing in the opinion states that Sprint subsidiaries were named in the Kansas suit. Then on

December 15, 1999, Aerotel filed and served an amended complaint naming Sprint Corporation and its subsidiaries. *Id.* at 190-91.

Third, Sprint argued that Aerotel's original complaint filed in New York was a nullity because Sprint was never properly served with the New York complaint. *Id.* Sprint argued that the date that Aerotel properly served Sprint with its amended complaint was the date the New York court first acquired jurisdiction, and that that date cannot "relate back" under Rule 15(c) because it was never properly served with the original complaint. The court rejected Sprint's argument.

Obviously, the case at hand involves totally different circumstances. GE never named Remy Inc., Unit Parts Company, or Worldwide Automotive when GE filed its complaint in Texas. Those entities filed a declaratory judgment action in Delaware against not only GE, but also other necessary parties – their supplier-indemnitors – in December 2006. GE did not name those entities in the Texas Action until July 2007. Further, the suppliers/indemnitor defendants have never been named in the Texas Action. The first court to acquire jurisdiction over the subsidiaries and this entire dispute is Delaware, and the relation back doctrine does not establish the Texas Action as the first-filed case against the subsidiaries.

Finally, even the *Aerotel* court properly recognized that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second. *Id.* at 195 (emphasis added). The *Aerotel* court ultimately decided not to transfer the case from New York to Kansas because most of the witnesses and documents were located in New York and because it was uncertain whether the Kansas district court possessed jurisdiction. *Id.* at 197. In the case at hand, none of the witnesses or relevant documents are located in Texas

(the Remy subsidiaries are located in Indiana; GE's witnesses and documents are in New Jersey; and Motorola's witnesses and documents are in Illinois).[4] Further, there is no doubt that the Delaware court will be able to proceed as none of the parties has contested personal jurisdiction.

Likewise, *Nutri-Health Supplements, LLC v. Block Drug Co., Inc.*, C.A. No. 06-1673, 2007 WL 38159 (D. Ariz. Jan. 5, 2007), cited by GE, is totally dissimilar. Block initially sued SLI in Delaware because the seller NHS' website identified SLI as the maker of the accused product. *Id.* at *1. Block then notified NHS of the Delaware suit. *Id.* NHS subsequently filed a declaratory judgment action in Arizona. *Id.* Block then amended the Delaware complaint to name NHS. *Id.* The Arizona court granted Block's motion to dismiss the Arizona declaratory judgment suit because NHS actually conducted business (sales of the accused product) and had purchased the accused product and the manufacturing facilities from SLI several months prior to the lawsuit and further because the Court found that NHS misled Block into thinking another party should be sued by listing SLI as the manufacturer, even though NHS was actually the manufacturer since it had purchased the product and the manufacturing facilities from SLI. *Id.* at *1-2.

In the case at hand, there is no dispute that Remy International (the defendant originally named in the Texas Action) is merely a holding company that does no business in Texas. There is no evidence that Remy International ever attempted to mislead GE into believing that it was anything more than a holding company or that Remy Inc., Unit Parts Company, and Worldwide Automotive were the entities that actually sold the accused voltage regulators. Indeed, www.remyinc.com clearly names its subsidiaries, which sell automotive starters and alternators as Remy Inc., Worldwide Automotive, and Unit Parts Company. *See* Exhibits A, B, and C.

---

[4] Motorola was the original assignee of the patent-in-suit and the employer of the listed inventors.

Finally, *Optima, Inc. v. Republic Indus., Inc.*, C.A. No. 94-3919, 1995 WL 72430 (E.D. La. Feb. 21, 1995) is equally dissimilar to the facts in this case. In *Optima*, the plaintiff initially named "Dor-O-Matic" as the defendant. However, "Dor-O-Matic" was simply a tradename used by Republic, rather than an actual business entity. *Id.* at *1. In deciding not to dismiss the case, the court found that there was no question who was being sued since "Dor-O-Matic" was Republic's tradename. *Id.* at *1-2. In this case, Remy International is not merely a tradename. It is a corporate entity that exists independently of its subsidiaries. Suing and attempting to serve the wrong corporation with process, as GE attempted in the Texas Action, is a different proposition than suing and serving the correct company with process but accidentally using its tradename in the complaint, as was the case in *Optima*.

