IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY, INC., UNIT PARTS COMPANY, and WORLDWIDE AUTOMOTIVE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 06-785-*** |
| v. | ) ) | |
| CIF LICENSING, LLC, D/B/A GE LICENSING, WELLS MANUFACTURING CORP., TADITEL US, INC., and WETHERILL ASSOCIATES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| WELLS MANUFACTURING CORP., | ) ) ) | |
| Counterclaimant, | ) ) | |
| v. | ) ) | |
| REMY, INC., | ) ) ) | |
| Counterdefendant. | ) ) | |
| WELLS MANUFACTURING CORP., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| STMICROELECTRONICS, INC., | ) ) ) | |
| Third-Party Defendant. | ) ) | |

**STMICROELECTRONICS, INC.'S ANSWERING BRIEF IN OPPOSITION TO WELLS MANUFACTURING, L.P.'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY BRIEF**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Third-Party Defendant,*
*STMicroelectronics, Inc.*

Dated: August 10, 2007

059155.1003

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS ............................................................... 3

SUMMARY OF ARGUMENT ....................................................................................... 5

STATEMENT OF FACTS .............................................................................................. 6

ARGUMENT ................................................................................................................... 7

   I.      WELLS FILED ITS MOTION IN VIOLATION OF COURT RULES . ................... 7

      A.   The Motion Should Be Denied Because It Violates Local Rule 7.1.2. ........................ 7

      B.   The Sur-Reply Brief Includes Two Arguments Not Even Mentioned In
         The Motion........................................................................................................... 8

   II.     THE MOTION SHOULD BE DENIED BECAUSE IT HAS NO
        SUBSTANTIVE MERIT........................................................................................ 9

      A.   The Applicable Legal Standard. ........................................................................... 9

      B.   Section II.E.3 Provides No Basis For A Sur-Reply Brief. ........................................ 10

      C.   Section II.D Provides No Basis For A Sur-Reply Brief. ........................................... 12

      D.   Section II.A. Provides No Basis For A Sur-Reply Brief. .......................................... 14

CONCLUSION.............................................................................................................. 16

DB02:6175625.1 059155.1003

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Chambers v. Doe,*
  453 F. Supp. 2d 858 (D. Del. 2006) ...................................................................... 7

*Intermedics Infusaid, Inc. v. Regents of University of Minnesota,*
  804 F.2d 129 (Fed. Cir. 1986)..................................................................... 13, 14

*Kondrath v. Arum,*
  881 F. Supp. 925 (D. Del. 1995) ......................................................................... 7

*Kozak v. Medtronic, Inc.,*
  No. H-03-4400, 2006 U.S. Dist. LEXIS 6269 (S.D. Tex. Jan. 31, 2006) .............................. 10

*Lightfoot v. District of Columbia,*
  No. 04-1280 (RBW), 2006 U.S. Dist. LEXIS 1358 (D.D.C. Jan. 10, 2006).......................... 10

*Mansoori v. Lappin,*
  No. 04-3241-JAR, 2007 U.S. Dist. LEXIS 7612 (D. Kan. Feb. 1, 2007) ................................ 9

*United States v. International Business Machines Corp.,*
  66 F.R.D. 383 (S.D.N.Y. 1975)...................................................................... 7, 8

*United States v. Lane Labs-USA, Inc.,*
  324 F. Supp. 2d 547 (D.N.J. 2004)......................................................................... 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6).................................................................... 3

Local Rule 7.1.2 .......................................................................................... passim

Local Rule 7.1.2.(c) ......................................................................................... 7

Third Circuit Internal Operating Procedures, Rule 9.1 ...................................... 11, 12

## PRELIMINARY STATEMENT

Wells Manufacturing L.P.'s ("Wells") unfounded motion to strike and for leave to file a sur-reply brief (the "Motion" (D.I. 50)) is consistent with its theme thus far in the litigation of requesting that the Court correct problems of Wells' own making. Wells has already sought to compensate for deficiencies in its' own Purchase Order by asking the Court to interpret the Purchase Order's indemnity provision more broadly than and contrary to the provision's plain meaning (as detailed in STMicroelectronics' Opening and Reply Briefs) so as to provide Wells with indemnification for indemnity claims asserted against it.[1] Wells now requests the Court's assistance to compensate for deficiencies in its Answering Brief by seeking leave to file a sur-reply brief.[2] Wells' Motion is little more than a thinly-veiled attempt to have the last word on various issues by making arguments that it could have made (but neglected to make) in its Answering Brief and that otherwise provide no basis for the filing of a sur-reply brief.

