UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY, INC.,<br>UNIT PARTS COMPANY, and<br>WORLDWIDE AUTOMOTIVE, LLC,<br><br>    Plaintiffs,<br><br>               v.<br><br>CIF LICENSING, LLC, D/B/A GE LICENSING,<br>WELLS MANUFACTURING, L.P.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-785-*** |
| WELLS MANUFACTURING, L.P.,<br><br>    Counterclaimant,<br><br>               v.<br><br>REMY, INC.,<br><br>    Counterdefendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| WELLS MANUFACTURING, L.P.,<br><br>    Third-Party Plaintiff,<br><br>               v.<br><br>STMICROELECTRONICS, INC.,<br><br>    Third-Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**WELLS MANUFACTURING, L.P.'S REPLY IN SUPPORT OF MOTION TO STRIKE
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY AGAINST THIRD-
PARTY DEFENDANT STMICROELECTRONICS, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS OR STAY**

OF COUNSEL:
Holiday W. Banta
WOODARD, EMHARDT,
MORIARTY, MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
317-634-3456

Jeffrey B. Bove, Esquire (#998)
Dana K. Hammond (#4869)
CONNOLLY BOVE LODGE &
HUTZ, LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
302-658-9141

*Attorneys for Defendant, Counterclaimant, and
Third-Party Plaintiff Wells Manufacturing, L.P.*

DATED: August 20, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT .................................................................................................................2

    I.    SECTIONS II.E.1., II.E.2., AND II.E.5. SHOULD BE STRICKEN ...........................2

    II.   WELLS'S MOTION SATISFIES THE LOCAL RULES ................................................2

    III.  THE NEWLY RAISED ARGUMENTS IN ST'S REPLY SHOULD
    BE STRICKEN, OR, IN THE ALTERNATIVE, WELLS SHOULD BE
    PERMITTED A SURREPLY ..............................................................................5

        A.    The Applicable Legal Standard ............................................................5

        B.    Section II.E.3. Should be Stricken From ST's Reply ..........................6

        C.    Section II.D. Should be Stricken From ST's Reply ............................7

        D.    Section II.A. Should be Stricken From ST's Reply ............................8

CONCLUSION ..............................................................................................................9

CERTIFICATE OF SERVICE ..................................................................................10

# **TABLE OF AUTHORITIES**

## *Cases*

*Boston Scientific Scimed, Inc. v. Cordis Corp.,*
    434 F. Supp. 2d 308 (D. Del. 2006)......................................................................5

*Chambers v. Doe,*
    453 F. Supp. 2d 858 (D. Del. 2006)......................................................................3

*Intermedics Infusaid, Inc. v. Regents of Univ. of Minnesota,*
    804 F.2d 129 (Fed. Cir. 1986).............................................................................7

*Isco Int'l, Inc. v. Conductus, Inc.,*
    279 F. Supp. 489 (D. Del. 2003)..........................................................................5

*Kondrath v. Arum,*
    881 F. Supp. 925 (D. Del. 1995)..........................................................................3

*Pony Pal, LLC v. Claire's Boutiques, Inc.,*
    No. 05-2355, 2006 WL 2827642 (S.D.N.Y. Oct. 2, 2006)......................................4

*United States v. Int'l Bus. Mach. Corp.,*
    66 F.R.D. 383 (S.D.N.Y. 1975) .........................................................................3, 4

## *Other Authorities*

http://www1.nysd.uscourts.gov/rules/rules.pdf, Local Rule 6.1(a) and (b).....................................4

## PRELIMINARY STATEMENT

Third-Party Defendant STMicroelectronics's ("ST") reply brief (D.I. 46, hereinafter "Reply") violates Local Rule 7.1.3(c)(2) because it contains new matter and new authority that should have been included in a full and fair opening brief. L.R. 7.1.3(c)(2) (2007). ST's Answering Brief (D.I. 55) does not present any reasons why Sections II.E.1., II.E.2., II.E.5. should not be stricken or why Third-Party Plaintiff Wells Manufacturing, L.P. ("Wells") should not be permitted to surreply thereto. Therefore, at least these sections should be stricken from ST's Reply.

