# Greenberg Traurig

Donald J. Detweiler
Tel. 302.661.7667
Fax 302.661.7160
detweilerd@gtlaw.com

August 23, 2007

**VIA HAND DELIVERY & ELECTRONIC FILING**

Hon. Mary Pat Thynge
United States Magistrate Judge
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:    Remy Inc., et al. v. CIF Licensing, LLC d/b/a GE Licensing, et al.
      Civil Action No. 1:06-cv-00785***

Dear Judge Thynge:

      Pursuant to your Honor's June 27, 2007, and August 2, 2007, Orders (Dkt. Nos. 41 and 52), the undersigned, on behalf of all parties to the above-styled suit except STMicroelectronics, hereby submits this Joint Submission on Proposed Scheduling Order.

      Third-party defendant STMicroelectronics does not agree with the form of the proposed scheduling order (attached as Exhibit A) or its contents and has indicated that it will write separately as to scheduling with regarding to the third party claims asserted against it by Wells Manufacturing.  Any reference to the "parties" or "other parties" in this letter specifically excludes STMicroelectronics.

      1.    The parties, including STMicroelectronics, met and conferred on July 26, 30, and 31, 2007, and August 21, 2007, regarding proposed dates in the scheduling order and submit their proposal in the attached Exhibit A.

      2.    There is a disagreement regarding the limitations on hours for deposition discovery in paragraph 3(a).

      Defendant Wetherill Associates requests that each side be allowed the 70 hours of deposition discovery provided for in the Federal Rules, with the option to request additional deposition time in the future if it proves necessary.  Plaintiffs shall be considered one "side" and all other parties shall be considered the other "side" for purposes of this limitation.

      The other parties request that the number of hours of depositions be categorized as set forth in Exhibit A to recognize three sets of claims: (a) the underlying patent infringement and invalidity claims between GE Licensing and Plaintiffs; (b) the indemnity claims between

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

*Strategic Alliance
Tokyo-Office/Strategic Alliance

Plaintiffs and Plaintiffs' suppliers; and (c) the indemnity claims between Wells Manufacturing and STMicroelectronics.

3.    There is a disagreement regarding the limitations on hours per deposition in paragraph 3(a)(iv).

GE Licensing and Wetherill seek to limit each deposition to no more than 7 hours as provided by the Rules.

The other parties wish to conduct deposition discovery without an hour limitation per witness, recognizing that there is an overall limit on the deposition hours that can be taken in the case. The other parties believe that there may be a few instances, including third party and inventor depositions, where depositions may need to go longer than 7 hours, where it would be impossible to determine if that deposition would need to exceed 7 hours until it is taken, and where it would be inefficient to require the parties to move the Court after the conclusion of that deposition to seek more time.

4.    There is a disagreement regarding the timing of discovery and motion deadlines.
With respect to the timing of discovery, GE Licensing requests the earlier deadlines in brackets set forth in Exhibit A.

Defendants Wells Manufacturing and Wetherill Associates request a fact discovery deadline that expires in January 2009, with requisite additional time for the expert and motion deadlines in paragraphs 3(d) and 10, as set forth in the later deadlines in brackets in those paragraphs of Exhibit A.

Plaintiffs believe that either of the above proposals on timing is acceptable.

Wells Manufacturing's position is that discovery should proceed in accordance with the Court's scheduling order pending a ruling on STMicroelectronic's motion to dismiss or stay. Wells Manufacturing understands that STMicroelectronics intends to request that the third party claims be placed on an accelerated discovery and briefing schedule. However, it is Wells Manufacturing's position that the claims against STMicroelectronics are intertwined with and highly relevant to the other claims made in the present case such that an accelerated discovery and briefing schedule is neither advisable nor warranted.

5.    With respect to the trial, the parties believe that both the patent infringement claims and the indemnity claims can be tried within 15 days, but would request that the Court revisit the form and procedure of the trial during the pretrial conference.

6.    The parties request that the Protective Order governing discovery in this case attached as Exhibit B be entered.

7.      The parties note that there are currently three motions pending – STMicroelectronic's motion to dismiss or stay (Dkt. No. 37); GE Licensing's motion to dismiss or, in the alternative, to stay (Dkt. No. 47); and Wells Manufacturing's motion to strike reply brief of STMicroelectronics or, in the alternative, for leave to file a surreply (Dkt. No. 50).  The parties would consent to the magistrate judge's hearing and deciding those motions.

