# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

January 18, 2008

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:  *Remy, Inc., et al. v. CIF Licensing, LLC d/b/a GE Licensing, et al.,*
C.A. No.: 06-785-***-MPT

Dear Magistrate Judge Thynge:

We are counsel for CIF Licensing, LLC d/b/a GE Licensing ("GE") in the above-captioned action. Pursuant to this Court's December 14, 2007 order, we are responding to the letter brief of Wells Manufacturing, L.P. ("Wells") in support of the requests of Wells and Remy, Inc. ("Remy") to stay these proceedings pending the outcome of a petition in the United States Patent and Trademark Office ("PTO") to reexamine U.S. Patent No. 4,733,159 ("the '159 Patent").

Wells' and Remy's request should be denied for a number of reasons, not the least of which is that Judge Folsom of the United States District Court for the Eastern District of Texas has already considered, and has already rejected, the identical request in collateral Texas proceedings that have been pending since August 2006. *CIF Licensing, LLC d/b/a GE Licensing v. Denso Corp., et. al.*, No. 2:06-cv-345-DF (E.D. Tex.) (hereinafter, "the Texas Case"). The instant request, therefore, is nothing more than a second attempt to obtain the same relief, this time by invoking the jurisdiction of a second court in order to obtain an inconsistent judgment, and thereby offend the essential comity that is owed between and among sister courts in our federal system.

For this reason, and for the additional reasons stated below, GE requests that Wells' motion be denied, and this Court decide the issue expressly referred to it by Judge Folsom—whether the Texas Case was in fact the first-filed case such that Judge Folsom may reinstate these proceedings and move them to final judgment without offending this Court's jurisdiction.

## I.    Procedural History

On August 30, 2006, GE sued Remy International and two other defendants in the Texas Case, alleging infringement of the '159 patent, the same patent at issue in this case. Of the three original defendants in the Texas suit, two settled, leaving Remy International, Inc. as the only

The Honorable Mary Pat Thynge
January 18, 2008
Page 2

remaining defendant. Remy International is the corporate parent of the plaintiffs in this suit—Remy, Inc., Unit Parts Company, and World Wide Automotive ("the Remy Subsidiaries").

As part of the effort to reach a settlement in the Texas case, Remy International's counsel, who also represents the Remy Subsidiaries, negotiated with GE on behalf of Remy International. On December 21, 2006, once it had become clear that settlement was unlikely, Remy International filed a motion to dismiss and/or stay the Texas Case and, on the same day, the Remy Subsidiaries filed this Delaware action seeking a declaration of non-infringement, invalidity, and unenforceability of the '159 Patent. Notably, Remy requested a stay of the Texas Case pending the outcome of the same reexamination proceedings that are the basis for the instant request, and in so doing, advanced the same arguments that it (and Wells) advance for a second time in this Court—namely that "[a] stay . . . will clearly prevent undue burden and expense to the parties; preserve the Court's limited time and resources; and help avoid unnecessary duplication of effort and inconsistent rulings." (Ex. A, p. 14.)

Judge Folsom denied Remy's request, concluding that an unconditional stay based on a reexamination petition would be inefficient, inappropriate, and grounded on mere speculation:

> Also, the Court is not inclined to grant an unconditional stay pending reexamination of the '159 Patent. *See Soverain Software*, 356 F.Supp.2d 660, 663 (finding that "staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate"); *see also Antor Media Corp. v. Motorola, Inc.*, Civil Action No. 5:06-CV-240, Dkt. No. 53, entered Feb. 23, 2007 (denying unconditional stay and discussing conditional stay in *Antor Media Corp. v. Nokia, Inc.*, Civil Action No. 2:05-cv-186, Dkt. No. 410).

(Ex. B, p. 5.)

Judge Folsom did not, however, proceed immediately with the Texas Case. Rather, being "mindful of the interest of comity between federal district courts," Judge Folsom entered a *temporary* stay to allow this Court to determine which of the two cases—Texas or Delaware—was first filed: "The Court expressly leaves the '159 filed' issue for the Delaware court to resolve if properly presented." (Ex. B, p. 5.)

Consequently, Judge Folsom has already denied the relief sought by this motion and remains prepared to see this case to final judgment. His decision not to move forward with the Texas Case was not based on any concern over efficiency, but was solely a gesture of deference to this Court's jurisdiction to decide the first-filed question. The instant motion, however, seeks to avoid a decision on that question, and thus seeks to thwart both the express terms of Judge Folsom's order and the spirit of comity on which that order was based.

The Honorable Mary Pat Thynge
January 18, 2008
Page 3

## II.    Comity Requires That The Motion Be Denied.

Judge Folsom has already considered, and rejected, the instant request for a stay pending reexamination.  The sole reason that Judge Folsom has not also moved this case forward is his deference to this Court's interest in deciding the first-filed question.  Comity requires that this question be decided.  Because the instant motion would deprive this Court the opportunity to do so, it should be denied.  GE respectfully submits that this Court should decide the question referred to it by Judge Folsom, and, once having done so, should send this case back to Texas where it was first-filed in August 2006.

