IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REMY, INC. | : | |
|     Plaintiff | : | |
| v. | | Civil Action No. 06-785 GMS |
| | : | |
| CIF LICENSING, LLC, et al. | : | |
|     Defendants | : | |
| | : | |

**ORDER**

At Wilmington this 8th day of February 2008, the above captioned case having recently been reassigned;

IT IS ORDERED that the case shall be managed pretrial as follows:

    1.    All scheduling orders previously entered, which set forth pretrial deadlines and/or a trial date, are hereby rescinded.

    2.    If there is a pending motion to dismiss, the court will endeavor to address such pending motion as soon as practicable. However, if the motion to dismiss is not case dispositive or if other nondispositive pretrial motions are pending, the court will schedule a Rule 16 conference in order to establish discovery deadlines and a trial date.

    3.    If there are no pending motions, the court will schedule a Rule 16 conference in order to establish discovery deadlines and a trial date.

    4.    If there is a pending motion for summary judgment, the moving party will be required to file with the court, within two (2) weeks from the date of this Order, a short and concise statement (with no further attachments, such as appendices), in numbered paragraphs of: (a) the material facts as to which the moving party contends there is no genuine issue to be tried; and (b)

the legal issues upon which judgment is sought. The non-moving party will be required to respond, in kind, within two (2) weeks of the moving party's statement, with the content of the numbered paragraphs of the responsive statement corresponding to the content of the numbered paragraphs of the movant's statement. Based on this exchange of information, and perhaps with the benefit of a further status conference, the court will either entertain said motion or will deny said motion summarily and schedule trial instead. **The above-outlined procedure will not replace the court's standard procedure in patent cases**.

     5.    On a case-by-case basis, the court will refer appropriate cases and matters (including for mediation) to the magistrate judges.

     6.    The court will issue case-specific orders, consistent with the above, in due course.

     7.    This Order applies only to those cases reassigned from the vacant judgeship.

/s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE