## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

REMY INC., UNIT PARTS COMPANY,   :
and WORLDWIDE AUTOMOTIVE, LLC,   :
                              :
           Plaintiffs,      :
                              :
    v.                         :   C. A. No. 06-785-GMS/MPT
                              :
CIF LICENSING, LLC D/B/A GE     :
LICENSING, et al.,           :
                              :
           Defendants.     :

### MEMORANDUM ORDER

## I. Introduction

On August 30, 2006, CIF Licensing, LLC, d/b/a GE Licensing ("GE") brought a patent infringement action, relating to the '159 patent, in the Eastern District of Texas against Remy International, Inc. and two other defendants who have since settled.[1] Remy, Inc., Unit Parts Company, and Worldwide Automotive, LLC (collectively "Remy") were the intended parties in the Texas suit, not Remy International, Inc. Remy subsequently filed a declaratory judgment action in this Delaware court. The Texas court stayed the action pending this court's decision on the first-filed issue.[2] GE subsequently moved to dismiss, or in the alternative to stay the Delaware case.

## II. Related Litigation and Procedural History

GE brought a patent infringement action in the Eastern District of Texas based on the '159 patent against Denso Corporation, Remy International, Inc., and Valeo, Inc.[3]

---

[1] D.I. 54, Ex. A.

[2] D.I. 54, Ex. B.

[3] *Id.*

GE has since settled with Denso Corporation and Valeo, Inc.[4]  On December 21, 2006,
Remy International filed a motion to dismiss for lack of personal jurisdiction, claiming
that it was not the correct defendant because it did not make or sell the alleged
products.[5]  Remy International, in support of its motion to dismiss, asserted that it was
merely a corporate shell that held stock in various subsidiaries, and therefore not the
proper defendant.[6]  On December 21, 2006, the Remy subsidiaries filed this action in
Delaware, which seeks a declaration of non-infringement, invalidity and unenforceability
of the '159 patent.

GE subsequently requested leave to amend its original complaint in Texas to join
the proper defendants, the Remy subsidiaries.  The Texas court granted GE's motion for
leave to amend on July 3, 2007.[7]  The Texas court, also, stayed the case pending
further action of this court.  The Texas court expressly asked for this court to resolve the
"first-filed" issue.  On July 7, 2007, GE filed an amended complaint in Texas, which
named three Remy subsidiaries as defendants:  C.V. Remy, Inc., Unit Parts Company
and World Wide Automotive, LLC.[8]

On May 30, 2007, GE filed patent infringement counterclaims against plaintiffs in
the Delaware action.[9]  The Delaware action also names potential suppliers and
indemnitors as defendants or third party defendants:  these include Taditel, Wells
Manufacturing, Wetherill and STMicroelctronics.  GE filed the present motion to

---

[4] *Id.*
[5] D.I. 47.
[6] *Id.*
[7] D.I. 54, Ex. B
[8] D.I. 47, Ex. D.
[9] D.I. 51

2

determine which matter is the first-filed action, the Delaware case or the Texas case.[10]

## III. Positions of the Parties

GE argues that the first-filed rule requires dismissal or stay of this case in Delaware.[11] According to GE, the first-filed action was the patent infringement claim filed in the Eastern District of Texas on August 30, 2006.[12] GE asserts that, although the Remy subsidiaries did not become parties to the case until the declaratory suit was filed on December 21, 2006, the Texas case is still the first-filed case with respect to the parties because the amended complaint in Texas relates back to the original complaint under Fed. R. Civ. P. 15(c).[13] GE further contends that the Remy subsidiaries knew at all relevant times that GE had sued the wrong Remy entity. GE alleges that Remy had actual knowledge of the suit as evidenced by participation of Remy counsel, who is also counsel for Remy International, in four months of settlement negotiations after GE filed the original complaint in Texas.[14] GE, in turn, asserts that it is entitled to the full benefit of the relation back doctrine as set forth under Fed. R. Civ. P. 15(c).

GE maintains that it initially filed suit against the wrong Remy entity based on a logical, although incorrect, understanding of Remy International's operation.[15] GE also

---

[10] Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 73, the parties consented to the jurisdiction of United States Magistrate Judge Mary Pat Thynge to decide the present motion.

[11] *Genentech v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

[12] D.I. 47.

[13] In which G.E. notes that the four factors of relation back are satisfied in the present case citing *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

[14] D.I. 54 (noting that Remy International and Remy subsidiaries share the same counsel).