### III.     Conclusion

The facts and circumstances of this dispute support the finding that the Delaware Action is the first suit which acquired jurisdiction over all of the necessary parties and claims, and the Delaware Action should be considered the "first-filed." The Eastern District of Texas' stay of the Texas Action allows Delaware to proceed as the only active forum for this litigation. The federal comity doctrine and the interests of justice and judicial economy favor the handling of this dispute by Delaware – even if it were to be considered a second-filed forum – given that the Delaware suit is further along and has personal jurisdiction over all relevant parties. For the foregoing reasons, Remy requests that the Court deny GE's Motion to Dismiss, or in the Alternative to Stay.

Dated:  July 27, 2007

                                        **GREENBERG TRAURIG, LLP**

                                        _(signature)_
                                        Donald J. Detweiler (#3087)
                                        Titania R. Mack (#4120)
                                        The Nemours Building
                                        1007 North Orange Street, Suite 1200
                                        Wilmington, DE  19801
                                        (302) 661-7000

OF COUNSEL:

Christopher M. Joe
Brian Carpenter
Russell DePalma
W. Ashton Randall III
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX  75201
Telephone:  (214) 665-3600
Fax:     (214) 665-3601

_Attorneys for Plaintiffs_

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July 2007, the foregoing was served upon the following counsel of record via Hand Delivery upon Local Counsel and First Class, U.S. Mail upon the remaining parties.

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Lauren E. Maguire<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for GE Licensing* | Bradford Lyerla<br>Jeffrey Dean<br>Scott Sanderson<br>Marshall Gerstein & Broun LLP<br>233 South Wacker Drive<br>6300 Sears Tower<br>Chicago IL 60606<br>*Attorneys for GE Licensing* |
| Jeffrey Bove<br>Dana Kathryn Hammond<br>Connolly, Bove, Lodge & Hutz<br>1007 North Orange Street<br>Wilmington, DE 19801<br>*Attorneys for Wells Manufacturing* | Holiday Banta<br>Woodard Emhardt Moriarty McNett & Henry LLP<br>111 Monument Circle<br>Suite 3700<br>Indianapolis IN 46204<br>*Attorneys for Wells Manufacturing* |
| David Ellis Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market St., Hercules Plaza, 6th Flr.<br>Wilmington, DE 19801<br>*Attorneys for Taditel* | John D. Ritchison<br>Ritchison Law Offices, PC<br>115 East Ninth Street, Suite A<br>Anderson, IN 46016-1509<br>*Attorneys for Taditel* |
| Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Wetherill Associates* | Stephen Milbrath<br>Robert Thornburg<br>Allen Dyer Dopplet Milbrath & Christ, PA<br>255 South Orange Avenue, Suite 1401<br>Orlando FL 32802<br>*Attorneys for Wetherill Associates* |
| Monte Terrell Squire<br>Adam Poff<br>Young, Conaway, Stargatt & Taylor<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>*Attorneys for STMicroelectronics, Inc.* | |

Titania R. Mack (No. 4120)

# EXHIBIT A

Remy Inc. : Aftermarket Products



We start the world...and keep it running

**About Remy**

**Products** ▶

**Investor Relations**

**Careers**

**Logo Gear**

**Contact Us**

**Related Info For:**
• OE Manufacturers
• Fleets
• Suppliers

### Automotive Starters & Alternators (OEM)

**Our Committment to Quality**

As proud suppliers to the international market place, the people of Remy Inc. are committed to the pursuit of excellence in quality, value, responsiveness, and customer satisfaction. In the spirit of continuous improvement we will challenge ourselves with measurable objectives to support this commitment and validate our efforts.

**Engineering Capabilities**

- Engineering Centers: US, Korea, Hungary, Poland
- Capable from Build to Print
- Component and Vehicle Technical Expertise
- 250 Engineers (OE Operations)
- Customer Application Support, On or Off-Site
- Mulitple CAD Language Capable
- Full Product Validation
- Program Management Product Development Process

© 2005 Remy International, Inc. | **Terms of Use**

# EXHIBIT B



We start the world...and keep it running

**About Remy**

**Products**

**Heavy Duty Electrical**

▶ **Automotive Electrical**

**Diesel Engines & Compnents**

**Locomotive & Marine Engine Parts**

**Investor Relations**

**Careers**

**Logo Gear**

**Contact Us**

**Related Info For:**
• OE Manufacturers
• Fleets
• Suppliers

**Remanufactured Starters and Alternators**
**Quality**
World Wide Automotive keeps up-to-date on emerging technologies and competitive product trends. Periodic competitive product evaluations allow WWA to incorporate the best ideas in processing, component suppliers, materials, and advanced technologies into the WWA products. The evaluation data shows that WWA products are the industry leaders in these areas:



• Functional (product life impacting) characteristics
• Starter/alternator bearings - WWA products use bearings shown to be equivalent to OE
• Starter drive processing
• Alternator insulators
• Rotor/stator/armature/commutator varnish
• Solder/weld electrical connections
• Starter solenoids
• Contamination control
• Component matching/manufacturing to specific product applications and OE specifications
• Cosmetic characteristics
• Housing surface finishes
• Rotor finishes
• Rectifier appearance
• Field coil/case finishes

**Warranty Information**

**Cars and Light Trucks:**
• Alternators and starters - Customer Satisfaction Warranty
**Commercial, Industrial, and Off-Road Vehicles:**
• 12 month limited warranty
**New Gold Units:**
• Customer Satisfaction Warranty

**Product Literature**

**Point of Sale Promotional Materials:**
• Point of Sale Brochures
• Catalogs
• Price Sheets
• Comparisons to competitive products
• "The WWA Value Story"
• "Beneath The Surface" Pamphlet
To order product literature or obtain further assistance, please contact WWA's customer service any time 8:00 AM to 5:00 PM Eastern Time Zone Toll Free at 888-828-2828 or 540-667-9100.

**FAQ's**

© 2005 Remy International, Inc. | **Terms of Use**

# EXHIBIT C

Remy International Completes Acquisition of Unit Parts Company

Page 1 of 2

print  e-mail  link      RSS  Technorati  Blog Search  bookmark it  blog it

## Remy International Completes Acquisition of Unit Parts Company

ANDERSON, Ind., March 22 /PRNewswire/ -- Remy International, Inc., today announced that it has completed its acquisition of the assets of Unit Parts Company (UPC), based in Oklahoma City.

Unit Parts is a major supplier to the automotive aftermarket for new and remanufactured starters and alternators, offering custom branding, packaging and logistics solutions as well as complete engineering and support services. "The combination with UPC cements our number-one position in the electrical aftermarket and strengthens our financial outlook. This acquisition is a 'Win-Win' for Remy and UPC," said Remy International President and CEO, Thomas J. Snyder.

As previously announced, UPC will remain headquartered in Oklahoma City and operate as a division of Remy's Electrical Aftermarket.

Remy International, Inc., headquartered in Anderson, Indiana, is a leading manufacturer, remanufacturer and distributor of Delco Remy brand heavy duty systems and Remy brand starters and alternators, diesel engines and hybrid power technology. The company also provides a worldwide, components core-exchange service for automobiles, light trucks, medium and heavy-duty trucks and other heavy-duty, off-road and industrial applications. Remy was formed in 1994 as a partial divestiture by General Motors Corporation of the former Delco Remy Division, which traces its roots to Remy Electric, founded in 1896. More information is available at the company's website: http://www.remyinc.com

Cautionary Note Regarding Forward-Looking Statements
Except for historical information, all other information in this press release consists of forward-looking statements within the meaning of the federal securities laws. These statements relate to the Company's future plans, objectives, expectations and intentions and may be identified by words like "believe," "expect," "may," "will," "should," "seek," or "anticipate," and similar expressions. These forward-looking statements involve a number of risks, uncertainties and other factors, which may cause the actual results to be materially different from those expressed or implied in the forward-looking statements. Important factors that could cause the statements made in this press release to differ are discussed in the Company's Form 10-K Annual Report for the year ended December 31st, 2003 and in subsequent filings. The Company does not intend to review or revise any particular forward-looking statement in light of future events.

SOURCE Remy International, Inc.

---

Ⓐ back to top

**Related links:**
- http://www.remyinc.com

**Company News On-Call:**

- http://www.prnewswire.com/comp/111635.html

 Technorati   ○ Blogs Discussing This News Release

Issuers of news releases and not PR Newswire are solely responsible for the accuracy of the content.
Terms and conditions, including restrictions on redistribution, apply.
Copyright © 1996-2007 PR Newswire Association LLC. All Rights Reserved.
A United Business Media company.