The Motion should be denied for at least three reasons. First, Wells filed the Motion and its Sur-Reply Brief simultaneously in violation of Local Rule 7.1.2, which prohibits the filing of a sur-reply brief before the Court has granted leave to do so.[3] Wells' decision to

---

[1]    The defined term "Opening Brief" means Third-Party Defendant STMicroelectronics, Inc.'s Opening Brief In Support Of Motion To Dismiss Or Stay (D.I. 38). The Opening Brief is cited herein as "OB __." The defined term "Reply Brief" means STMicroelectronics, Inc.'s Reply Brief In Further Support Of Its Motion To Dismiss Or Stay (D.I. 46). The Reply Brief is cited herein as "RB __."

[2]    The defined term "Answering Brief" means Wells Manufacturing Corp.'s Answering Brief Against Third-Party Defendant STMicroelectronics, Inc.'s Motion To Dismiss Or Stay (D.I. 45). The Answering Brief is cited herein as "AB __."

[3]    The defined term "Sur-Reply Brief" means Wells Manufacturing L.P.'s Surreply Against Third-Party Defendant STMicroelectronics, Inc.'s Reply In Support Of Its Motion To Dismiss Or Stay. (D.I. 50) The Sur-Reply Brief is cited herein as "SB __."

disregard the Court's rules has resulted in prejudice to STMicroelectronics that cannot be cured, as detailed below.

Second, Wells includes at least two new arguments in the Sur-Reply Brief, which are not addressed (or even referenced) in the Motion. Wells' actions constitute a clear violation of the Court's rules.

Third, Wells' new arguments (and the rehashed ones) have no substantive merit. As detailed below, each of the STMicroelectronics positions in the Reply Brief that Wells accuses of being "new" is actually nothing more than a response to an argument made by Wells in the Answering Brief and therefore provides no basis for leave to file a sur-reply brief.

For all these reasons, the Court should deny the Motion.

## NATURE AND STAGE OF PROCEEDINGS

On April 30, 2007, Wells filed its Answer, Counterclaims, and Third-Party Complaint (the "Third-Party Complaint") (D.I. 24) in this action, asserting, among other things, third-party indemnification and breach of contract claims against STMicroelectronics.

On June 20, STMicroelectronics moved to dismiss Wells' claims pursuant to Rule 12(b)(6), or, in the alternative, to dismiss or stay them pursuant to the *Colorado River* doctrine in favor of an action filed on November 1, 2006 by STMicroelectronics against Wells in Texas (the "Texas State Action"). (D.I. 37)  In the Texas State Action, STMicroelectronics seeks the same rulings Wells seeks in the present case, *e.g.*, that STMicroelectronics is not required to indemnify Wells for losses stemming from contractual indemnity claims brought against Wells.

On June 21, 2007, STMicroelectronics received an order setting trial in the Texas State Action on October 22, 2007.  On June 24, STMicroelectronics provided notice to Wells that it would reference the order in the Reply Brief.  Wells filed its Answering Brief on July 5 without mention of the order.  On July 12, STMicroelectronics explained in its Reply Brief that the Texas State Action was scheduled to be tried on October 22 and that this Court could not prevent the action from proceeding in Texas.

On July 20 (almost three months after Wells asserted its claims against STMicroelectronics in the present case and nine months after the Texas State Action commenced), Wells moved to stay the Texas State Action.  Wells has thus far failed to schedule the motion for a hearing.

On July 27, Wells simultaneously filed the Motion and its Sur-Reply Brief in violation of Local Rule 7.1.2, which prohibits the filing of a sur-reply brief before the Court grants leave to do so.  In the Sur-Reply Brief, Wells argues (after not addressing the issue in the

3

059155.1003

Answering Brief) that it does dispute whether the present case and the Texas State Action are "parallel" for purposes of the *Colorado River* analysis. Wells also argues that the Texas state court lacks subject-matter jurisdiction to hear the Texas State Action. Neither issue appears in the Motion as a basis for obtaining leave to file a sur-reply brief.

This is STMicroelectronics' answering brief filed in opposition to the Motion.