Wells filed its Motion for Leave to File a Surreply (D.I. 50, hereinafter "Motion") in full compliance with the local rules of this Court. The caselaw cited by ST to suggest otherwise in its argument against Wells's Motion is not applicable to this case.

The sheer volume of entirely new arguments and caselaw regarding the proper standard for application of the exceptional circumstances doctrine contained in section II.E.3. of ST's Reply makes it unfair for ST to have included it in a reply brief. As well, ST cannot claim that its "arguments [in Section II.D.] were clearly made in direct response to and to contradict Wells's" assertions concerning the federal policy interest that exists in having contract claims that are integrally tied to patent claims heard in federal court, because ST's arguments substantially mischaracterize the state of the law that ST cited. ST improperly reserved for reply its facts and argument in Section II.A. upon the basis that an e-mail stating "that STM intends to rely in its reply brief upon the recent order scheduling the Texas State case for trial on October 22, 2007" (D.I. 46, Ex. C) should give it a free pass to prevent a surreply from Wells. ST's single sentence, made in an e-mail without any argument or caselaw reference to put this

"reliance" in context or to understand just how ST "intend[ed]" to use this state court order, cannot serve as full and fair notice of ST's arguments.

Wells was denied a full and fair opportunity to respond to these new arguments because ST included them in its Reply; therefore, these arguments should be stricken from the Reply or, in the alternative, Wells should be permitted a surreply brief.

For these reasons, therefore, Wells moves the Court to strike from the record those portions of ST's Reply that do not comport with the Local Rules, namely Sections II.A, II.D., and II.E.. In the alternative, Wells respectfully requests leave of the Court to allow surreply in response to ST's late-breaking arguments.

____

## ARGUMENT

## I.    SECTIONS II.E.1., II.E.2., AND II.E.5. SHOULD BE STRICKEN

ST's Answering Brief (D.I. 55) does not present any reasons why Sections II.E.1., II.E.2., II.E.5. should not be stricken or why Wells should not be permitted to surreply thereto. Therefore, at least these sections should be stricken from ST's Reply, or, in the alternative, Wells should be permitted to file its surreply thereto.

## II.    WELLS'S MOTION SATISFIES THE LOCAL RULES

Wells filed its Motion for Leave to File a Surreply (D.I. 50, hereinafter "Motion") in full compliance with the local rules of this Court. The caselaw cited by ST in its argument against Wells's Motion is not applicable to this case.

Wells's Motion satisfies the requirements of Local Rules 7.1.1., 7.1.2., and 7.1.3. (June 30, 2007 version) because it contains all parts that those Rules require to be included and does

not include any impermissible matter. The statement in Local Rule 7.1.2.(b) that "no additional papers shall be filed absent Court approval" simply does not apply to prohibit the filing of a brand new motion that only relates to another fully briefed motion. Wells did not "file" its surreply brief; rather, it attached the surreply as an exhibit to a motion. That this is true is confirmed by the fact that Wells's surreply brief does not have a docket number assigned to it.[1]

Every case cited by ST to support its claims that Wells has run afoul of the Local Rules is inapplicable to this case. In *Chambers v. Doe*, the plaintiffs therein filed (as in filed and obtained a docket entry number for the surreply) a surreply without requesting leave to file one. *Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006). The court therefore correctly struck the surreply as violative of Local Rule 7.1.2., which Rule prohibits more than an opening brief, an answering brief, and a reply. That situation is not present here, since Wells correctly and appropriately requested leave of this Court to file a surreply in the alternative if Wells's primary request for the Court to strike the offending portions of ST's reply brief (D.I. 46) was not granted.

In almost identical fashion, the plaintiffs in *Kondrath v. Arum* were appropriately censured by the court for their filing (filing separately such that the surreply had its own docket entry number) of a surreply without leave to do so. *Kondrath v. Arum*, 881 F. Supp. 925, 927 (D. Del. 1995). Wells has made no such filing of its proposed surreply brief.

ST's citation to *United States v. Int'l Bus. Mach. Corp.* is even more misguided. In 1975, when *United States v. Int'l Bus. Mach. Corp.* was decided, the Local Rules for the Southern District of New York did not permit reply briefs to be filed. *United States v. Int'l Bus. Mach.*

---

[1] This is so despite ST's incorrect reference in footnote 3 of its Answering Brief (D.I. 55) to Wells's "Sur-Reply Brief," which ST mis-titles and claims was assigned D.I. 50. D.I. 50 is, in fact, Wells's Motion to Strike, or in the Alternative, for Leave to File a Surreply.