Sincerely,

Donald J. Detweiler (Bar No. 3087)

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **REMY INC.,**<br>**UNIT PARTS COMPANY, and.**<br>**WORLDWIDE AUTOMOTIVE, LLC**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CIF LICENSING, LLC D/B/A GE LICENSING,**<br>**WELLS MANUFACTURING, L.P.,**<br>**TADITEL US, INC., and**<br>**WETHERILL ASSOCIATES, INC.**<br><br>**Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:06-cv-00785***

## SCHEDULING ORDER[1]

This _____ day of _____, 2007, the Court having conducted

an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on

August 28, 2007, and the parties having determined after discussion that the matter cannot be

resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.   Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.   The

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure

26(a)(1) on or before **September 28, 2007**.   If they have not already done so, the parties are

to review the Court's Default Standard for Discovery of Electronic Documents, which is

---

[1] Third-party defendant STMicroelectronics does not agree to the form of this proposed scheduling order
or its content and has indicated that it will write separately with regard to the third party claims asserted
against it by Wells Manufacturing.

Page 1

posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

  2. <u>Joinder of other Parties and Amendment of Pleadings</u>.  All motion to join other parties, and to amend or supplement the pleadings shall be filed on or before **December 1, 2007**.

  3. <u>Discovery</u>

   a. <u>Limitation on Hours for Deposition Discovery</u>.

    i. With respect to the issues of infringement, validity, enforceability of the patent-in-suit and other patent related claims and defenses, each side is limited to a total of **100 hours** of taking testimony by deposition upon oral examination.  GE Licensing shall be considered one "side" and all other parties shall be considered the other "side" for purposes of this limitation.  This limitation may be expanded by agreement of the parties or by showing of reasonable necessity on application to the Court absent agreement of the parties.

    ii. With respect to the issues of contractual indemnification and related indemnification claims and defenses between Plaintiffs and Plaintiffs' supplier defendants, each side is limited to a total of **70 hours** of taking testimony by deposition upon oral examination.  Plaintiffs shall be considered one "side" and Taditel, Wells Manufacturing, and Wetherill Associates shall be considered the other "side" for purposes of this limitation.  This limitation may be expanded by agreement of the parties or by showing of reasonable necessity on application to the Court absent agreement of the parties.

iii.    With respect to the issues of contractual indemnification and related indemnification claims and defenses between Wells Manufacturing and STMicroelectronics, each side is limited to a total of **70 hours** of taking testimony by deposition upon oral examination. Wells Manufacturing shall be considered one "side" and STMicroelectronics shall be considered the other "side" for purposes of this limitation. This limitation may be expanded by agreement of the parties or by showing of reasonable necessity on application to the Court absent agreement of the parties.

iv.    Depositions upon oral examination **[shall be] [shall not be]** limited to **7 hours** per deposition.

b.    <u>Location of Depositions</u>.  Any party, representative (officer, director, or managing agent), or employee of a party residing in the United States shall be required to submit to a deposition in the place of his or her residence unless otherwise agreed by the parties.  Any party, representative (officer, director, or managing agent), or employee of a party residing outside of the United States shall be required to submit to a deposition at a place designated within this district unless otherwise agreed by the Parties.  Exceptions may be made by order of the Court.

c.    <u>Fact Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before **[August 15, 2008] [January 15, 2009]**. The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

Page 3

d.    <u>Disclosure of Expert Testimony and Expert Discovery Cut Off</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **[September 15, 2008] [February 16, 2009]**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[October 15, 2008] [March 16, 2009]**.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  All expert discovery in this case shall be initiated so that it will be completed on or before **[November 15, 2008] [April 16, 2009]**.

e.    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pham,., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f.    <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three page, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition.  **Should any**

Page 4

**document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).** Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

      4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

      Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

      6.    <u>ADR Process</u>. To be discussed during the Rule 16 scheduling conference.