## III.    The Merits Independently Require That The Motion Be Denied.

There is no *per se* rule that infringement actions should be stayed pending reexamination. *See, e.g., Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *see also Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-663 (E.D. Tex. 2005) (denying motion to stay pending reexamination, and stating that to adopt a *per se* rule that proceedings should be stayed because the reexamination could affect relevant claims "would not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination").  Rather, the decision rests with the sound discretion of the trial court. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Generally, the moving party must show "a clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (holding that a court has the power to stay proceedings, and stating that the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else"); *Cognex Corp. v. Nat'l Instruments Corp.,* 2001 WL 34368283, at *2 (D. Del. June 29, 2001) (Farnan, J.) (denying stay pending reexamination because movant "cannot demonstrate a clear case of hardship or inequity").

Neither Wells nor Remy can make such a showing.  Wells, for its part, does not purport to show how it will suffer hardship if the infringement case is dismissed or transferred to Texas, as it ought to be under the first-filed rule.  Wells (as an alleged indemnitor) is not a party to the Texas proceedings, which involve only the infringement case against the Remy Subsidiaries.  If the infringement case is dismissed or transferred to Texas, Wells effectively will have obtained its stay without also prejudicing GE's right to proceed without undue delay against Remy.  By contrast, the drastic remedy of a total stay would prejudice GE's right to move forward on its infringement claim against Remy without yielding any additional benefit to Wells as an indemnitor.  Where, as here, narrower relief may be fashioned that does not burden the rights of an other party, sound judgment counsels hard in favor of such narrower relief.

Remy, of course, merely joins in Wells' motion, and thus does not even attempt to identify any hardship that it might suffer in its own right.  Nor could it.  As even Remy must concede, 90% of all reexamined patents emerge from the PTO proceedings with live claims.  Remy, therefore, overwhelmingly will likely face a trial on patent infringement whatever (and whenever) the outcome of the PTO proceedings.  Remy's real interest is mere delay—as it has been

The Honorable Mary Pat Thynge
January 18, 2008
Page 4

since the outset of this case—and mere delay is no basis to stay proceedings. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (Farnan, J.) (denying stay and noting that the length of a reexamination appeal could "easily exceed two years"); *see also Biax Corp. v. Fujitsu Computer Sys. Corp.*, 2007 WL 614187, at *2 (E.D. Tex. Feb. 26, 2007) (denying defendants' motion to stay pending reexamination on grounds of prejudice to plaintiff where the PTO had not yet issued an office action, and noting that "ex parte reexaminations take an average to 22.6 months to complete and the appellate process for review could take an additional 24 months").

      For the foregoing reasons, GE respectfully requests that the instant motion be denied, and this Court decide the first-filed question and allow Judge Folsom to preside over this case through final judgment.

                          Respectfully,

                          */s/ Lauren E. Maguire*

                          Lauren E. Maguire

LEM: nml
187446.1

cc:    Donald J. Detweiler, Esquire (via electronic mail)
       Christopher M. Joe, Esquire (via electronic mail)
       Jeffrey B. Bove, Esquire (via electronic mail)
       Holiday W. Banta, Esquire (via electronic mail)
       David E. Moore, Esquire (via electronic mail)
       John D. Ritchison, Esquire (via electronic mail)
       Thomas C. Grimm, Esquire (via electronic mail)
       Stephen D. Milbrath, Esquire (via electronic mail)
       Monté Squire, Esquire (via electronic mail)
       Jeffrey H. Dean, Esquire (via electronic mail)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CIF Licensing, LLC d/b/a | § | |
| GE Licensing, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 2:06-CV-00345-DF |
| vs. | § | |
| | § | |
| Denso Corporation, | § | |
| Remy International, Inc., and | § | |
| Valeo, Inc. | § | |
| | § | |
| Defendants. | § | |

**REMY INTERNATIONAL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND REPLY IN
SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Remy International, Inc. ("Remy International" or "Defendant") files this combined Response in Opposition to GE Licensing's ("GE" or "Plaintiff") Motion for Leave to File Second Amended Complaint and Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction:

## I.      Summary

GE has consented to Remy International's Motion to Dismiss for Lack of Personal Jurisdiction.  GE has acknowledged it "has no interest in proceeding against the wrong party and is thus prepared to consent to the relief requested by Remy International."  *See* Docket No. 44 at 1.  GE's response to the Motion to Dismiss contains no facts or arguments supporting personal jurisdiction over Remy International.  Therefore, the Court should grant the motion and dismiss all claims asserted against Remy International for lack of personal jurisdiction.

GE also requests leave of Court to amend its complaint a second time to name Remy Inc. as a new defendant.  Remy Inc. is a wholly owned subsidiary of Remy International and is one of

Remy International's subsidiaries that makes and sells the products accused of infringing GE's patent-in-suit.