[15] D.I. 51, Ex. C (G.E. points to that exhibit, which is part of Remy International's website and specifically states that Remy International "*manufactures, re-manufactures and distributes*" the parts in issue.) (emphasis added).

contends that the first-filed action is not necessarily the same action in which the court has jurisdiction over all of the parties.[16]

GE posits that a plaintiff's choice of forum is a "paramount" consideration in determining where a case and controversy should be adjudicated.[17] Thus, GE reasons that the first-filed rule applies because Remy failed to present sufficient evidence to overcome the weight given to a plaintiff's forum choice, and, thereby, failed to establish a rationale to adjudicate this matter in Delaware. GE submits that the resolution of the present matter is not dependent on the presence of the indemnity defendants because the determination of any indemnity obligation is premature until liability becomes "fixed and certain" on the underlying dispute.[18]

Ultimately, GE contends that on the basis of the "relation back" doctrine, the Texas action was first-filed and, therefore, GE should not be deprived of its choice of forum in Texas.

Remy first contends that GE's failure to name the proper party in the Texas suit was the result of GE's failure to conduct a Rule 11 investigation prior to filing the original complaint in Texas.[19] Remy next argues that the first-filed argument was already heard in the Eastern District of Texas, and that the Texas court refused to decide that it had

---

[16] G.E. argues that such a notion is contrary to the Fed. R. Civ. P. 15(c) relation back doctrine relying on *Orthman v. Apple River Campgrounds, Inc.*, 765 F.2d 119 (8th Cir. 1985).

[17] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970).

[18] *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. Super. 2004).

[19] D.I. 51 (noting that Remy International's website clearly indicates that Remy International is the wrong defendant for the alleged patent infringement).

4

priority jurisdiction over this dispute based on the first-filed rule.[20]

Remy asserts, in contradiction to the arguments of GE, that the Delaware action is the first-filed suit. In support of its argument, Remy points out that: the Remy subsidiaries were not named in the Texas case until seven months after they were named in the Delaware case; GE filed its counterclaims in Delaware against the subsidiaries two months before filing the amended complaint in the Texas case; and the Delaware matter names all potential suppliers and indemnitors as defendants or third party defendants.

Remy also contends that GE's first-filed argument is irrelevant when analyzed under the Third Circuit's totality of the circumstances approach.[21] It asserts that if GE's motion to dismiss were granted, two concurrent lawsuits would result, violating the interests of justice and judicial economy.[22] Remy claims that when the second filed case develops more rapidly than the first, the court should not follow the first-filed rule.[23] Remy further posits that GE will not be prejudiced by proceeding in Delaware as GE is incorporated in that state, and all other parties are present and have not contested jurisdiction here.

---

[20] Remy notes although the Texas court could have decided jurisdiction on the first-filed argument, it specifically declined to do so.

[21] *Tuff Torq Corp. v. Hydro-Gear Ltd. P'ship.*, 882 F. Supp. 359, 364 (D. Del. 1994) (noting that the totality of the circumstances approach to this issue should control, and GE's single prong first-filed argument should not).

[22] According to Remy, the additional factors which favor jurisdiction in Delaware, include that Texas has entered a stay in this matter; Delaware has personal and subject matter jurisdiction over multiple parties and their claims; and the matter is proceeding faster in Delaware in terms of discovery.

[23] *Orthmann*, 765 F.2d 119 (noting that this court has previously relied on that decision).

CRITICAL

Remy asserts that, in the interest of judicial economy, the indemnity claims should be brought contemporaneously with the patent infringement claims.[24]  Remy's next argument is that GE's efforts to litigate the patent infringement issue in Texas amount to forum shopping and therefore, GE's forum preference should be afforded less weight than that of a plaintiff who did not engage in forum shopping.[25]  Lastly, Remy posits that GE provides no basis to dismiss or stay the Delaware action, and relies solely on the first-filed rule.[26]  Remy asks the court to deny GE's motion because judicial economy favors jurisdiction in Delaware; the Delaware suit is further along in the litigation process; and Delaware has jurisdiction over all relevant parties.

## IV. Analysis

GE contends that this Delaware action should be dismissed or, in the alternative, stayed pending the resolution of the Texas case.  The court finds that the present matter should be dismissed in accordance with the first-filed rule.[27]  Where two lawsuits involving the same claims are filed in different jurisdictions, the first-filed action is given preference.[28]

---

[24] *Ingersoll-Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 209-210 (Tex. 1999) (holding that an indemnitee may bring a claim against an indemnitor prior to judgement against the indemnitee for the purpose of preserving judicial economy).

[25] *Fontana v. E.A.R., a Div. Of Cabot Corp., Inc.,* 849 F. Supp. 212, 215 (S.D.N.Y. 1994).

[26] *Areotel, Ltd. v. Sprint Corp.,* 100 F.Supp. 2d 189 (S.D.N.Y. 2000); *Nutri-Health Supplements, LLC v. Block Drug Co., Inc.,* C.A. No. 06-1673, 2007 WL 38159 (D. Ariz. Jan. 5, 2007); *Optima, Inc. v. Republic Indus., Inc.* C.A. No. 94-3919, 1995 WL 72430 (E.D. La. Feb. 21, 1995).