# EXHIBIT D

JURY, PATENT, STAYED

**U.S. District Court [LIVE]**
**Eastern District of TEXAS LIVE (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:06-cv-00345-DF**

| | |
|---|---|
| CIF Licensing, LLC., v. Denso Corporation et al | Date Filed: 08/30/2006 |
| Assigned to: Judge David Folsom | Jury Demand: Plaintiff |
| Cause: 35:271 Patent Infringement | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

**CIF Licensing, LLC.,**
*doing business as*
GE Licensing

represented by **Bradford P Lyerla**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: blyerla@marshallip.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony S Hind**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312-474-6300
Fax: 13124740448
Email: ahind@marshallip.com
*ATTORNEY TO BE NOTICED*

**Anthony G Sitko**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312-474-6300
Fax: 13124740448
Email: asitko@marshallip.com
*ATTORNEY TO BE NOTICED*

**Deborah J Race**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600

Email: drace@icklaw.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Howard Dean**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jdean@marshallip.com
*ATTORNEY TO BE NOTICED*

**Otis W Carroll, Jr**
Ireland Carroll & Kelley
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071
Email: Fedserv@icklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Denso Corporation**
*TERMINATED: 11/08/2006*

**Defendant**

**Remy International, Inc.,**          represented by  **Christopher Michael Joe**
*TERMINATED: 07/11/2007*                              Greenberg Traurig - Dallas
                                                      2200 Ross Ave
                                                      Suite 5200
                                                      Dallas, Tx 75201
                                                      2146653604
                                                      Fax: 2146655904
                                                      Email: joec@gtlaw.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Valeo, Inc.**                         represented by  **Melissa Richards Smith**
*TERMINATED: 04/27/2007*                              Gillam & Smith, LLP
                                                      303 South Washington Avenue
                                                      Marshall, TX 75670
                                                      US
                                                      903/934-8450
                                                      Fax: 903/934-9257

Email: melissa@gillamsmithlaw.com
*LEAD ATTORNEY*

**Defendant**

**Valeo Sistemas Electricos S.A. DE
C.V.**
*TERMINATED: 04/27/2007*

**Defendant**

**Remy Inc**

**Defendant**

**Unit Parts Company**

**Defendant**

**World Wide Automotive LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/30/2006 | 1 | ORIGINAL COMPLAINT WITH JURY TRIAL DEMAND against Denso Corporation, Remy International, Inc.,, Valeo, Inc. (Filing fee $ 350.) , filed by CIF Licensing, LLC,. (Attachments: # 1 Exhibit A# 2 Civil Cover Sheet)(ch, ) (Entered: 08/31/2006) |
| 08/30/2006 | | Summons Issued as to Denso Corporation, Remy International, Inc.,, Valeo, Inc.. (ch, ) (Entered: 08/31/2006) |
| 08/30/2006 | | Filing fee: $ 350.00, receipt number 6-1-6539 (ch, ) (Entered: 08/31/2006) |
| 08/30/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by CIF Licensing, LLC., (ch, ) (Entered: 08/31/2006) |
| 08/30/2006 | 3 | Form mailed to Commissioner of Patents and Trademarks. (ch, ) (Entered: 08/31/2006) |
| 08/30/2006 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Anthony S Hind for CIF Licensing, LLC. APPROVED (poa, ) (Entered: 01/22/2007) |
| 08/30/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney Anthony G Sitko for CIF Licensing, LLC.APPROVED (poa, ) (Entered: 01/22/2007) |
| 08/30/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Jeffrey Howard Dean for CIF Licensing, LLC.APPROVED (poa, ) (Entered: 01/22/2007) |
| 08/30/2006 | | Pro Hac Vice Filing fee paid by Hind Sitko Dean; Fee: $75., receipt number: 6-1-6540 (poa, ) (Entered: 01/22/2007) |
| 09/05/2006 | 4 | NOTICE of Attorney Appearance by Otis W Carroll, Jr on behalf of CIF Licensing, LLC., (Carroll, Otis) (Entered: 09/05/2006) |
| 09/28/2006 | 5 | E-GOV SEALED SUMMONS Returned Executed Secretary of State by |

| | | CIF Licensing, LLC.,, Remy International, Inc., served on 9/21/2006, answer due 10/11/2006. (ch, ) (Entered: 10/02/2006) |
|---|---|---|
| 10/02/2006 | 7 | E-GOV SEALED SUMMONS Returned Executed Process Server by CIF Licensing, LLC.,, Valeo, Inc. served on 9/21/2006, answer due 10/11/2006. (ch, ) (Entered: 10/04/2006) |
| 10/04/2006 | 6 | MOTION for Extension of Time to File Response/Reply as to 1 Complaint *Defendant Remy International, Inc.'s Unopposed Motion For Enlargement Of Time To File Response To Plaintiff's Complaint* by Remy International, Inc.,. (Attachments: # 1 Text of Proposed Order) (Joe, Christopher) (Entered: 10/04/2006) |
| 10/10/2006 | 8 | ORDER granting 6 *Defendant Remy International, Inc.'s Unopposed Motion For Enlargement Of Time To File Response To Plaintiff's Complaint* re 1 Complaint Responses due by 11/6/2006. Signed by Judge David Folsom on 10/5/06. (mrm, ) (Entered: 10/10/2006) |
| 10/10/2006 | | Answer Due Deadline Updated for Remy International, Inc., to 11/6/2006. (mrm, ) (Entered: 10/10/2006) |
| 10/11/2006 | 9 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff CIF Licensing, L.L.C.'s Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 10/11/2006) |
| 10/16/2006 | 10 | ORDER GRANTING DEFENDANT VALEO, INC.'S MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINITFF CIF LICENSING, L.L.C.'S COMPLAINT; granting 9 Motion for Extension of Time to File; Answer due 10/19/06 . Signed by Judge David Folsom on 10/16/06. (mrm, ) (Entered: 10/16/2006) |
| 10/16/2006 | | Answer Due Deadline Updated for Valeo, Inc. to 10/19/2006. (mrm, ) (Entered: 10/16/2006) |
| 10/18/2006 | 11 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move, or Otherwise Respond to Plaintiff CIF Licensing, LLC's Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 10/18/2006) |
| 10/20/2006 | 12 | AMENDED COMPLAINT against Valeo Sistemas Electricos S.A. DE C.V., Denso Corporation, Remy International, Inc.,, Valeo, Inc., filed by CIF Licensing, LLC.,. (Attachments: # 1 Exhibit A)(Carroll, Otis) (Entered: 10/20/2006) |
| 10/20/2006 | 13 | ORDER GRANTING DEFENDANT VALEO, INC.'S UNOPPOSED MOTION TO EXTEND TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF CIF LICENSING, L.L.C.'S COMPLAINT; granting 11 Motion for Extension of Time to File; Answer due 11/2/06 . Signed by Judge David Folsom on 10/20/06. (mrm, ) (Entered: 10/20/2006) |

| 10/20/2006 | | Answer Due Deadline Updated for Valeo, Inc. to 11/2/2006. (mrm, ) (Entered: 10/20/2006) |
|---|---|---|
| 10/20/2006 | | Summons Issued as to Valeo Sistemas Electricos S.A. DE C.V.. (mll, ) (Entered: 10/20/2006) |
| 11/01/2006 | | Summons Issued as to Valeo Sistemas Electricos S.A. DE C.V.. (ch, ) (Entered: 11/01/2006) |
| 11/02/2006 | 14 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff CIF Licensing, LLC d/b/a GE Licensing's First Amended Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 11/02/2006) |
| 11/06/2006 | 15 | Second MOTION for Extension of Time to File Response/Reply as to 1 Complaint, 12 Amended Complaint *Second Unopposed Motion for Enlargement of Time to File Response* by Remy International, Inc.. (Attachments: # 1 Text of Proposed Order Granting Second Motion for Enlargement of Time to File Response)(Joe, Christopher) (Entered: 11/06/2006) |
| 11/06/2006 | 16 | ORDER granting 14 Motion for Extension of Time to Answer, Move or Otherwiser respond to Plaintiff CIF Licensing LLC's First Amended Complaint. ORDERED that Defendant Valeo Inc, be and hereby is, GRANTED an extension ot time within whick to respond to Pla's First Amended Complaint up to and including 11/30/06 in the above cause. Signed by Judge David Folsom on 11/6/06. (mpv, ) (Entered: 11/06/2006) |
| 11/07/2006 | 17 | NOTICE by CIF Licensing, LLC., *of Dismissal With Respect to Defendant DENSO CORPORATION* (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 11/07/2006) |
| 11/08/2006 | 18 | ORDER granting 15 Motion for Extension of Time to File Response/Reply re 15 Second MOTION for Extension of Time to File Response/Reply as to 1 Complaint, 12 Amended Complaint *Second Unopposed Motion for Enlargement of Time to File Response* Responses due by 11/30/2006. Signed by Judge David Folsom on 11/7/06. (mpv, ) (Entered: 11/08/2006) |
| 11/08/2006 | | Answer Due Deadline Updated for Remy International, Inc., to 11/30/2006. (mpv, ) (Entered: 11/08/2006) |
| 11/08/2006 | 19 | ORDER OF DISMISSAL WITH PREJUDICE re 17 Notice (Other) filed by CIF Licensing, LLC. IT IS THEREFORE ORDERED that all claims for relief asserted by GE Licensing against Defendant DENSO CORPORATION only herein are dismissed with prejudice. IT IS FURTHER ORDERED that all attorney's fees, costs of court and expenses shall be borne by each party incurring same. Signed by Judge David Folsom on 11/7/06. (mpv, ) (Entered: 11/08/2006) |
| 11/16/2006 | 20 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s* |

| | | |
|---|---|---|
| | | *Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff CIF Licensing, L.L.C. d/b/a GE Licensing's FIrst Amended Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 11/16/2006) |
| 11/20/2006 | 21 | ORDER granting 20 Motion for Extension of Time to File; Valeo Inc. Answer due 12/22/06 . Signed by Judge David Folsom on 11/20/06. (mrm, ) (Entered: 11/20/2006) |
| 11/20/2006 | | Answer Due Deadline Updated for Valeo, Inc. to 12/22/2006. (mrm, ) (Entered: 11/20/2006) |
| 11/28/2006 | 22 | Third MOTION for Extension of Time to File Response/Reply as to 1 Complaint, 12 Amended Complaint by Remy International, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Remy's Third Unopposed Motion For Enlargement of Time)(Joe, Christopher) (Entered: 11/28/2006) |
| 12/19/2006 | 23 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff CIF Licensing, L.L.C. d/b/a GE Licensing's First Amended Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 12/19/2006) |
| 12/21/2006 | 24 | MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* by Remy International, Inc.,. (Attachments: # 1 Exhibit A - Declaration of John C. Fitzenberger# 2 Text of Proposed Order Granting Motion to Dismiss)(Joe, Christopher) (Entered: 12/21/2006) |
| 12/27/2006 | 25 | ORDER granting 23 Motion for Extension of Time to File Answer to Complaint up to and including 1/31/2007. Signed by Judge David Folsom on 12/27/2006. (sm, ) (Entered: 12/27/2006) |
| 12/27/2006 | | Answer Due Deadline Updated for Valeo, Inc. to 1/31/2007. (sm, ) (Entered: 12/27/2006) |
| 01/19/2007 | 26 | Consent MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* by CIF Licensing, LLC.,. (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 01/19/2007) |
| 01/22/2007 | 30 | ORDER granting 26 Motion for Extension of Time to File Response/Reply re 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* Responses due by 1/31/2007. Signed by Judge David Folsom on 1/22/07. (mrm, ) (Entered: 01/22/2007) |
| 01/29/2007 | 31 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff CIF Licensing, LLC d/b/a GE Licensing's First Amended Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed |

| | | Order)(Smith, Melissa) (Entered: 01/29/2007) |
|---|---|---|
| 01/29/2007 | 32 | Consent MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* by CIF Licensing, LLC.,. (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 01/29/2007) |
| 01/31/2007 | 33 | ORDER GRANTING DEFENDANT VALEO, INC.'S UNOPPOSED MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF CIF LICENSING, L.L.C. D/B/A/ GE LICENSING'S FIRST AMENDED COMPLAINT; granting 31 Motion for Extension of Time to File; Valeo Inc. Answer due 2/28/07 . Signed by Judge David Folsom on 1/30/07. (mrm, ) (Entered: 01/31/2007) |
| 01/31/2007 | | Answer Due Deadline Updated for Valeo, Inc. to 2/28/2007. (mrm, ) (Entered: 01/31/2007) |
| 01/31/2007 | 34 | ORDER granting 32 Motion for Extension of Time to File Response/Reply re 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* Responses due by 2/28/2007. Signed by Judge David Folsom on 1/30/07. (mrm, ) (Entered: 01/31/2007) |
| 02/26/2007 | 35 | Consent MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* by CIF Licensing, LLC.,. (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 02/26/2007) |
| 02/27/2007 | 36 | MOTION for Extension of Time to File *Defendant Valeo, Inc.'s Unopposed Motion to Extend Time to Answer, Move or Otherwise Respond to Plaintiff's First Amended Complaint* by Valeo, Inc.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 02/27/2007) |
| 02/27/2007 | 37 | ORDER granting 35 Motion for Extension of Time to File Response/Reply re 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* Responses due by 3/30/2007. Signed by Judge David Folsom on 2/27/07. (mrm, ) (Entered: 02/27/2007) |
| 02/28/2007 | 38 | ORDER GRANTING DEFENDANT VALEO, INC.'S UNOPPOSED MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND TO PLAINTIFF CIF LICENSING, L.L.C. d/b/a GE LICENSING'S FIRST AMENDED COMPLAINT;granting 36 Motion for Extension of Time to File; Valeo Inc. Answer due 3/30/07. Signed by Judge David Folsom on 2/28/07. (mrm, ) (Entered: 02/28/2007) |
| 02/28/2007 | | Answer Due Deadline Updated for Valeo, Inc. to 3/30/2007. (mrm, ) (Entered: 02/28/2007) |

| 03/26/2007 | 39 | NOTICE by CIF Licensing, LLC., *of Dismissal With Respect to Defendants Valeo, Inc. and Valeo Sistemas Electricos S.A. de C.V.* (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 03/26/2007) |
|---|---|---|
| 03/27/2007 | 40 | Consent MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* by CIF Licensing, LLC.,. (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 03/27/2007) |
| 04/02/2007 | 41 | ORDER granting 40 Motion for Extension of Time to File Response/Reply re 40 as to 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* Responses due by 4/30/2007. Signed by Judge David Folsom on April 2, 2007. (rml, ) (Entered: 04/02/2007) |
| 04/27/2007 | 42 | ORDER OF DISMISSAL WITH PREJUDICE; re 39 Notice (Other) filed by CIF Licensing, LLC.,,, Valeo Sistemas Electricos S.A. DE C.V. and Valeo, Inc. terminated.. Signed by Judge David Folsom on 4/26/07. (mrm, ) (Entered: 04/27/2007) |
| 04/27/2007 | 43 | NOTICE OF SCHEDULING CONFERENCE, PROPOSED DEADLINES FOR DOCKET CONTROL ORDER, AND DISCOVERY ORDER; Scheduling Conference set for 6/6/2007 11:00 AM in Ctrm 319 (Texarkana) before Judge David Folsom.. Signed by Judge David Folsom on 4/26/07. (mrm, ) (Entered: 04/27/2007) |
| 04/30/2007 | 44 | MOTION for Leave to File *Second Amended Complaint* by CIF Licensing, LLC.,. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Text of Proposed Order)(Carroll, Otis) (Entered: 04/30/2007) |
| 04/30/2007 | 45 | RESPONSE in Opposition re 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction filed by CIF Licensing, LLC.,.* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Carroll, Otis) (Entered: 04/30/2007) |
| 05/08/2007 | 46 | NOTICE of Attorney Appearance by Deborah J Race on behalf of CIF Licensing, LLC., (Race, Deborah) (Entered: 05/08/2007) |
| 05/15/2007 | 47 | RESPONSE in Opposition re 44 MOTION for Leave to File *Second Amended Complaint*, 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction Remy International's Response In Opposition To Plaintiff's Motion For Leave To File Second Amended Complaint and Reply In Support Of Motion to Dismiss For Lack of Personal Jurisdiction filed by Remy International, Inc.,.* (Attachments: # 1 Exhibit 1 - Delaware Complaint# 2 Exhibit 2 - Answer by GE Licensing# 3 Exhibit 3 - Answer by Wells Mfg.# 4 Exhibit 4 - Docket Sheet - Delaware Case# 5 Exhibit 5 - Reexam - Part 1# 6 Exhibit 5 - Reexam - Part 2# 7 Exhibit 5 - Part 3 (Exhs. A & B)# 8 Exhibit 5 - Reexam - Part 4 [Exhs. C & D, Part 1]# 9 Exhibit 5 - Reexam - Part 5 [Exhs. D, Part 2 & E]# 10 Exhibit 5 - |

| | | |
|---|---|---|
| | | Reexam - Part 6 [Exh. F]# 11 Exhibit 5 - Reexam - Part 7# 12 Exhibit 5 - Reexam - Part 8 Filing Receipt# 13 Exhibit 6 - USPTO Order)(Joe, Christopher) (Entered: 05/15/2007) |
| 05/17/2007 | 48 | Consent MOTION for Extension of Time to File Response/Reply as to 47 Response in Opposition to Motion,,,, by CIF Licensing, LLC.,. (Attachments: # 1 Text of Proposed Order)(Carroll, Otis) (Entered: 05/17/2007) |
| 05/18/2007 | 49 | ORDER granting 48 Motion for Extension of Time to File Response/Reply re 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction* Replies due by 5/29/2007.. Signed by Judge David Folsom on 5/18/07. (mrm, ) (Entered: 05/18/2007) |
| 05/18/2007 | 50 | ORDER Setting Hearing on Motion 44 MOTION for Leave to File *Second Amended Complaint*, 24 MOTION to Dismiss for Lack of Jurisdiction *Defendant Remy International, Inc.'s Motion To Dismiss For Want of Personal Jurisdiction*: Motion Hearing set for 6/6/2007 11:00 AM in Ctrm 319 (Texarkana) before Judge David Folsom. Each side shall have a total of 30 minutes for argument as to both motions.. Signed by Judge David Folsom on 5/18/07. (mrm, ) (Entered: 05/18/2007) |
| 05/29/2007 | 51 | REPLY TO RESPONSE re 44 MOTION for Leave to File *Second Amended Complaint filed by CIF Licensing, LLC.,. (Attachments: # 1 Exhibit Second Amended Complaint)(Carroll, Otis) Modified on 5/30/2007 (sm, ). (Entered: 05/29/2007) |
| 06/04/2007 | 52 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Appendix A)(Carroll, Otis) (Entered: 06/04/2007) |
| 06/05/2007 | 53 | REPLY to Response to Motion re 44 MOTION for Leave to File *Second Amended Complaint - Remy International's Sur-Reply Opposing Plaintiff's Motion For Leave To File Second Amended Complaint filed by Remy International, Inc.,. (Attachments: # 1 Exhibit A - Remy# 2 Exhibit B - World Wide Automotive# 3 Exhibit C - Unit Parts Company# 4 Exhibit D - GE's Amended Answer)(Joe, Christopher) (Entered: 06/05/2007) |
| 06/06/2007 | 54 | Minute Entry for proceedings held before Judge David Folsom : Scheduling Conference held on 6/6/2007. (Court Reporter Libby Crawford.) (mrm, ) (Entered: 06/06/2007) |
| 06/15/2007 | 55 | NOTICE by CIF Licensing, LLC., re 54 Scheduling Conference *Submission of Revised Docket Control Order per Judge's instructions* (Race, Deborah) (Entered: 06/15/2007) |
| 06/15/2007 | 56 | REPLY to RESPONSE 44 MOTION for Leave to File *Second Amended Complaint filed by CIF Licensing, LLC.,. (Race, Deborah) Modified on 6/18/2007 (mpv, ). (Entered: 06/15/2007) |
| 06/25/2007 | 57 | RESPONSE in Opposition re 44 MOTION for Leave to File *Second Amended Complaint - Remy's Supplemental Opposition to Plaintiff's* |

| | | *Motion For Leave to File Second Amended Complaint filed by Remy International, Inc.,*. (Joe, Christopher) (Entered: 06/25/2007) |
|---|---|---|
| 06/26/2007 | 58 | AGREED SCHEDULING ORDER: Pre-hearing Conference and Technical Tutorial set for 2/5/2008 in Ctrm 319 (Texarkana) before Judge David Folsom. Final Pretrial Conference set for 10/6/2008 10:00 AM in Ctrm 106 (Marshall) before Judge David Folsom. Claim Construction set for 2/14/2008 in Ctrm 319 (Texarkana) before Judge David Folsom. Amended Pleadings due by 4/7/2008. Joinder of Parties due by 10/30/2007. Jury instructions due by 9/8/2008 Jury Selection set for 10/7/2008 10:00 AM in Ctrm 106 (Marshall) before Judge David Folsom. Proposed Pretrial Order due by 9/8/2008.. Signed by Judge David Folsom on 6/25/07. (mrm, ) (Entered: 06/26/2007) |
| 07/03/2007 | 59 | ORDER granting 44 Motion for Leave to File Second Amended Complaint. Plaintiff shall have leave to re-file its proposed Second Amended Complaint on the Court?s electronic docket. It is further ORDERED that the present case is STAYED pending further action by the Delaware court. Signed by Judge David Folsom on 7/2/07. (mpv, ) (Entered: 07/03/2007) |
| 07/03/2007 | 60 | ORDER STAYING CASE. ORDERED that the present case is STAYED pending further action by the Delaware court. Signed by Judge David Folsom on 7/2/07. (mpv, ) (Entered: 07/03/2007) |
| 07/10/2007 | 61 | AMENDED COMPLAINT *Second Amended Complaint* against all defendants, filed by CIF Licensing, LLC.,.(Carroll, Otis) (Entered: 07/10/2007) |
| 07/11/2007 | 62 | ORDER granting 24 Motion to Dismiss for Lack of Jurisdiction. Defendant Remy International Inc.?s motion to dismiss (Dkt. No. 24) istherefore unopposed and it is hereby GRANTED . Signed by Judge David Folsom on 7/11/07. (mpv, ) (Entered: 07/11/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/27/2007 13:18:58 | | |
| PACER Login: | gt1203 | Client Code: | 078944.011700 |
| Description: | Docket Report | Search Criteria: | 2:06-cv-00345-DF |
| Billable Pages: | 6 | Cost: | 0.48 |