## SUMMARY OF ARGUMENT

1.    Wells' Motion should be denied because Wells filed its Sur-Reply Brief with the Motion and thereby violated Local Rule 7.1.2, which specifically states that, once a reply brief has been filed, "no additional papers shall be filed absent Court approval."  The acceptance of the Sur-Reply Brief would result in prejudice to STMicroelectronics that cannot be cured.  In like circumstances, this Court has denied motions for leave to file a sur-reply brief.

2.    Wells' Motion should be denied because Wells violated Court rules by including two arguments in the Sur-Reply Brief that are not even mentioned in the Motion.  Those arguments relate to the parallel nature of the Texas State Action and the present action and the Texas state court's subject-matter jurisdiction to hear the Texas State Action.

3.    Wells' Motion should be denied because it has no substantive merit.  None of the arguments identified by Wells from sections II.E.3., II.D. and II.A. of the Reply Brief constitutes new material that could give rise to a right to file a sur-reply brief.

DB02:6175625.1                                                                                                      059155.1003

**STATEMENT OF FACTS**

To the extent relevant to the Motion, STMicroelectronics incorporates the Statement of Facts contained in its Opening Brief.  STMicroelectronics responds below to the arguments that comprise the entirety of Wells' Statement of Facts in the Motion.

DB02:6175625.1    059155.1003

## ARGUMENT

### I.  WELLS FILED ITS MOTION IN VIOLATION OF COURT RULES.

#### A.  The Motion Should Be Denied Because It Violates Local Rule 7.1.2.

Wells filed the Sur-Reply Brief with the Motion and thereby violated Local Rule 7.1.2, which specifically states that, once a reply brief has been filed, "no additional papers shall be filed absent Court approval." In such circumstances, this Court has denied leave and rejected the proposed sur-reply brief. *See Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006) (striking plaintiff's sur-reply brief where brief: (1) was filed in violation of Local Rule 7.1.2, which only permits the filing of an opening brief by the moving party, an answering brief (response) and a reply brief, (2) belatedly raised arguments not raised in plaintiff's answering brief, and (3) denied defendants the full opportunity to explore and address the arguments); *Kondrath v. Arum,* 881 F. Supp. 925, 927 (D. Del. 1995) ("After the defendants filed their reply brief, the plaintiffs filed a motion for leave to file a sur-reply brief and the sur-reply brief itself concurrently on February 16, 1995. [D. Del.] Local Rule 7.1.2.(c) prohibits a party from filing a sur-reply brief without prior approval of the court, unless the brief advises the court of cases decided after the final brief was filed or after oral argument. The Court has not considered these briefs in deciding this motion because the plaintiffs did not seek approval of the Court prior to filing the sur-reply brief. Since approval was neither sought nor granted before the plaintiffs filed their sur-reply brief, that filing was improper.") (citation omitted).

Other well-respected courts have reached the same conclusion. *See, e.g., United States v. International Business Machines Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) ("To permit the . . . papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing

the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them.")  The result should be the same here.

   To the extent Wells would argue that no prejudice will result from its violation of the Local Rules and the Court's acceptance of the improperly filed Sur-Reply Brief, Wells is wrong.  In addition to the general resulting prejudice acknowledged by courts such as the *International Business Machines* court, STMicroelectronics would be prejudiced because it was abundantly careful not to raise new material in the Reply Brief (as detailed below) so as to preserve the natural briefing order for its motion to dismiss or stay.  For Wells to submit the Sur-Reply Brief (presumably for the purpose of biasing the Court in its consideration of the Motion) and thereby take without permission the last word on STMicroelectronics' motion to dismiss or stay before STMicroelectronics even has an opportunity to respond to Wells' request for leave is profoundly unfair.  STMicroelectronics requests that the Court deny the Motion and disregard the Sur-Reply Brief for this reason.

  **B.**  **The Sur-Reply Brief Includes Two Arguments**
     **Not Even Mentioned In The Motion.**

   The Motion should also be denied because the Sur-Reply Brief includes at least two arguments that are not raised in the Motion.

   <u>First</u>, Wells contends in the Sur-Reply (but not in the Motion) that it disputes whether the present case and the Texas State Action are "parallel" for purposes of the *Colorado River* analysis.  STMicroelectronics explained in the Opening Brief that the present action and the Texas State Action are parallel for purposes of triggering the six-factor *Colorado River* analysis. (OB 19-21)  Wells, however, failed to address this issue in its Answering Brief.  In the Reply Brief, STMicroelectronics stated that Wells did not contest that the cases are parallel and

                                    

argued that Wells conceded the cases are parallel for purposes of the *Colorado River* analysis. (RB 9) There is no possibility that such a statement could constitute new material giving rise to a right to file a sur-reply brief.