*Corp.*, 66 F.R.D. 383 (S.D.N.Y. 1975). The court was therefore left to establish a procedure by which leave to file reply briefs could be requested. The defendants who sought leave to file a reply in that case had no guidance concerning how that request should be framed, and it ended up that, once the court established a procedure with the decision in *United States v. Int'l Bus. Mach. Corp.*, the defendants' papers as filed did not comport with that new procedure and were rejected. The current local rules for the Southern District of New York specifically permit reply briefs. http://www1.nysd.uscourts.gov/rules/rules.pdf, Local Rule 6.1(a) and (b). ST's quotation from *United States v. Int'l Bus. Mach. Corp.* therefore studiously avoids using the word "reply" (replacing that word with ellipses instead) in order to avoid having to explain why this case is so irrelevant to the present one. *See* ST's Answering Brief, D.I. 55 at pp. 7-8.

Further, to the extent that ST encourages reference to the decisions of the Southern District of New York for persuasive arguments, then *Pony Pal, LLC v. Claire's Boutiques, Inc.* should be considered. *See Pony Pal, LLC v. Claire's Boutiques, Inc.*, No. 05-2335, 2006 WL 2827642, at *1, n.1 (S.D.N.Y. Oct. 2, 2006) (granting plaintiff's motion for leave to file a surreply memorandum in further opposition to a motion and stating "[t]his ruling necessitates no further submissions, however, as Plaintiff was considerate enough to attach a proposed surreply memorandum to its motion for leave to file same.").

ST's second argument that this Court should deny Wells's Motion because the proposed surreply brief includes arguments to which ST objects does not address Wells's primary motion: the motion to strike. The arguments in Wells's proposed surreply raised by ST as being inappropriate for a surreply need not be considered by the Court in determining whether or not to grant Wells's Motion to Strike.

Nonetheless, to the extent that the Court finds that a surreply is the more appropriate remedy for ST's failure to raise all of its arguments in a full and fair opening brief, then the surreply should be permitted to be filed. The arguments to which ST objects were specifically made by Wells in its Answering Brief to ST's Motion (D.I. 45) at pp. 20-21 (concerning the fact that the Texas case and the Delaware case are not parallel) and pp. 14-20 (concerning the fact that the Texas court cannot resolve patent law questions), although these answering arguments could only address the caselaw and arguments as presented by ST in its opening brief. These arguments were raised in the instant Motion through Wells's request that, if ST's new material in ST's Reply brief is not stricken, then Wells should be granted leave to address this new material. Wells's proposed surreply only includes material that responds to the new issues raised by ST in its Reply (D.I. 46).

## III.    THE NEWLY RAISED ARGUMENTS IN ST'S REPLY SHOULD BE STRICKEN, OR, IN THE ALTERNATIVE, WELLS SHOULD BE PERMITTED A SURREPLY

### A.    The Applicable Legal Standard

ST's arguments concerning the standard for leave to file a surreply are all based on law from other Circuits. The correct standard is that set forth by this Court in its caselaw and its Local Rules: "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." *Id.* Including new matter and new authorities in a reply brief violates this rule. *Boston Scientific Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. 2006). "In any case, the court [should] not belabor an argument raised for the first time in a reply brief." *Isco Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 489, 510 (D. Del. 2003).

5

**B.    Section II.E.3. Should be Stricken From ST's Reply**

Section II.E.3. should either be stricken from ST's Reply brief or Wells should be permitted to respond to the new arguments contained therein.  ST's opening brief did not address the Third Circuit Internal Operating Procedures or ST's allegation that these Procedures make the *Spring City* decision inapplicable to the present case (regardless of the fact that *Spring City* contains the most thorough treatment of the abstention doctrine found in Third Circuit jurisprudence), nor did it address either the *Rycoline Prods.* case or the *IFC Interconsult* case, which latter case only addressed the abstention standard in footnote dicta.  D.I. 46 at pp. 15-17. ST also did not address or even cite in its opening brief the ten new cases included in footnote 8 of its Reply.  *Id.* at 17.  These deficiencies in ST's Reply are evident without Wells needing to note every single new authority in its Motion to Strike.  ST's reply brief arguments failed to address the applicability of its newly cited caselaw to the present case in light of the relevant Supreme Court precedents of *Colorado River* and *Moses H. Cone*.  It is this key failure that, if the Court does not strike this section from ST's Reply, warrants the entry of Wells's surreply to permit Wells to respond to this omission.