7.    Interim Status Report. On _____, 200___, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference. On _____, 200___, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ __.m. Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.    Tutorial Describing the Technology and Matters in Issue.  The parties shall provide the Court by **February 15, 2008**, a tutorial on the technology at issue.  In that regard, each party may submit a videotape/CD of not more than 30 minutes. The parties may choose to present the tutorial in person.  In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file videotapes/CDs, they should be filed under seal as part of the Court's file, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape/CD tutorial.  Any such comment shall be filed within ten (10) days of submission of the videotapes/CDs. As to

the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[December 5, 2008] [May 5, 2009]**. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **November 16, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **December 20, 2007**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **January 31, 2008**. The parties' answering/responsive briefs shall be contemporaneously submitted on **February 29, 2008**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

Page 7

Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

13.     <u>Hearing on Claim Construction</u>. Beginning at _____ __.m. on __ _____, 200__, the Court will hear evidence and argument on claim construction.

14.     <u>Applications by Motions</u>.    Except as otherwise specified herein, any application to the Court shall be by written motion with the Clerk.    Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     <u>Pretrial Conference</u>. One _____, 200 __, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ __.m.    Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by he form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200 __.

16.     <u>Motion *in Limine*</u>. Motion *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by

Page 8

a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18.    <u>Trial</u>. This matter is scheduled for a 15 day jury trial beginning at 9:30 a.m. on _____, 200 __ with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel shall plan on each side being allocated a total of ____ hours to present their case.


_____
UNITED STATES MAGISTRATE JUDGE

DEL 86192329v1 8/23/2007

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY INC.,<br>UNIT PARTS COMPANY, and.<br>WORLDWIDE AUTOMOTIVE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CIF LICENSING, LLC D/B/A GE LICENSING,<br>WELLS MANUFACTURING L.P.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:06-cv-00785***<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such

Confidential Information; and

4.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1.  Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Information." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "**Confidential**" or as "**Attorneys' Eyes Only**" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

2.  Protected Information shall not include (a) advertising materials published to the general public, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for confidential treatment.

3.  At any time after the delivery of Protected Information, counsel for the party or parties receiving the Protected Information may challenge the "**Confidential**" or "**Attorneys' Eyes Only**" designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Information. If the parties are unable to agree as to whether the "**Confidential**" or "**Attorneys' Eyes Only**" designation of discovery material is appropriate, the party or parties receiving the Protected Information shall certify to the Court that the parties cannot reach an agreement as to the designation of all or a portion of the Protected Information. Thereafter, the party or parties disclosing or producing the Protected Information shall have fifteen (15) days from the date of certification to file a motion for protective order with regard to any Protected Information in dispute. The party or parties producing the Protected Information shall have the burden of establishing that the disputed Protected Information are entitled to confidential treatment. If the party or parties producing the Protected Information do not timely file a motion for protective order, then the Protected Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of Protected Information is entitled to confidential treatment.

4.  Confidential Treatment. Protected Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5.    Protected Information and any information contained therein shall be used solely for the prosecution of this litigation.

6.    Protected Information and any information contained therein designated as "**Confidential**" may be disclosed only to the following persons ("Qualified Persons"):

    A.    Counsel of record in this action for the party or party receiving Protected Information or any information contained therein;

    B.    Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

    C.    Two employees designated by the party receiving Protected Information;

    D.    Experts and investigators who have reviewed and agree to be bound by the terms of this Protective Order by executing the acknowledgement attached hereto as Exhibit A; and

    E.    The Court.

7.    Protected Information and any information contained therein designated as "**Attorneys' Eyes Only**" may be disclosed only to the following persons ("Qualified Persons"):

    A.    Counsel of record in this action for the party or party receiving Protected Information or any information contained therein;

    B.    Employees of such counsel (including experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    C.    Experts and investigators who have reviewed and agree to be bound by the terms of this Protective Order by executing the acknowledgement attached hereto as Exhibit A; and

    D.    The Court.

8.    Prior to the disclosure of Protected Information to any expert, consultant or investigator (collectively "Consultant"), the party desiring to disclose Protected Information to such Consultant shall cause the Consultant to execute an Acknowledgement in the form attached to this Order as Exhibit A and shall provide a copy of such executed Acknowledgement and the Consultant's curriculum vitae to all parties to this litigation at least ten (10) days prior to such intended disclosure to the Consultant. Any party wishing to object to such disclosure to the Consultant shall have seven (7) days after receipt of the Acknowledgement and curriculum vitae in which to file objections to such disclosure and/or a motion for protective

order with the Court, after which no disclosure shall be made until the Court has ruled on said objections or motion for protective order. This paragraph shall not affect any right of the parties to object subsequently to the Consultant for reasons not related to the disclosure of Protected Information (including but not limited to qualifications, reliability of opinions, or conflicts of interest).