GE's Motion for Leave to File a Second Amended Complaint should be denied for the following reasons:

(1)     Filing a second amended complaint is futile because a previously filed and practically identical patent infringement suit that names not only the correct parties, but also all potential indemnitors to Remy Inc., is already pending and proceeding in federal district court for the District of Delaware in C.A. No. 06-785; *Remy Inc., Unit Parts Company, and Worldwide Automotive (Plaintiffs) v. CIF Licensing, LLC dba GE Licensing, Wells Manufacturing Corp., Taditel US, Inc., and Wetherill Associates, Inc. (Defendants); Wells Manufacturing Corp. (Third-Party Plaintiff) v. STMicroelectronics, Inc. (Third-Party Defendant)* (the "Delaware Suit").   Although GE now requests leave to amend to name Remy Inc. as a defendant in the instant action, Remy Inc. already sued GE for a declaratory judgment of non-infringement, invalidity, and unenforceability of the patent-in-suit in Delaware on December 21, 2006. Further, GE already asserted counterclaims against Remy Inc. in Delaware for infringement of the patent-in-suit on April 30, 2007.   As such, the Delaware District Court was the first to acquire personal and subject matter jurisdiction over this entire controversy and all necessary parties and has already established priority jurisdiction under the first-to-file rule.

(2)     Justice and judicial economy favor a denial of GE's motion for leave to file a second amended complaint when there is already an appropriate forum and an identical patent action pending between the parties in Delaware.

(3)     Remy Inc. will be prejudiced greatly by the granting of GE's motion for leave to amend, while GE will not be prejudiced by a denial of its motion.

For these reasons, GE's Motion for Leave to File a Second Amended Complaint should be denied and this case should be closed.

Alternatively, if the Court is inclined to grant GE leave to amend to add Remy Inc. as the sole defendant, then this matter should either be stayed, pending the outcome of the Delaware Suit and reexamination of the patent-in-suit by the USPTO, or transferred to Delaware for consolidation with the Delaware Suit, because (1) justice and judicial economy favor a stay or transfer pending these adjudications and findings; (2) a stay or transfer will prevent undue prejudice to Remy Inc. and will protect it from the undue burden of litigating identical patent suits in two different but equal forums; and (3) there is no prejudice to GE because it is not suffering any imminent, irreparable harm.  Therefore, this action should either be stayed or transferred to Delaware in the event the Court permits GE leave to amend to name Remy Inc. as a defendant.

## II.     Factual and Procedural Background

### A.     The "First Filed" Delaware Suit and Counterclaims for Patent Infringement

GE alleges that it is the assignee of United States Patent No. 4,733,159 (the "'159 Patent" or "patent-in-suit").  The '159 Patent was originally owned by Motorola. The '159 Patent generally covers a voltage regulator system for automobile alternators, including a high frequency charge pump.

On August 30, 2006, GE sued Remy International in this lawsuit for infringement of the '159 Patent.  Docket No. 1.  In response, on December 21, 2006, Remy International filed a Motion to Dismiss for Lack of Personal Jurisdiction given that Remy International is merely a holding company, which does no business in Texas and does not make, use, sell or offer for sale any of the accused products.  *See* Docket No. 24.

Also, on December 21, 2006, the Remy International subsidiaries, which make and sell the accused products – Remy Inc., Unit Parts Company, and Worldwide Automotive, LLC – filed the Delaware Suit in federal district court in Delaware. *See* Exhibit 1, the Delaware Complaint. The plaintiffs in the Delaware suit asserted declaratory judgment claims for non-infringement, invalidity, and unenforceability of the '159 Patent against GE and further asserted indemnity claims against their suppliers of the accused products: Wells Manufacturing Corp., Taditel US, Inc., and Wetherill Associates, Inc. *Id.*

In response to the Delaware Suit, on April 30, 2007, GE filed an answer and asserted counterclaims against Remy Inc., asserting that Remy Inc. infringed the '159 Patent. *See* Exhibit 2, GE's Delaware Answer and Counterclaim. GE did not dispute personal jurisdiction by the Delaware district court given that GE is a Delaware corporation.

On February 20, 2007, indemnity defendant Wetherill Associates filed its answer in the Delaware Suit. On April 30, 2007, indemnity defendant Wells Manufacturing filed an answer and counterclaims and a third-party complaint against its down stream indemnitor STMicroelectronics, Inc. *See* Exhibit 3, Wells' Answer, Counterclaim, and Third-Party Complaint. The remaining indemnity defendant Taditel is expected to file its response to the complaint within the next 45 days. The Docket Sheet for the Delaware Suit is attached as Exhibit 4.

Priority jurisdiction over this entire controversy already lies with the Delaware Suit, where jurisdiction was first acquired over the subject matter and all necessary parties (and potential indemnitors) to this action. The Delaware plaintiffs (including Remy Inc.) already asserted the patent infringement allegations in their declaratory judgment action against GE in December 2006. Further, GE's April 2007 counterclaim in the Delaware Suit alleges that Remy

Inc. infringes the '159 Patent.  Here, GE's proposed Second Amended Petition seeks leave to sue

Remy Inc. in this Court for infringement of the same patent for the same products already at

issue in Delaware.  Thus, if the Court grants GE leave to amend, the exact same patent claims

will be litigated in two different forums.

Delaware plaintiffs Unit Parts Company and Worldwide Automotive, which GE <u>does</u> <u>not</u>

seek to add to the instant suit, are necessary parties required for the full adjudication of this

matter.  They are wholly owned subsidiaries of Remy International that also sell the accused

products.  These Delaware plaintiffs are necessary parties so that all of the Remy International

subsidiaries are provided full, final, and complete relief from GE's patent infringement

allegations.

The Delaware indemnity defendants – Wetherill Associates, Taditel and Wells

Manufacturing – are necessary parties.  They supplied the accused alternators to the Delaware

plaintiffs and are obligated to defend those products against GE's infringement allegations.

Wells Manufacturing's third-party indemnity defendant – STMicroelectronics – is also a

necessary party to the action because STMicroelectronics supplied components to the accused

alternators which GE accuses of infringement. STMicroelectronics is under an obligation to

defend those components against GE's infringement claims.

Thus, currently, all necessary parties and claims are properly pending before the United

States District Court for the District of Delaware in the Delaware Suit.

### B.    GE's Consent to Dismissal of Remy International

In response to Remy International's Motion to Dismiss for Lack of Personal Jurisdiction,

GE concedes that it has no claims against Remy International:  "GE has no interest in proceeding

against the wrong party and is thus prepared to consent to the relief requested by Remy

International."  *See* Docket No. 44 at ¶2.  GE's response is devoid of facts or arguments supporting personal jurisdiction over Remy International, and rather simply requests leave to amend a second time to name the real party-in-interest Remy Inc.  *Id.*  Remy International should be dismissed immediately from this lawsuit.

### C.    Reexamination of the '159 Patent

On February 26, 2007, the Delaware plaintiffs filed a Request for Ex Parte Reexamination of the '159 Patent with the USPTO.  *See* Exhibit 5, Reexamination Request and Filing Receipt.  On April 10, 2007, the USPTO granted the request finding that the prior art cited raises a substantial new question of patentability to all 18 claims of the '159 Patent.  *See* Exhibit 6, USPTO Reexamination Order.

## III.    Argument and Authority

### A.    Remy International's Motion to Dismiss Should Be Granted

#### 1)    GE's Consent to Remy International's Motion to Dismiss

It is well settled that the plaintiff has the burden to affirmatively prove that the defendant is subject to the forum state's jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). Here, GE consents to Remy International's Motion to Dismiss expressly stating, "GE has no interest in proceeding against the wrong party and is thus prepared to consent to the relief requested by Remy International." *See* Docket No. 44 at ¶1.  GE does not provide any evidence supporting jurisdiction over Remy International.   Therefore, Remy International's Motion to Dismiss should be granted as it is unopposed and Remy International should be dismissed from this action.

**B.      GE's Motion for Leave to File Second Amended Complaint Should Be Denied**

**1)      Legal Standard for Leave to Amend**

There is no absolute right to amend. *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004).  Although Rule 15(a) prescribes a liberal standard for the amendment of pleadings, whether a motion to amend should be granted is within the discretion of the district court.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Little v. Liquid Air Corporation*, 952 F.2d 841, 845-46 (5th Cir. 1992) ("Leave to amend...is by no means automatic.").  Indeed, the rule expressly states that permission to amend is not to be given automatically but is allowed only "when justice so requires."  FED. R. CIV. P. 15(a). Accordingly, it is within the Court's discretion to determine whether justice requires that a party be granted leave to amend *based on the underlying facts and circumstances.  See Foman,* 371 U.S. at 182 (emphasis added).

In exercising its discretion, a court may balance several factors. The United States Supreme Court provided the following factors, which may be employed by district courts as a basis to deny leave under Rule 15(a):

> [U]undue delay, bad faith or *dilatory motive* on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party* by virtue of the allowance of the amendment, *futility of amendment*, etc., ….

*Foman* at 182 (emphasis added).

On this basis, numerous federal district courts have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied when the amendment would cause undue delay, undue prejudice to the opposing party…or when the amendment would be futile.  *See, e.g., Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.  *See id.*  Further, a district

court may determine that a proposed amendment is futile if it sets forth facts and legal theories that are redundant or immaterial….while the availability of an alternative forum is a factor to consider when ruling on a motion to amend a complaint. *Campania Mgmt. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

Courts may also consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *See Zenith Radio v. Hazeltine Research*, 401 U.S. 321, 329 (1971); *Summit Office Park v. United States Steel*, 639 F.2d 1278, 1286 (5th Cir. 1981); *Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69 (5th Cir. 1961); *see generally* FED. R. CIV. P. 1. The policy of the federal rules is to facilitate an efficient and expeditious resolution of disputes. *See id.*

> **2)** **GE's Proposed Amendment to Add Remy Inc. as the Sole Defendant Is Futile Because the Delaware Suit Already Possesses Priority Jurisdiction Over All Necessary Parties and All Claims Under the First-to-File Rule**

The first-to-file rule permits a federal district court to decline jurisdiction over an action when a complaint involving the same parties and issues is already pending in another federal court. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) (dismissing plaintiff's claims in one forum under the first-to-file rule because identical claims were proceeding in another court of competent jurisdiction). The principle of comity requires federal district courts to go to great lengths to avoid duplicative litigation. *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). The purpose of this rule is to avoid piecemeal resolution of issues that call for a uniform result. *Id.* at 728. As a result, courts have followed the "first-to-file rule" which mandates that, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir.

1999). Absent exceptional circumstances, when similar issues are pending in two jurisdictions simultaneously, the first court **in which jurisdiction properly attaches** has priority to consider the case. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) ("[T]he first court in which jurisdiction attaches has priority to consider the case."); *West Gulf,* 751 F.2d at 728; *Pacesetter,* 678 F.2d at 93.

When applying the first-to-file rule, the court must determine (1) whether the two pending actions are so duplicative or involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which court should take the case. *California Security Co-Op, Inc., v. Multimedia Cablevision, Inc.*, 897 F.Supp. 316, 317 (E.D. Tex. 1995) (electing to transfer the case to another court where two defendants sued plaintiff first).

In this instance, GE's proposed second amended complaint naming Remy Inc. as the sole defendant is futile because the Delaware Suit has priority jurisdiction over these exact same patent infringement claims and parties under the first-to-file rule. GE's patent claims against Remy Inc. have been pending in Delaware since December 2006 when Remy Inc. filed its declaratory judgment action against GE. Further, in April 2007, GE filed patent infringement counterclaims against Remy Inc. in the Delaware Suit. The Delaware Suit was the first action **where jurisdiction properly attached** regarding these parties and patent claims. *See West Gulf,* 751 F.2d at 728; *see also* Exhibit 1, the Delaware Complaint.

Delaware is currently the only forum with jurisdiction over all necessary parties: the patent holder – GE; all potential infringer subsidiaries of Remy International; Remy Inc.; Unit Parts Company; and World Wide Automotive; and all indemnitors and suppliers of the accused devices – Wells Manufacturing, Wetherill, Taditel, and STMicroelectronics. GE's request for

leave to now name Remy Inc. as a defendant in this forum is misplaced and illogical. The amendment, if allowed, would create the exact problem that the first-to-file rule is meant to avoid – a second complaint involving the same parties and issues that are already pending in another federal court. *See Kerotest Mfg. Co.,* 342 U.S. at 183-84. The requested amendment is futile and should be denied.

Further, GE's generalized argument for leave to amend – *i.e.,* that leave should be freely given, so it should be given here – fails under examination and misrepresents the facts in this case and the applicable legal standard. First, as cited above, numerous federal court decisions establish that "[l]eave to amend ... is by no means automatic," and the rule expressly states that permission to amend is allowed only "when justice so requires." *See Little,* 952 F.2d at 845-46; *see also* FED. R. CIV. P. 15(a). Second, GE's motion fails to acknowledge its own identical patent counterclaims currently pending against Remy Inc. in the Delaware Suit and fails to address the doctrine of federal comity, which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and same issues has already been filed in another district. *See Pacesetter,* 678 F.2d 93 at 97; *see also* Exhibit 2, GE's Delaware Answer and Counterclaim.

GE does not argue that justice requires that it be granted leave to amend in this case. To the contrary, justice requires that it **not** be granted leave to amend because GE already has a proper forum for its litigation in the Delaware Suit. GE's generalized argument for leave to amend fails and granting leave to amend would be futile in the face of the Delaware Suit.

### 3)   Justice and Judicial Economy Favor a Denial of GE's Motion

The interests of justice and judicial economy favor a denial of GE's motion for leave under the true facts and circumstances presented. Further, GE does not argue – nor will it be

able to argue – that it will be prejudiced or disadvantaged by proceeding in the Delaware Suit. Currently, the Delaware Suit is the only action and court with personal jurisdiction over all the necessary parties.  It is also the first forum to acquire both subject matter and personal jurisdiction over these patent claims involving GE and Remy Inc. There is no logical basis for dual patent litigation in both the Delaware Suit and this Court, and GE cites no authority for such an inefficient proposal.  As such, a denial of GE's request for leave to amend is necessary because all interested parties are already arguing identical patent claims, issues, and defenses in the Delaware Suit – a court with proper jurisdiction.  Through the denial of GE's motion for leave allowing this case to properly proceed in Delaware, GE will still be afforded an opportunity to test its claims on the merits, but this Court will have helped avoid duplication of effort, the possibility of inconsistent rulings, and waste of judicial resources. Thus, there is no prejudice to GE and the Delaware Suit has proven thus far to be the most efficient and the first forum acquiring jurisdiction over all of the players in this patent suit.

### 4) Remy Inc. Will Be Prejudiced if Leave to File a Second Amended Complaint is Granted

Although there is no prejudice to GE if its motion for leave is denied and the Delaware Suit continues as the primary forum for this litigation, Remy Inc. will be severely prejudiced if leave to amend is granted and it is forced to dispute these identical patent claims in two completely different forums.  Remy Inc. has gone to great expense finding a forum with subject matter and personal jurisdiction over all necessary parties for the just adjudication of these patent claims.  Remy Inc., GE, and the suppliers of the accused products are all subject to jurisdiction in the Delaware Suit.  Granting GE leave to amend creates the paradox of dual patent litigation simultaneously proceeding in two forums, while this Court may not have personal jurisdiction over some of the necessary parties (the supplier indemnitors).  There is no compelling basis to

grant GE leave to amend when Remy Inc. will certainly be prejudiced through increased legal fees, duplicative discovery, and additional motions and pleadings in multiple forums. Thus, a denial of GE's request for leave to file a second amended petition is proper, just, and will prevent multiple thousands of dollars in undue expense and hardship to Remy Inc.

### C. Alternatively, Should the Court Permit GE to Amend, This Matter Should Either Be Stayed Pending Resolution of the Delaware Suit and Reexamination of the '159 Patent or Transferred to Delaware

Although a denial of GE's Motion for Leave to File Second Amended Complaint is warranted and necessary under the facts and legal authority cited above, should the Court permit GE to amend, this suit should be either stayed or transferred to Delaware.

### 1) Applicable Legal Standard for Stays

The United States Supreme Court has long-held that federal courts have "inherent" authority to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigation."). District courts are given broad discretion when entering stays but must weigh "the competing interests which will be affected by the granting or refusal to grant a stay…." *See Landis*, 299 U.S. 248, 254-255. These competing interests are:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law, which could be expected to result from a stay.

*Id.*

The Supreme Court has held that a defendant in a patent infringement suit may rely on the affirmative defense of collateral estoppel to prevent the plaintiff from asserting the validity of a patent which has been found invalid by another federal court. *Blonder-Tongue Laboratories,*

*Inc. v. Univ. of Ill. Foundation et al*, 402 U.S. 313, 333 (1971). Following *Blonder-Tongue*, a number of district courts have dismissed patent suits citing collateral estoppel after a plaintiff's patent was found to be invalid in a prior suit. *See Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705 (Fed. Cir. 1983) (appellant was estopped from re-litigating the validity of his patent after a prior court found his patent was invalid for obviousness). Upholding the power of collateral estoppel, the *Stevenson* court cited a prior Fifth Circuit opinion in *Blumcraft* which noted:

> *Blonder-Tongue* did not throw merely a jab at the multiplicity of patent litigation; rather, it intended a knockout blow through the doctrine of collateral estoppel so that any time a patent was found invalid in a fair fight with a knowledgeable referee, the courts could count ten and the patent holder could no longer maintain that he was champion.

*Id.* at 710 (citing *Blumcraft of Pittsburgh v. Kawneer, Co.*, 482 F.2d 542, 548-49 (5th Cir. 1973)). Based on the prospect of collateral estoppel, a stay would also be logical in these circumstances where identical patents, claims, and defenses will be first heard by the Delaware federal court.

The inherent power to stay proceedings also applies in circumstances where the PTO reexamines a patent at issue in the litigation. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (finding the PTO's reexamination must proceed with "special dispatch"). In deciding whether to stay litigation pending reexamination, this Court typically considers the following factors:

(1)    whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party;

(2)    whether a stay will simplify the issues in question and trial of the case; and

(3)    whether discovery is complete and whether a trial date is set.

*EchoStar Technologies Corp. v. Tivo, Inc.,* 2006 WL 2501494 at *4, 2006 US Dist. LEXIS 48431, at *4 (E.D. Tex. 2006) (granting stay of litigation pending patent reexamination); *see also Soverain Software LLC v. Amazon.com*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005).

Reexamination permits efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation. *See, e.g., id.* Federal courts recognize the advantage of the reexamination process because it allows the validity of a patent to be tested in the patent office where expert opinions exist at a much reduced cost. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988). As such, a reexamination proceeding is beneficial to a court because one purpose of the reexamination is to eliminate trial on that issue or to facilitate trial on patent claims that survive the procedure. *See id.*

### 2) Justice and Judicial Economy Favor a Stay Pending Adjudication of the Delaware Suit and the Reexamination or a Transfer to Delaware

If leave to amend is granted, justice and judicial economy favor a stay or transfer to Delaware and outweigh any short resulting delay to these proceedings. The patent claims in this action are identical to those in the Delaware Suit. Further, the patent-in-suit is currently under reexamination by the USPTO. *See Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Foundation et al.*, 402 U.S. 313, 333 (1971); *see also EchoStar Technologies Corp. v. Tivo*, Inc., 2006 WL 2501494 at *3 (E.D. Tex. 2006) (if the PTO finds that some or all of the claims are invalid and the stay is not granted, "the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims.").

Further, there is no need to subject the parties to the expense of duplicative discovery and no compelling reason to burden the Court on matters that will likely be mute after resolution of the Delaware Suit or the reexamination. A stay or transfer to Delaware will (1) clearly prevent undue burden and expense to the parties; (2) preserve the Court's limited time and resources; and (3) help avoid unnecessary duplication of effort and inconsistent rulings between the two identical GE patent suits. Thus, a stay of all proceedings is appropriate and is favored by the interests of justice and judicial economy. *See Alza Corp. v. Wyeth*, 2006 WL 35000015, at *5

(E.D. Tex. 2006) (finding the stay pending reexamination maximized the likelihood that assets need not be expended to address invalid claims).

## IV.    CONCLUSION

Remy International requests that the Court enter:

1.    An order granting Remy International's Motion to Dismiss;

2.    An order denying GE's Motion for Leave to File Second Amended Complaint;

3.    Alternatively, should leave to amend be granted, an order either staying all proceedings pending final adjudication of the Delaware Suit and reexamination of the '159 Patent by the USPTO or transferring this action to the Delaware district court; and

4.    Such other relief or protection as the Court finds appropriate.

Dated:  May 15, 2007

Respectfully submitted,

**GREENBERG TRAURIG, LLP**


By:    /s/ Christopher M. Joe
Christopher M. Joe, Esq.
Attorney in Charge
Texas State Bar No. 00787770
E-mail:  joec@gtlaw.com
W. Ashton Randall
Texas State Bar No. 24029786
E-mail:  randalla@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Phone: (214) 665-3604
Fax:    (214) 665-5904

*ATTORNEYS FOR DEFENDANT
REMY INTERNATIONAL, INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 15, 2007.  Any other counsel of record will be served by facsimile transmission and first class mail.


/s/ Christopher M. Joe
Christopher M. Joe

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CIF LICENSING, LLC, d/b/a GE LICENSING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-345-DF |
| DENSO CORPORATION, REMY INTERNATIONAL, INC., and VALEO, INC., | § § § § | |
| Defendants. | § § | |

**O R D E R**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint.

Dkt. No. 44. Also before the Court is Defendant's response, Plaintiff's reply, and Defendant's

sur-reply. Dkt. No. 47, 51 & 53. The Court held a hearing on May 21, 2007, at which the Court

requested supplemental briefing. The parties have each filed a supplemental brief. Dkt. Nos. 56

& 57. Having considered the briefing and all relevant papers and pleadings, the Court finds that

Plaintiff's Motion for Leave to File Second Amended Complaint should be **GRANTED**. The

Court further finds that the present action should be **STAYED**.

**I. BACKGROUND**

Plaintiff filed suit on August 30, 2006 alleging infringement of United States Patent No.

4,733,159 (the "'159 Patent"). Complaint, Dkt. No. 1. Plaintiff named Denso Corporation and

Valeo, Inc. as defendants, with whom Plaintiff has settled. Dkt. Nos. 19 & 42. Plaintiff filed its

First Amended Complaint on October 20, 2006, which added Valeo Sistemas Electricos S.A. de

C.V. as a defendant, with whom Plaintiff has also settled. Dkt. No. 12 & 42. Plaintiff's

Complaint and First Amended Complaint both name "Remy" as a defendant, and Plaintiff served

defendant Remy International, Inc. ("Defendant"). *See* Dkt. Nos. 1, 5 & 12. Defendant is the

only remaining defendant in the present suit.

  Remy Inc., a subsidiary of Defendant, together with other subsidiaries, filed a declaratory

judgment action in the District of Delaware on December 21, 2006 (the "Delaware Action"). D.

Del., Civil Action No. 1:06-CV-785, Dkt. No. 1.

  Defendant has filed a Motion to Dismiss for Want of Personal Jurisdiction. Dkt. No. 24.

By its response filed on April 30, 2007, Plaintiff seeks leave to file a Second Amended

Complaint. Dkt. No. 44. Plaintiff is "prepared to consent to the relief requested by [Defendant]

. . . conditioned on the Court granting [Plaintiff] leave to name the correct Remy entity as a

defendant in this case." *Id.* at 1.

## II.  THE PARTIES' POSITIONS

  Plaintiff concedes that Remy International is the "wrong party" and seeks leave to file a

Second Amended Complaint that names Remy, Inc., the "correct Remy entity," as a defendant.

Dkt. No. 44 at 1. Remy Inc. is a wholly owned subsidiary of Remy International. *Id.* at 2; *see*

*also id.* at Ex. C; Dkt. Nos. 24 at 1 & 47 at 1-2.

  Defendant argues that Plaintiff's amendment would be futile because the District of

Delaware is the "first-filed" court as to Remy Inc. Dkt. No. 47 at 8-10. Defendant thus submits

that a stay or a transfer to the District of Delaware would be appropriate if the Court grants leave

for Plaintiff to amend. *Id.* at 3. Defendant argues that granting Plaintiff's motion for leave to

amend would prejudice Defendant by subjecting it to "dual patent litigation simultaneously

proceeding in two forums, while this Court may not have personal jurisdiction over some of the necessary parties (the supplier indemnitors)." *Id.* at 11.  In the alternative, Defendant seeks a stay of the present action pending reexamination of the '159 Patent in the United States Patent and Trademark Office.  *Id.* at 12-15.

Plaintiff replies that the present action should be deemed "first-filed" upon amendment because Rule 15(c) provides for relation back.  Dkt. No. 51 at 2 (citing *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986), *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189 (S.D.N.Y. 2000), *Nutri-Health Supplements, LLC v. Block Drug Co.*, 2007 WL 38159 (D. Ariz. 2007) & *Optima, Inc. v. Republic Indus., Inc.*, 1995 WL 72430 (E.D. La. 1995)).  Plaintiff also argues that a stay pending reexamination of the '159 Patent is inappropriate.  *Id.* at 4 (citing *Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005)).

In sur-reply, Defendant argues that Plaintiff fails to satisfy any of the *Foman* factors.  Dkt. No. 53 at 2-3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Alternatively, Defendant argues that if the Court grants leave to amend, then justice and judicial economy favor a stay.  *Id.* at 3.  Defendant also argues that "the relation back doctrine does not establish this as the first filed case . . . ." *Id.* at 5.

In supplemental briefing, Plaintiff argues that its assertion of counterclaims in the Delaware Action is irrelevant because Plaintiff was "*required* [Plaintiff] to include all compulsory counterclaims pursuant to Rule 13(a)."  Dkt. No. 56 at 3.  Plaintiff argues that "at the time [Plaintiff] answered [in the Delaware Action], a motion based on the first-filed rule in Delaware would have been premature because [Plaintiff] could not *at that time* represent that the correct parties were defendants in Texas."  *Id.* at 4.  Plaintiff submits *Ballard Medical Products*

*v. Concord Labs, Inc.* as authority that counterclaims in the Delaware Action should not affect this Court's analysis of Plaintiff's motion. *Id.* at 3 (discussing 700 F. Supp. 796 (D. Del. 1988)).

In its supplemental brief, Defendant submits that neither party "[has] been able to find any case discussing this exact set of procedural circumstances." Dkt. No. 57 at 3. Defendant argues that Plaintiff fails to show prejudice. Dkt. No. 57 at 4-5. Defendant also argues that "Delaware is currently the only forum in which this action is effectively proceeding . . . ." *Id.* at 4. Defendant submits *Orthmann v. Apple River Campground, Inc.*, which Defendant characterizes as containing applicable principles of federal comity. 765 F.2d 119 (8th Cir. 1985). In the alternative, Defendant argues that "[i]f leave to amend is granted, a stay and or transfer will continue to be appropriate because GE's first-to-file argument will be swallowed by the interests of justice and judicial economy." *Id.* at 8. Defendant argues that *Ballard* is inapplicable because that court did not address a motion to amend. *Id.* at 10.

### III. DISCUSSION

Under Federal Rule of Civil Procedure ("Rule") 15(a), "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); s*ee also Foman*, 371 U.S. at 182.

The Court's present Scheduling Order sets an April 7, 2008 deadline for amendment of pleadings without leave of Court. Dkt. No. 58 at 2. The Court is nonetheless mindful of the interest of comity between federal district courts. For this reason, the parties submitted supplemental briefing. The Court finds that the assertion of counterclaims in the Delaware Action does not affect this Court's analysis of Plaintiff's motion for leave to amend its complaint. Plaintiff's motion for leave to amend should be **GRANTED**.

The Court further **STAYS** the present action pending further action by the Delaware

-4-

court.  The Court need not resolve the "first filed" issue in order to grant Plaintiff's motion for leave to amend.  The Court expressly leaves the "first filed" issue for the Delaware court to resolve if properly presented.

Also, the Court is not inclined to grant an unconditional stay pending reexamination of the '159 Patent.  *See Soverain Software*, 356 F. Supp. 2d 660, 663 (finding that "staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate"); *see also Antor Media Corp. v. Motorola, Inc.*, Civil Action No. 5:06-CV-240, Dkt. No. 53, entered Feb. 23, 2007 (denying unconditional stay and discussing conditional stay in *Antor Media Corp. v. Nokia, Inc.*, Civil Action No. 2:05-cv-186, Dkt. No. 410).

## IV.  CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 44) is hereby **GRANTED**.  Plaintiff shall have leave to re-file its proposed Second Amended Complaint on the Court's electronic docket.  It is further

**ORDERED** that the present case is **STAYED** pending further action by the Delaware court.

**SIGNED this 2nd day of July, 2007.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

-5-