[27] *E.E.O.C. v. University of Pa.,* 850 F.2d 969, 970 (3rd Cir. 1988) ("In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."), *aff'd on other grounds,* 493 U.S. 182 (1990).

[28] *Corixa Corp. v. IDEC Pharm Corp.,* C.A. No 01-615-GMS, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002) (citing *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir.

The first-filed rule reduces multiple conflicting decisions which may require separate appeals, and ensures that litigants receive a single determination of their controversy.[29] As applied to the present situation, GE filed its original complaint in the Eastern District of Texas before Remy filed its declaratory judgment action in this Delaware court.

The relation back doctrine, as set forth under Fed. R. Civ. P. 15(c), provides GE with the appropriate procedural device to amend the original complaint to add the correct defendants, the Remy subsidiaries, to the case.[30] It is undisputed that Remy had actual knowledge of the suit from the time of the initial filing in Texas as evidenced by its participation in settlement negotiations through the common counsel that it shares with Remy International. Because GE's Texas complaint was filed before Remy's Delaware action and the relation back doctrine allowed GE to properly add the proper Remy subsidiaries to the suit, the Texas case is the first-filed.

A plaintiff's choice of forum is given great weight in the Third Circuit,[31] which

---

1993)).

[29] See Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3rd Cir. 1941); Advanta Corp. V. Visa U.S.A., Inc., C.A. No. 96-7940, 1997 WL 88906 at *2 (E.D. Pa. Feb. 19, 1997). See also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 7 F.3d. 721, 728 (5th Cir. 1985) (acknowledging that comity requires federal courts to make an effort to avoid interfering with other court's affairs).

[30] Schiavone, 477 U.S. at 29 (The four factors set forth by the Supreme Court are satisfied in the present case: (1) the basic claim arose out of the same conduct in relation to patent '159 as set forth in the original Texas complaint; (2) the Remy subsidiaries had actual knowledge of the suit as the Remy subsidiaries and Remy International share a common legal counsel who participated in settlement negotiations prior to the filing of the motion to dismiss by Remy International; (3) the Remy subsidiaries had reason to know that, but for a mistake by GE, they were the proper defendants; and (4) factors (2) and (3) were met within the statute of limitations period.

[31] Shutte, 431 F.2d at 25 ("It is black letter law that a plaintiff's proper choice of forum is a paramount consideration . . . and that choice should not be lightly disturbed.").

applies the first-filed rule in most instances. Remy, however, asks this court to apply a

totality of the circumstances approach to the present case that courts in this jurisdiction

have followed, on occasion, in departing from the first-filed rule.[32]  In support of its

position, Remy argues that the interests of justice and judicial economy favor a

departure from the first-filed rule because Delaware is the first jurisdiction to have

subject matter and personal jurisdiction over all the parties, including potential

indemnitors, and the litigation has proceeded more rapidly in Delaware than in Texas.[33]

Departures from the first-filed rule are not uncommon and are "made when justice

or expediency requires."[34]  Whether to depart from the first-filed rule is within the court's

discretion, however, there must be "sound reason that would make it unjust or inefficient

to continue with the first-filed action."[35]

This court is unpersuaded by the arguments to depart from the first-filed rule in

the present matter.  The litigation in this court has not advanced to any substantive

stage.  The Texas case is currently stayed pending a decision on the first-filed issue.

Therefore, depending on the outcome of the matter currently before this court, the Texas

case could resume immediately.  Furthermore, the fact that the indemnity claims are

included in the Delaware lawsuit is irrelevant to the issue of departure from the first-filed

rule, because an indemnity claim accrues when the indemnitee "can be confident that

---

[32] *Tuff Torq. Corp.*, 883 F. Supp. at 364 (noting that interest of justice may allow a
court to diverge from the first filed rule).

[33] *See Orthmann*, 765 F.2d at 121 (recognizing a district court's discretion in
declining to follow the first-filed rule if the litigation is further along in another jurisdiction).

[34] *Genentech*, 998 F.2d at 937.

[35] *Id.* at 938.  *See E.E.O.C.*, 850 F.2d at 971 ("District courts have always had
discretion to retain jurisdiction given appropriate circumstances justifying departure from
the first-filed rule.") (citations omitted).

any claim against him . . . has been resolved with certainty."[36]  Therefore, given the weight that this circuit places on the forum choice of plaintiffs, this court finds no reason to depart from the first-filed rule.

## V. Conclusion

For the reasons stated above:

IT IS ORDERED and ADJUDGED that GE's motion to dismiss or stay (D.I. 47) is granted in part and denied in part.

1. GE's motion to dismiss is **GRANTED**.

2. GE's motion to stay is **DENIED** as moot.

Date: June 9, 2008

United States Magistrate Judge

---

[36] *Scharf*, 864 A.2d at 919.