Wells does not mention the parallel litigation issue in its Motion (nor would it have grounds to do so), yet the Sur-Reply Brief contains an entire subsection entitled "Wells *Disputes* That the Texas State Action Is Parallel." (SR 8) Wells has not even sought (much less received) permission to make this argument in a sur-reply brief, and its surreptitious inclusion of the argument in the brief illustrates Wells' failure to abide by the Court's rules.

Second, Wells argues in the Sur-Reply Brief that this Court should not abstain because the Texas state court lacks subject matter jurisdiction to hear the Texas State Action. (SR 7) In addition to being wrong legally, this new argument was not raised in Wells' Motion.

Thus, even if the Motion were granted (and it should not be), Wells would not have obtained leave to make at least two of the arguments contained in the Sur-Reply Brief. The Motion should be denied for this reason.[4]

## II.    THE MOTION SHOULD BE DENIED BECAUSE IT HAS NO SUBSTANTIVE MERIT.

### A.    The Applicable Legal Standard.

Leave to file a sur-reply brief is warranted only in rare circumstances where the moving party improperly raises new arguments in its reply brief. *See Mansoori v. Lappin*, No. 04-3241-JAR, 2007 U.S. Dist. LEXIS 7612, at *3 (D. Kan. Feb. 1, 2007) (sur-reply only appropriate under "rare circumstances" where moving party improperly raises new arguments in

---

[4]    At a minimum, the Court should disregard any arguments made in the Sur-Reply Brief that were not identified in the Motion. *See United States v. Lane Labs-USA, Inc.*, 324 F. Supp. 2d 547, 562-63 (D.N.J. 2004) (limiting the content of sur-reply to only the issues objected to in the motion, and stating that the Court would disregard any discussion or argument in the surreply that went beyond that scope).

9

reply brief).  A sur-reply brief is not warranted where the purported new arguments simply respond to arguments made in the answering brief.  *Lightfoot v. District of Columbia*, No. 04-1280 (RBW), 2006 U.S. Dist. LEXIS 1358, at *2 n.2 (D.D.C. Jan. 10, 2006) (sur-reply not permitted when a reply brief "merely respond[s] to the [opposing party's] arguments contained in his opposition")  Nor is a sur-reply brief warranted where the moving party could have anticipated the purported new facts and circumstances, and addressed them in its answering brief.  *See Kozak v. Medtronic, Inc.*, No. H-03-4400, 2006 U.S. Dist. LEXIS 6269, at *13 (S.D. Tex. Jan. 31, 2006) (granting defendant's motion to strike sur-reply, in part, because plaintiff offered no explanation as to why the arguments made in the sur-reply could not have been raised in his responsive brief).

**B.**     **Section II.E.3 Provides No Basis For A Sur-Reply Brief.**

Wells contends that STMicroelectronics raised in Section II.E.3 of the Reply Brief "a number of new arguments and authorities," but Wells only identifies one argument in the Motion.  (Motion 5)  Wells specifically asserts that STMicroelectronics had an obligation to discuss the Third Circuit Operating Procedures in its Opening Brief rather than raise them for the first time in its Reply Brief.  Wells is incorrect.

Wells' position is based on the following exchange in the briefing.  In the Opening Brief, STMicroelectronics explained that the *Colorado River* analysis in this case was governed by the standard set forth in Judge Jordan's decision in *Acierno v. Haggerty* (2005). (OB 21)  In the Answering Brief, Wells argued that the *Colorado River* analysis in this case is not governed by the *Acierno* standard, but instead by the standard set forth by the Third Circuit in *Spring City Corp v. American Bldgs. Co.* (1999).  (AB 15-18)

In the Reply Brief, STMicroelectronics responded to Wells' *Spring City* argument by explaining that the *Acierno* standard controls because *Acierno* applies the standard in *Trent v. Dial Medical of Florida, Inc.* (1997), which pre-dates the *Spring City* panel decision (1999). As a result, the Reply Brief showed that *Spring City* was not controlling pursuant to Third Circuit Internal Operating Procedures, Rule 9.1 because an earlier panel decision trumps a later conflicting panel decision. (RB 16-17)  STMicroelectronics cites *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC* (2006) as an example of a Third Circuit decision more recently applying the *Acierno* standard, notwithstanding *Spring City*, in accordance with Rule 9.1, and to illustrate that Wells' assertions about *Spring City* were wrong. (*Id.* 16)

Wells' position that STMicroelectronics raised unfair arguments in the Reply Brief based on the foregoing exchange is both indefensible and curious.  Wells' position is indefensible because it is clear that STMicroelectronics raised Rule 9.1 and the *IFC* case (the only relevant materials not cited in the Opening or Answering Briefs) in direct response to and to contradict Wells' assertion that *Spring City* provides the controlling *Colorado River* standard.  In fact, there is no way that STMicroelectronics in drafting the Opening Brief could have known that Wells would attempt to rely on the non-controlling *Spring City* case in the Answering Brief. For these reasons, the references to Rule 9.1 and *IFC* in the Reply Brief cannot as a matter of law constitute grounds for leave to file a sur-reply brief.

Wells' position is curious because it reveals that Wells failed to confirm that *Spring City* was controlling precedent under Third Circuit Internal Operating Procedures before Wells cited the case as such to the Court in the Answering Brief.  Wells now seeks the Court's assistance to fix that mistake.  Wells' oversight is not grounds for a sur-reply brief, and the Court should reject Wells' request accordingly.

11

Wells also improperly includes a misguided substantive argument in its discussion of Section II.E.3. Wells misstates STMicroelectronics' position (perhaps intentionally) by suggesting that STMicroelectronics is contending that the *IFC* case is the controlling precedent for the *Colorado River* analysis. (Motion 5) STMicroelectronics, however, has never taken the position that the more recent *IFC* decision displaces *Spring City*. That would be contrary to Rule 9.1. STMicroelectronics' position is that the earlier *Trent* decision (1997) controls over the later *Spring City* decision (1999). (RB 16-17) *IFC* simply confirms the precedential effect of *Trent*. For Wells to suggest that STMicroelectronics has said otherwise seems purposefully misleading.

C.    **Section II.D Provides No Basis For A Sur-Reply Brief.**

Wells next contends that Section II.D of the Reply Brief unfairly "cites for the first time a number of cases that it contends stand for the proposition that the Court does not have subject-matter jurisdiction over the present action and that it claims require application of the *Colorado River* six-factor test to the present circumstances." (Motion 5) Wells also states that "the argument that the exceptional circumstances doctrine may apply in the context of patent suits should not have been reserved for reply." (*Id.* 6)

As a preliminary matter, it is important to note that Wells again mischaracterizes the Reply Brief to justify submission of more briefing. STMicroelectronics did not take the position that the Court does not have subject-matter jurisdiction over the present dispute. Nor has STMicroelectronics taken the position that the "exceptional circumstances doctrine may apply in the context of patent suits," as Wells erroneously contends. Indeed, it is difficult to determine what point Wells is attempting to make in this portion of the Motion.

Assuming that Wells is focused on the discussion found on pages 10-12 of the Reply Brief, Wells' contention is substantively based on the following exchange in the briefing.

12

In the Opening Brief, STMicroelectronics explained that the *Colorado River* analysis in this case was governed by the standard set forth *Acierno*, which was derived from Third Circuit case law and which requires application of the six-factor test to determine whether abstention is appropriate. (OB 20-21)

In the Answering Brief, Wells creates and references an "exceptional circumstances" doctrine, arguing that abstention is inappropriate here because there are no exceptional circumstances present. (AB 19) Wells further argues that the Court need not even reach the six-factor test as a result. (*Id.*)

As purported evidence of this lack of exceptional circumstances, Wells' Answering Brief points to the creation of the of the Federal Circuit Court of Appeals and argues that the mere existence of the Federal Circuit indicates that there is a "strong[ ]" federal policy interest in favor having indemnification claims, such as those here, heard in federal courts. (AB 19) Wells then went on to tell the Court incorrectly that the Federal Circuit has never addressed *Colorado River*, implying that the mission of the Federal Circuit alone is clear (and the only) evidence of a strong federal policy against abstention in circumstances like those here. (*Id.* 15, 19).

In the Reply Brief, STMicroelectronics refutes Wells' statements regarding the strong federal policy against abstention in the Federal Circuit based on that court's decision in *Intermedics Infusaid, Inc. v. Regents of University of Minnesota*, in which it affirmed a lower court's abstention under the *Colorado River* doctrine and specifically held that "there are no policies reflected in an act of Congress" that make it improper for a state court to rule on the validity of a patent and expressly acknowledged state court power to rule on validity of a patent in the context of a state court contract action (in that case, a contract action for royalties). (RB

13

11) 804 F.2d 129 (Fed. Cir. 1986)  The other cases referenced by Wells in the Motion stand for the proposition that actions tangentially related to patents are not subject to federal question jurisdiction.  (*Id.* 11-12)[5]  STMicroelectronics cites them to further refute the existence of the strong federal policy purported by Wells.

Wells' complaints ultimately fail because the accused STMicroelectronics arguments were clearly made in direct response to and to contradict Wells' faulty assertion that there is a strong federal policy interest in favor of having indemnification claims such as those here heard in federal courts.  Moreover, there was no way that STMicroelectronics could have anticipated in preparing the Opening Brief that Wells would rely in the Answering Brief on a purported strong federal policy interest that does not exist.

**D.**   **Section II.A. Provides No Basis For A Sur-Reply Brief.**

Finally, Wells contends that STMicroelectronics, in Section II.A. of the Reply Brief, improperly relies upon the scheduling order in the Texas State Action.  (RB 6)  On June 24, 2007, nearly two weeks before the Answering Brief was filed, STMicroelectronics provided Wells' counsel with notice that it intended to rely upon the scheduling order in its Reply Brief. STMicroelectronics did this so that Wells would have ample time to consider and address the order in its Answering Brief without resort to a sur-reply brief.  Rather than addressing (or even mentioning) the order in its Answering Brief, Wells remained silent and now raises STMicroelectronics' reference to the order as a ground for filing a sur-reply.  Presumably, Wells took counsel's notice of its intended reliance on the order not as a good faith step to assure a level playing field, but as a free pass to file a sur-reply brief.  There is no other explanation for

---

[5]    Wells own Third-Party Complaint against STMicroelectronics confirms this point – it relies only on §§ 1332 and 1367 to allege subject-matter jurisdiction in this Court.  (Third-Party Complaint (D.I. 24) ¶ 3)

Wells' silence on the issue in the Answering Brief. The Court should reject Wells' argument borne from its own purposeful failure to address the scheduling order in the Answering Brief.

15

**CONCLUSION**

For the foregoing reasons, STMicroelectronics respectfully requests that the Court deny the Motion because it was filed in violation of Court rules, including Local Rule 7.1.2, and STMicroelectronics will be prejudiced by acceptance of the Sur-Reply Brief. The Motion should also be denied because Wells' substantive arguments do not, as a matter of law, give rise to a right to file a sur-reply brief.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Third Party Defendant,*
*STMicroelectronics, Inc.*

Dated:  August 10, 2007

16

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on August 10, 2007, a true and correct copy of the foregoing document was filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Thomas C. Grimm, Esq.
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801

Jeffrey Bove, Esq.
Dana K. Hammond, Esq.
CONNOLLY, BOVE, LODGE & HUTZ
1107 N. Orange Street
Wilmington, DE 19801

Donald J. Detweiler, Esq.
Titania R. Mack, Esq.
GREENBURG TRAURIG LLP
1007 N. Orange St., Ste. 1200
Wilmington, DE 19801

Steven J. Balick, Esq.
John G. Day, Esq.
Lauren E. McGuire
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

David E. Moore, Esq.
POTTER ANDERSON & CORROON, LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801

I further certify that on August 10, 2007, I caused copies of the foregoing document to be served by hand delivery on the above-listed counsel and on the following counsel of record as indicated.

BY U.S. MAIL

Bradford Lyerla, Esq.
Jeffrey Dean, Esq.
Scott Sanderson, Esq.
MARSHALL GERSTEIN & BROUN LLP
233 S. Wacker Dr.
6300 Sears Tower
Chicago, IL 60606

Stephen Milbrath, Esq.
ALLEN DYER DOPPLET MILBRATH & CHRIST, PA
255 S. Orange Avenue, Ste. 1401
Orlando, FL 32802

Holiday Banta, Esq.
WOODARD EMHARDT MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Ste. 3700
Indianapolis, IN 46204

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
*apoff@ycst.com*
Attorneys for STMicroelectronics, Inc.

2