The sheer volume of entirely new arguments and caselaw regarding the proper standard for application of the exceptional circumstances doctrine contained in section II.E.3. of ST's Reply makes it unfair for ST to have included it in a reply brief.  These arguments and cases should have been contained in a full and fair opening brief so that Wells could respond to these claims and point out the inapplicability of the cited cases.  Wells was denied a full and fair opportunity to respond to these new arguments because ST included them in its Reply; therefore, these arguments should be stricken from the Reply or, in the alternative, Wells should be permitted a surreply brief.

6

C.     <u>**Section II.D. Should be Stricken From ST's Reply**</u>

Section II.D. should be stricken from ST's Reply because, contrary to ST's arguments, ST has presented in Section II.D. new cases that *support* the existence of the strong federal policy against having state courts rule on matters of patent law. However, despite the actual holdings of the newly cited cases raised by ST in Section II.D., ST characterized these holdings incorrectly in the Reply and asks the Court now to prevent Wells from addressing ST's misleading and incorrect characterizations.

For example, ST persists in its Answering Brief in alleging that *Intermedics Infusaid, Inc. v. Regents of Univ. of Minnesota* "expressly acknowledged state court power to rule on validity of a patent in the context of a state court contract action." D.I. 55 at 13. This is simply wrong. The Federal Circuit in *Intermedics* explicitly based its ruling in part on the fact that "patent invalidity would not *actually* be litigated" in the state court action. *Intermedics Infusaid, Inc. v. Regents of Univ. of Minnesota*, 804 F.2d 129, 135 (Fed. Cir. 1986) (emphasis in original). As the Federal Circuit noted, "[t]he Minnesota court was not called on to resolve matters of federal law." *Id.*

ST's arguments against striking this Section or, in the alternative, permitting Wells to file a surreply in response to it, must fail. ST cannot claim that its "arguments were clearly made in direct response to and to contradict Wells's" assertions concerning the federal policy interest that exists in having contract claims that are integrally tied to patent claims heard in federal court, because ST's arguments substantially mischaracterize the state of the law on this topic. Again, these new cases and new arguments are wholly inappropriate for a reply brief. A full and fair opening brief should have addressed the most relevant cases (those addressing the abstention

7

doctrine in patent-related contract suits) so that Wells would have had a fair opportunity to refute ST's mischaracterizations of the law.

**D.    Section II.A. Should be Stricken From ST's Reply**

ST improperly reserved for reply its argument in Section II.A. that this Court should abstain because, according to ST, the Texas State Action will resolve the dispute so swiftly that the action before this Court is moot. ST continues to suggest that an e-mail stating "that STM intends to rely in its reply brief upon the recent order scheduling the Texas State case for trial on October 22, 2007" (D.I. 46, Ex. C) should give it a free pass to prevent a surreply from Wells. ST clearly contemplated that a surreply was warranted as a result of ST's failure to include this information in its Opening Brief or to amend its Opening Brief to include it, because it argued against a surreply when it presented Section II.A. in its Reply.  D.I. 46 at 8, n.5.

However, ST's single sentence, made in an e-mail without any argument or caselaw reference to put this "reliance" in context or to understand just how ST "intend[ed]" to use this state court order, cannot serve as full and fair notice of ST's arguments.  ST does not explain why its "notice" e-mail could not have contained the argument present in Section II.A. of ST's Reply or why ST believes that it would be harmed if Wells were permitted leave to file a surreply on this point.  The information and argument contained in Wells's proposed surreply addresses the Texas order noted by ST and identifies several other filings in the Texas state matter that affect the potential validity of that order. D.I. 50, Ex. A at pp. 6-8.  Aside from the proposed surreply, Wells is entitled to present such newly acquired information to the Court pursuant to the exception in Local Rule 7.1.2.(b) that permits citation of subsequent authorities even after a reply brief has been filed on a motion.

8

Therefore, for at least these reasons, Section II.A. should be stricken.  In the alternative, Wells should be permitted leave to file a surreply thereto.

## CONCLUSION

For at least these reasons, therefore, the Court should strike from the record those portions of ST's Reply that do not comport with the Local Rules, namely Sections II.A, II.D., and II.E..  In the alternative, Wells respectfully requests that the Court permit the surreply attached to Wells's Motion to be entered and considered.

Respectfully submitted,

By: /s/ Jeffrey B. Bove

OF COUNSEL:
Holiday W. Banta
WOODARD, EMHARDT,
MORIARTY, MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, IN  46204-5137
317-634-3456

Jeffrey B. Bove, Esquire (#998)
Dana K. Hammond (#4869)
CONNOLLY BOVE LODGE &
HUTZ, LLP
1007 North Orange Street
P.O. Box 2207
jbove@cblh.com
dhammond@cblh.com
Wilmington, DE  19899
302-658-9141

*Attorneys for Defendant, Counterclaimant, and
Third-Party Plaintiff Wells Manufacturing, L.P.*

DATED:  August 20, 2007

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2007, I electronically filed the foregoing WELLS MANUFACTURING, L.P.'S REPLY IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY AGAINST THIRD-PARTY DEFENDANT STMICROELECTRONICS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR STAY with the Clerk of the Court using CM/ECF to be served upon the below listed in the manner indicated:

| **Via Hand Delivery**<br>Donald J. Detweiler<br>GREENBERG TRAURIG, LLP<br>The Nemours Building<br>1007 North Orange Street, Suite 1200<br>Wilmington, DE 19801 | **Via Hand Delivery**<br>Steven J. Balick<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor Wilmington, DE 19801 |
|---|---|
| **Via Hand Delivery**<br>Thomas C. Grimm<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | **Via Hand Delivery**<br>Adam W. Poff<br>Young Conaway Stargatt & Taylor<br>The Brandywine Bldg<br>1000 West Street, 17th floor<br>Wilmington, DE 19899 |
| **Via Hand Delivery**<br>David E. Moore<br>Potter Anderson & Corroon, LLP<br>1313 N. Market Street<br>Hercules Plaza, 6th Floor<br>Wilmington, DE 19899 | **Via Electronic Mail**<br>Stephen D. Milbrath<br>Robert H. Thornburg<br>Allen, Dyer, Doppelt, Milbrath & Christ, P.A.<br>225 South Orange Avenue, Suite 1401<br>P.O. Box 37941<br>Orlando, FL 32802<br>smilbrath@addmg.com<br>rthornburg@addmg.com |
| **Via Electronic Mail**<br>Christopher M. Joe<br>Brian Carpenter<br>Russell J. De Palma<br>Greenberg Traurig LLP<br>2200 Ross Avenue, Suite 4200<br>Dallas, TX 75201<br>joec@gtlaw.com<br>carpenterb@gtlaw.com<br>depalmar@gtlaw.com | **Via Electronic Mail**<br>Bradford Lyerla<br>Jeffrey Dean<br>Scott Sanderson<br>Marshall Gerstein & Borun LLP<br>223 South Wacker Drive<br>6300 Sears Tower<br>Chicago, IL 60606<br>blyerla@marshallip.com<br>jdean@marshallip.com<br>ssanderson@marshallip.com |

Respectfully submitted,

By: /s/ Jeffrey B. Bove
    Jeffrey B. Bove, Esquire (#998)

OF COUNSEL:
Holiday W. Banta
WOODARD, EMHARDT,
MORIARTY, MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, IN  46204-5137
317-634-3456

    Dana K. Hammond (#4869)
    CONNOLLY BOVE LODGE &
    HUTZ, LLP
    1007 North Orange Street
    P.O. Box 2207
    Wilmington, DE  19899
    302-658-9141

*Attorneys for Defendant, Counterclaimant, and
Third-Party Plaintiff Wells Manufacturing, L.P.*

DATED:  August 20, 2007
559445

11