9.    If other litigation is pending involving the same parties and asserting the same claims as in this suit ("Related Litigation") – including but not limited to Civil Action No. 2:06-CV-345-DF; *CIF Licensing, LLC dba GE Licensing v. Denso Corporation, Remy International, Inc., and Valeo, Inc.*; in the United States District Court for the Eastern District of Texas – counsel of record in the Related Litigation may have access to Protected Information which is produced in this suit as long as such counsel of record in the Related Litigation has reviewed and agrees to be bound by the terms of this Protective Order.

10.   The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

11.   To the extent that Protected Information or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Information or information contained therein.

12.   Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "**Confidential**" or "**Attorneys' Eyes Only**" information designated as such under this Order shall remain "**Confidential**" or "**Attorneys' Eyes Only**" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13.   Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "**Confidential**" or "**Attorneys' Eyes Only**" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

14.   The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information or any information contained therein.

15.   After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

16.    Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Information shall return the Protected Information to the counsel for the party or parties disclosing or producing the Protected Information. The party or parties receiving the Protected Information shall keep their attorney work product that refers or relates to any Protected Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Information or any information contained therein.

17.    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

18.    This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SO ORDERED.

Dated: _____, 2007


_____
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

**GREENBERG TRAURIG, LLP**

/s/ Donald J. Detweiler
Donald J. Detweiler (#3087)
Titania R. Mack
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

Christopher M. Joe
Brian Carpenter
W. Ashton Randall III
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
(214) 665-3604

**Attorneys for Remy Inc., Unit Parts Company, and Worldwide Automotive, LLC**

**ASHBY & GEDDES**

/s/ Lauren E. Maguire
Steven J. Balick (#2114)
John G. Day (#2403)
Lauren E. Maguire (#4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Bradford Lyerla
Jeffrey H. Dean
Scott Sanderson
MARSHALL GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300

**Attorneys for CIF Licensing, LLC dba GE Licensing**

**CONNOLLY BOVE LODGE & HUTZ, LLP**

/s/ Dana K. Hammond
Jeffrey B. Bove (#998)
Dana K. Hammond (#4869)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Holiday W. Banta
WOODARD, EMHARDT, MORIARTY,
    MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
(317) 634-3456

**Attorneys for Wells Manufacturing, L.P.**

**POTTER ANDERSON & CORROON LLP**


/s/ David E. Moore
Kevin R. Shannon (#3137)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

John D. Ritchison
Ritchison Law Offices, PC
115 East Ninth Street, Suite A
Anderson, IN  46016-1509
(765) 640-4134

**Attorneys for Taditel US Inc.**

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**


_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

Stephen D. Milbrath
Robert H. Thornburg
ALLEN, DYER, DOPPELT, MILBRATH
      & CHRIST, P.A.
255 South Orange Ave., Suite 1401
P.O. Box 3791
Orlando, FL  32802
(407) 841-2330

**Attorneys for Wetherill Associates, Inc.**

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMY INC.,<br>UNIT PARTS COMPANY, and.<br>WORLDWIDE AUTOMOTIVE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CIF LICENSING, LLC D/B/A GE LICENSING,<br>WELLS MANUFACTURING L.P.,<br>TADITEL US, INC., and<br>WETHERILL ASSOCIATES, INC.<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:06-cv-00785***

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

_____, being first duly sworn, states that he/she resides at

_____, County of

_____, State of_____; that he/she has read and fully

understands the attached Protective Order entered by the Court in the above-captioned action, that

he/she is fully familiar with and agrees to comply with and be bound by the provisions of said Order,

and submits to the jurisdiction of this Court for any proceedings with respect to said Order; that he/she

will not discuss with or divulge to persons other than those specifically authorized by said Protective

Order, and will not copy or use, except solely for the purposes of this action and for no other purposes,

any documents, materials or information obtained pursuant to said Protective Order except as expressly

permitted by the Court.

Dated at _____ on this _____ day of _____,

200__.


_____

State of _____ )
                            )
County of _____ )


Subscribed and sworn to before me this ____ day of _____, 200__.


_____
Notary Public


My Commission expires: